control of her own personal finances and identity, and in furtherance of entrapping, kidnapping, hostage taking, and falsely imprisoning her by and through financial instability, intentional medical harm or lack thereof medical care, control, manipulation, and invasion of privacy and lack of safety by and through the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services.

450.   Plaintiff currently remains in this trafficking situation and is being forced to work under non-consensual and socially engineered hostile environments being made possible by the FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS.

451.   Defendants' unlawful conduct alleged herein violates 18 U.S.C. §§ 1581, *et seq.*, including but not limited to, the following provisions: (1) Holding PLAINTIFF to a condition of peonage and violently so, by aggravated kidnapping, aggravated sexual abuse, and by attempting to severely injure and/or kill PLAINTIFF, in violation of 18 U.S.C. § 1581; (2) By kidnapping PLAINTIFF with the intent to sell her into involuntary servitude and be held as a slave on the Internet and violently so, by aggravated kidnapping, aggravated sexual abuse, and by attempting to severely injure and/or kill PLAINTIFF, in violation of 18 U.S.C. § 1583; (3) By knowingly and willfully selling PLAINTIFF into involuntary servitude, not only on the Internet but unprecedentedly, in the privacy of her private residence and daily private life and violently so, by aggravated kidnapping, aggravated sexual abuse, and by attempting to severely injure and/or kill PLAINTIFF, in violation of 18 U.S.C. § 1584; (4) By knowingly providing and obtaining PLAINTIFF for labor and/or services by means of force and physical restraint; by means of serious harm to her; by means of severe abuse to her; and by means of an immoral, unlawful, and systemic profiteering scheme in which was unprecedentedly meant to be kept secret, censored, suppressed, concealed, and hidden from PLAINTIFF so she would be continuously subjected to suffer serious physical, emotional and psychological harm and violently so, by aggravated kidnapping, aggravated sexual abuse, and by attempting to severely injure

and/or kill PLAINTIFF; and further, by knowingly benefiting financially and/or receiving anything of value from participation in the venture in which has engaged in the providing or obtaining of labor or services of PLAINTIFF, knowingly and in reckless disregard of the fact that the venture has engaged in the providing and/or obtaining of labor or services by any such means, in violation of 18 U.S.C. § 1589; (5) By knowingly recruiting, harboring, transporting via the Internet and state-sponsored technology assets, providing, and obtaining PLAINTIFF for labor and/or services and violently so, by aggravated kidnapping, aggravated sexual abuse, and by attempting to severely injure and/or kill PLAINTIFF, in violation of 18 U.S.C. § 1590; and (6) By knowingly affecting interstate and foreign commerce with recruitments, patrons, and the harboring of John Does and in transporting, providing, obtaining, advertising, maintaining, soliciting PLAINTIFF, while she was underage and during the age ranges of 8 years old to 18 years old, and by force, fraud, and coercion by and through the Internet and FRAUDULENT WEBSITE and in order to cause PLAINTIFF to engage in commercial sex acts in the form of child pornography and violently so, by aggravated kidnapping, aggravated sexual abuse, and by attempting to severely injure and/or kill PLAINTIFF; and further, by knowingly benefiting financially and/or receiving anything of value from participation in the venture which has engaged in the act described above, in violation of 18 U.S.C. § 1591.

452.   Co-conspiring Defendants are further aiding and abetting each other in order to obstruct and prevent the enforcement of any of the above referenced violations being violently imposed over PLAINTIFF due to Defendants' collective efforts in their sophisticated terrorist organization and network being enhanced by corporate intimidation, suppression, and oppression and by and through calculated censorship targeted directly at PLAINTIFF, wherefore, she is the only individual in the world who is unable to access said state-sponsored domain, or FRAUDULENT WEBSITE and its FRAUDULENT DROPBOX DOWNLOADS on the Internet, and/or on DEFENDANT APPLE's APP STORE or DEFENDANT GOOGLE's PLAY STORE, and/or    DEFENDANTS DIRECTV and AT&T's adult entertainment streaming platforms and channels. Defendants

are able to implement this type of individually targeted censorship from the pre-programmed computer coding of the FRAUDULENT WEBSITE and GPS enhanced state-sponsored software, and further including the FRAUDULENT CELL PHONE APPLICATIONS and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, in which are both directly connected with the above-mentioned fraudulent, unlawful, and illegal medical experiment and the surgically inserted state-sponsored hardware being stored inside PLAINTIFF's body.

453. PLAINTIFF is informed, believes, and thereon alleges, that Co-conspiring Defendants' are collectively, knowingly, and unprecedentedly destroying, concealing, confiscating, and possessing government identification documents and other virtually obtained Personal Identifying Information of PLAINTIFF, including, but not limited to first and last name and current address location, in order to prevent and/or restrict her freedom of movement, travel, and/or have her own independence, and in order to maintain the labor and/or services of PLAINTIFF while she is being subjected to the forced victimization of a severe form of trafficking in persons on the Internet, and including in real time and in reality.

454. PLAINTIFF is informed, believes, and thereon alleges, that co-conspiring Defendants are benefiting financially and/or by receiving anything of value from participating in this venture, including but not limited to the FRAUDULENT DROPBOX DOWNLOADS, in all abovementioned violations of 18 U.S.C. §§ 1581, *et seq.* knowingly, deliberately, voluntarily, and in reckless disregard of the fact that the venture has engaged in such violations against PLAINTIFF.

455. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

456. As a further proximate result, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and

sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. Additionally, due to the unprecedented medical experiment and forced medical operation that occurred in and around December 1996, and the subsequent hacking, distribution, trafficking, and selling of the FRAUDULENT WEBSITE that occurred in and around January 2012, PLAINTIFF cannot get the surgically inserted state-sponsored hardware device acknowledged and/or removed by medical professionals.  As a further proximate result, PLAINTIFF will continue to incur, medical and related expenses.

457.  As a further and final proximate result, PLAINTIFF has been damaged in that she has been subjected to systemic displacement as a United States citizen and has been further isolated in society, and in the pursuit for justice and happiness and in furtherance of Defendants', and each of them, corrupt, wrongful, ill-mannered, unlawful, illegal, immoral and unethical profiteering scheme and evasion and obstruction of justice and/or accountability.

458.  Defendants' collective efforts and conduct were and continue to be a substantial factor in causing PLAINTIFF's harm.

459.  Pursuant to 18 U.S.C. § 1595, an individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator, or whoever knowingly benefits, or attempts or conspires to benefit, financially, or by receiving anything of value from participation in the venture which that person knew or should have known has engaged in an act in violation of this chapter, in an appropriate district court of the United States and may recover damages and reasonable attorney's fees.

460.  Under the principles of equity and good conscience, DEFENDANTS GUTIERREZ; O'BRIEN; APPLE; GOOGLE; GOOGLE INTERNATIONAL; ALPHABET; DROPBOX; DIRECTV; DIRECTV INTERNATIONAL; AT&T; AT&T SERVICES; and numerous other Corporate Doe Defendants in the Telecom and Banking sector, inclusive, should not be permitted to retain the benefits they have acquired through the unlawful, fraudulent, and illegal conduct described above, therefore, PLAINITFF seeks general and compensatory damages in the form of restitutionary disgorgement of all profits

of such amounts and the establishment of a constructive trust from which PLAINTIFF may seek restitution, as all funds, revenues and benefits that said Defendants have unjustly received as a result of their collective actions rightfully belong to PLAINTIFF.

461. The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

462. PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

463. PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency,

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

464.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF'S rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

465.   In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm.

466.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

467.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation." Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## TWELFTH CAUSE OF ACTION

### VIOLATION OF THE FIGHT ONLINE SEX TRAFFICKING ACT AND STOP ENABLING SEX TRAFFICKERS ACT ("FOSTA-SESTA")

**(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple; Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; AT&T Services and Doe Defendants, inclusive)**

468.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

469.   Defendants are collectively participating in a venture engaged in the unprecedented sex trafficking of PLAINTIFF as a child, adolescence, and young adult through an interactive computer service being dictated by commercial corporate entities, or said Defendants, by censorship and by and through force, fraud, and coercion, and on a state-sponsored domain on the Internet in PLAINTIFF's name, by and through the embezzled, converted, diverted, misappropriated, seized, hacked, sold and disseminated FRAUDULENT WEBSITE. Defendants are knowingly, willfully, deliberately, and voluntarily managing, operating, assisting, supporting, facilitating and/or benefiting from this fraudulent interactive computer service in violation of FOSTA-SESTA.

470.   PLAINTIFF is informed, believes, and thereon alleges, that the complexity of the FRAUDULENT WEBSITE's ownership goes as follows: (1) In and around December 1996, DEFENDANT J.C. REDDERSEN registered a public domain on the Internet, www.athenareddersen.com, or the "FRAUDULENT WEBSITE," wherein the sole intent of the fraudulent domain was to execute an unlawful, illegal, immoral, unethical and unprecedented medical experiment, wherein it would project the at the time, 8-year-old PLAINTIFF via surveilled live stream broadcast for the duration of her life. The Defendant was able to successfully execute this fraudulent, unlawful, illegal, immoral,

unethical, and experimental medical discovery by defrauding the United States through his at the time employer in the mid-1990s, and by stealing, converting, and misappropriating aircraft parts and military technology assets, such as hardware and software. Defendant J.C. REDDERSEN then forced PLAINTIFF to undergo an unethical and experimental medical operation and arranged for a neurosurgeon to insert the state-sponsored hardware device inside her occipital bone, and up against her brain in the occipital lobe region. Defendant than merged the embezzled, modified, and stolen state-sponsored hardware/software onto the public domain on the Internet, or FRAUDULENT WEBSITE. This fraudulent state-sponsored domain was modified to **solely** function as an intrusive live stream and digital surveillance broadcast of PLAINTIFF, in calendar format. In and around January 2012, it was no longer solely functioning as a digital surveillance channel over PLAINTIFF; (2) On January 14, 2012, the FRAUDULENT WEBSITE became a fraudulent interactive computer service and by and through DEFENDANTS O'BRIEN and GUTIERREZ, wherefore, the Defendants hacked the state-sponsored FRAUDULENT WEBSITE and sold it to commercial corporate entities in four (4) various ways, including but not limited to, DEFENDANT's APPLE; GOOGLE; DROPBOX; DIRECTV; AT&T; Doe Defendants, and numerous other Telecom Doe Defendants, inclusive, who then benefited from the broadcasted advertisements and illegal sex-trafficking market that was created by the hacking, and; (3) DOES 1 to 10, inclusive, are co-conspiring corporations, entities, financial institutions, co-owners, managers, operators, facilitators, supporters, agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures and/or participators of the other Defendants, and each of them, of the fraudulent merger and acquisition of the state-sponsored FRAUDULENT WEBSITE.

471.   Co-conspiring Defendants' software piracy ownership of the hacked and sold state-sponsored FRAUDULENT WEBSITE is and has been hosting illegal and fraudulent sex-work related content, in PLAINTIFF's name since January 2012. Furthermore, the fraudulent sex-work related content being hosted is being done in consecutive and

renewing bad faith transactions and with the intent to defraud the United States and unprecedentedly, with the intent to defraud the PLAINTIFF's identity, persona, reputation, and image. PLAINTIFF further alleges that the illegal and fraudulent sex-work related conduct continues to be actively hosted on classified servers, and further disseminated and sold around the world by and through the repressive network and through said participating, facilitating, and engaging corporate Defendants, and each of them.

472.   Defendants are further knowingly, willfully, and deliberately facilitating the unprecedented and fraudulent child sex-trafficking related conduct of the PLAINTIFF's childhood, from the ages of 8-years-old to 18-years-old, and further including, up to the current time/date/year by and through the FRAUDULENT WEBSITE and its cloud stored calendar archive of PLAINTIFF's personal and private life events, wherefore the majority of her life is unprecedentedly stored on the state-sponsored technology assets in an organized cloud-stored calendar format (time/date/month/year). Additionally, since the state-sponsored software is continuously and endlessly storing the life events of PLAINTIFF, using the above-mentioned storage calendar format with unprecedented access to, and in, the privacy of her home(s) and residence(s), all her prior relationships and past sexual engagements (consensual and non-consensual) from 2004-2010 are also in the possession and custody of the state-sponsored FRAUDULENT WEBSITE and in furtherance of the targeted victimization of the global sex-trafficking network and organization, wherefore DOES 1 to 10, inclusive, or the Rogue Army, are stalking the publicly available and openly stored state-sponsored calendar of PLAINTIFF's private life events in order to exploit any and all vulnerable persons throughout PLAINTIFF's life and by and through public postings of exploitative images, videos, and isolated sex trafficking victim profiles. PLAINTIFF further alleges that DEFENDANTS O'BRIEN; GUTIERREZ; and their Rogue Army, inclusive, are impersonating PLAINTIFF by making it appear on the FRAUDULENT WEBSITE that all postings are consensual and authorized, and therefore, creating a fraudulent narrative all together and in furtherance of their illegal profiteering and benefits scheme.

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

473. PLAINTIFF is informed, believes, and thereon alleges, that the FRAUDULENT WEBSITE and its FRAUDULENT DROPBOX DOWNLOADS functions as its own domain, free of charge, wherefore the majority of participants and engagers are Freeloading Does and/or Permissive Users (half of the Rogue Army), whereas the connected, extended, and synchronized FRAUDULENT CELL PHONE APPLICATIONS and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS are being operated by the Paying John Does and/or Renters (the other half of the Rogue Army), who are knowingly, willfully, deliberately, and voluntarily purchasing these fraudulent services with fraudulent intent, on a monthly basis, in DEFENDANTS APPLE's APP STORE; GOOGLE's PLAY STORE;  DIRECTV and AT&T's adult entertainment streaming platforms; and numerous other Telecom Doe corporate streaming platforms, inclusive, and in furtherance of exploiting PLAINTIFF and all her prior LGBTQ+ intimate relationships and sexual relations. Thus, in order to loot, vandalize, ransack, seize, distribute, and sabotage the FRAUDULENT WEBSITE and its multiple victims in PLAINTIFF's name, you have to pay for it, otherwise all looting, vandalization, distributions, and sabotaging access is available for free to view, search, and download on the Internet, free of charge.

474. PLAINTIFF is informed, believes, and thereon alleges, that DEFENDANTS O'BRIEN and GUTIERREZ have further modified the FRAUDULENT WEBSITE and its FRAUDULENT DROPBOX DOWNLOADS and/or FRAUDULENT CELL PHONE APPLICATIONS and/or FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS to have the following features: (1) The ability to crop, cut and edit images, clips, and videos; (2) The ability to have publicly displayed data analytics for viewing such content, such as view counts, "likes", algorithm rankings in the search bar, and geographic location of users; (3) The ability for free public downloads via DEFENDANT DROPBOX's file sharing services; (4) The ability to mirror that of an official pornographic website's features, such as allowing the public to rate, review, comment, search, and/or post unauthorized content; and (5) The ability to manipulate the screen on a

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

cell phone, tablet, computer, laptop, television, etc., wherefore the state-sponsored technology allows for three-dimensional viewing and allows the viewer/stalker/squatter/lurker of the FRAUDULENT WEBSITE and/or FRAUDULENT CELL PHONE APPLICATIONS and/or FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS to dictate the angle of the screen, or room that PLAINTIFF is residing in metaphysically, and on the Internet. Said features and capabilities further allows for zoom magnification capabilities, as well as night vision.

475. PLAINTIFF is informed, believes, and thereon alleges, that said state-sponsored FRAUDULENT WEBSITE and co-conspiring Defendants are in clear violation of the Communications of Decency Act of 1996, wherein this publicly state-sponsored domain on the Internet is facilitating sex traffickers in advertising the sale of unlawful, illegal, and fraudulent sex acts with sex trafficking victims. Furthermore, Defendants have collectively, jointly, and consciously been and continue to be reckless in allowing the sale of said sex trafficking victims and have done nothing to prevent the sex trafficking of children and victims of force, fraud, and coercion, as stated above.

476. 47 U.S.C. § 230 does not provide such immunity protections for such websites, wherefore, it is United States policy to ensure the vigorous enforcement of Federal criminal laws to deter and punish trafficking in obscenity, stalking, and harassment by means of computer, in which are all features of the FRAUDULENT WEBSITE.

477. PLAINTIFF is further informed, believes, and thereon alleges, that Defendants, inclusive, are collectively and intentionally censoring PLAINTIFF from accessing any FRAUDULENT WEBSITE related content and its FRAUDULENT DROPBOX DOWNLOADS and/or FRAUDULENT CELL PHONE APPLICATIONS and/or FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, either on the Internet via browser search, direct URL, App Store search, and/or cable/satellite on-demand adult entertainment programming search, and in furtherance to promote corporate intimidation, suppression, and oppression by further allowing the general public to freely access said intrusive FRAUDULENT WEBSITE  and its extended

for-sale corporate sector fraudulent interactive services. PLAINTIFF further alleges that the individually targeted censorship was meticulously done in furtherance of Defendants' collective profiteering scheme at PLAINTIFF's expense and was executed by and through implemented censorship in the programing of the state-sponsored software, as well as additional censorship being aided and abetted by said co-conspiring corporate Defendants in big tech and the entertainment sector.

478.   As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF suffered and will continue to suffer immense physical, emotional, mental, and psychological harm, as a result of the injuries alleged herein. Additionally, her childhood and upbringing was and continues to be unprecedentedly sex trafficked on the Internet and she continues to be sexually objectified and exploited through the state-sponsored fraudulent domain, or FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, the FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS by co-conspiring Defendants, inclusive. Said fraudulent, unlawful, and illegal actions were done in bad faith with deliberate disregard for the PLAINTIFF's health, safety, and privacy and in furtherance of profiting and benefiting at the expense of PLAINTIFF.

479.   As a further proximate result, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. Additionally, due to the unprecedented medical experiment and forced medical operation that occurred in December 1996, and the subsequent hacking, distribution, trafficking, and selling of the FRAUDULENT WEBSITE that occurred in 2012, PLAINTIFF cannot get the surgically inserted state-sponsored hardware device acknowledged and/or removed by medical professionals.  As a further proximate result, PLAINTIFF will continue to incur, medical and related expenses.

480.   As a further legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF has been and continues to be censored, blocked, and obstructed since January

2012 and continuously each year thereafter, from the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services that it provides to the public. Additionally, Defendants, inclusive, are facilitating a continuing violation each year, thereafter 2012, and leading up to the current year, 2023, in targeted and isolated censorship against the PLAINTIFF in order to prevent the PLAINTIFF from seeking accountability and award for damages, and in furtherance of their repressive network, therefore, continuously obstructing PLAINTIFF from seeking relief. Moreover, Section 230 of the CDA does not protect bad faith censorship for the facilitation and advertisement of sex trafficking and commercial sex acts online, pursuant to 47 U.S.C. § 230(e)(5)(A).

481.   Pursuant to 18 U.S.C. § 1595, an individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator, or whoever knowingly benefits, or attempts or conspires to benefit, financially, or by receiving anything of value from participation in the venture which that person knew or should have known has engaged in an act in violation of this chapter, in an appropriate district court of the United States and may recover damages and reasonable attorney's fees.

482. Under the principles of equity and good conscience, DEFENDANTS GUTIERREZ; O'BRIEN; APPLE; GOOGLE; GOOGLE INTERNATIONAL; ALPHABET; DROPBOX; DIRECTV; DIRECTV INTERNATIONAL; AT&T; AT&T SERVICES; and numerous other Corporate Doe Defendants in the Telecom and Banking sector, inclusive, should not be permitted to retain the benefits they have acquired through the unlawful, fraudulent, and illegal conduct described above, therefore, PLAINTIFF seeks general and compensatory damages in the form of restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINTIFF may seek restitution, as all funds, revenues and benefits that said Defendants have unjustly received as a result of their actions rightfully belong to PLAINTIFF.

483. The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned

conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF'S private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

484.   PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

485.   PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

486.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF'S rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned,

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

487.   In addition, PLAINTIFF seeks an order for: (1) an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm; (2) an injunction for emergency medical relief; and (3) an injunction for a new social security number.

488.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

489.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## THIRTEENTH CAUSE OF ACTION
### VIOLATION OF THE STOP ADVERTISING VICTIMS OF EXPLOITATION ACT OF 2015 ("SAVE Act of 2015")

239

**(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple; Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; AT&T Services and Doe Defendants, inclusive)**

490.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

491.   The SAVE Act of 2015, codified at 18 U.S.C. § 1591(a)(1), is a statute that prohibits conduct relating to sex trafficking of children and those subjected to force, fraud, or coercion, of advertisements of commercial sex acts, and to further include "advertising" to the types of conduct prohibited.

492.   Defendants have knowingly engaged and continue to engage in the advertisement of commercial sex acts and the sex trafficking of PLAINTIFF's childhood via the hacked and highly advertised state-sponsored FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, the FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS. More specifically, said Defendants have unprecedentedly imposed a new and unprecedented way of child sex trafficking with the aiding and abetting of corporate America, and more specifically, with the fraudulent, unlawful, and the illegal merging of stolen state-sponsored technology and newly discovered human experimentation, as described above, with regard to the experimental surgical implantation of state-sponsored intellectual property into the human body and biology, and therefore unprecedentedly "inventing" a never-seen-before human experiment in the form of a 24/7 surveillance "time machine" of the PLAINTIFF's personal and private life, childhood, and upbringing since 8-years of age, or 1996 up to the present date.

493.   DEFENDANTS GUTIERREZ; O'BRIEN; APPLE; GOOGLE; DROPBOX; DIRECTV; AT&T; and numerous other Telecom Doe Defendants, inclusive, had advertised and continue to advertise the commercial sex acts of PLAINTIFF's childhood by and through broadcasted announcements, televised advertisements, and further additionally included online advertisements of said commercial sex acts and child sex

trafficking. Additionally, DOE DEFENDANTS, inclusive, aided and abetted said Defendants' advertised commercial sex acts by participating in the venture and by continuously distributing sexually violent graphic imagery of the PLAINTIFF's childhood via the FRAUDULENT CELL PHONE APPLICATIONS available on DEFENDANT APPLE's APP STORE and DEFENDANT GOOGLE's PLAY STORE and onto the publicly hacked and state-sponsored FRAUDULENT WEBSITE, and synchronized FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, further enticing the general public to endlessly and continuously enhance the flow of traffic on the FRAUDULENT WEBSITE for free distributions of child pornography, and further including free downloads of child pornography by and through DEFENDANT DROPBOX's file sharing services and the FRAUDULENT DROPBOX DOWNLOADS, from the period of 2012 to 2023.

494.   DEFENDANTS J.C. REDDERSEN; M.D. REDDERSEN; GOOGLE INTERNATIONAL; ALPHABET; DIRECTV INTERNATIONAL; AT&T SERVICES, Individual Doe Defendants; and numerous other corporate Doe Defendants, inclusive, are participating in the joint venture by knowingly assisting, aiding, abetting, supporting, financially benefiting and/or facilitating the violation of the SAVE Act of 2015.

495.   Additionally, said Defendants have also knowingly engaged in an obstruction and the prevention of the enforcement of 18 U.S.C. § 1591, by censoring, blocking, obstructing, and preventing PLAINTIFF from accessing the FRAUDULENT WEBSITE, FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS by and through their corporate intimidation and repressive network, in order to prevent and obstruct PLAINTIFF from proving they do, in fact, exist and are being freely and openly disseminated to the general public, when reporting to authorities and/or involved Defendant entities.

496.   The fraudulent, unlawful, illegal, and immoral conduct of Defendants described above were and continue to be deliberately calculated to confuse and/or deceive

the public, and said wrongful, distasteful, atrocious, and immoral acts constitute willful and deliberate violations of The SAVE Act of 2015.

497.   As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF's childhood was unprecedentedly sex trafficked, sexually objectified, and sexually exploited by and through the state-sponsored fraudulent domain, or FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, and its extended for-sale corporate sector fraudulent interactive services being facilitated by Defendants, inclusive. Additionally, said fraudulent, unlawful, illegal, and immoral actions were done intentionally and in bad faith with deliberate disregard for the PLAINTIFF's health, safety, and privacy, and in furtherance of profiting and benefiting at the expense of PLAINTIFF.

498.   As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

499.   As a further proximate result, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. Additionally, due to the unprecedented medical experiment and forced medical operation that occurred in December 1996, and the subsequent hacking, distribution, trafficking, and selling of the FRAUDULENT WEBSITE that occurred in 2012, PLAINTIFF cannot get the surgically inserted state-sponsored hardware device acknowledged and/or removed by medical professionals.  As a further proximate result, PLAINTIFF will continue to incur, medical and related expenses.

500.   Defendants' collective efforts and conduct were and continue to be a substantial factor in causing PLAINTIFF's harm.

501.   Under the principles of equity and good conscience, DEFENDANTS GUTIERREZ;   O'BRIEN;   APPLE;   GOOGLE;   GOOGLE   INTERNATIONAL;

ALPHABET; DROPBOX; DIRECTV; DIRECTV INTERNATIONAL; AT&T; AT&T SERVICES; and numerous other Corporate Doe Defendants in the Telecom and Banking sector, inclusive, should not be permitted to retain the benefits they have acquired through the unlawful, fraudulent, and illegal conduct described above, therefore, PLAINITFF seeks general and compensatory damages in the form of restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINTIFF may seek restitution, as all funds, revenues and benefits that said Defendants have unjustly received as a result of their actions rightfully belong to PLAINTIFF.

502. The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

503. PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

504.   PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

505.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

506.   In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm    attorneys' fees and costs to the full extent allowed by law.

507.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

508.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this

unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## FOURTEENTH CAUSE OF ACTION
### VIOLATION OF 15 U.S.C § 1114,
### THE LANHAM ACT, FALSE ADVERTISING
**(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple; Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; AT&T Services and Doe Defendants, inclusive)**

509.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

510.   Defendants have engaged and continue to engage in false advertising as it disseminated false and/or misleading statements of PLAINTIFF regarding their representations of its fraudulent services on their corporate platforms, including but not limited to the Apple App Store, Google Play Store, Dropbox file sharing services, AT&T, DirecTV and numerous other Telecom Doe Defendants' services, including but not limited to ISP services and satellite/cable television and entertainment streaming services, by violating their own ethical business practices, standards, and policies. Additionally, and more specifically, DEFENDANT DROPBOX is making false and unsubstantiated representations concerning the characteristics of their cloud sharing services, in conspiracy with the Apple App Store and Google Play Store.

511.   As mentioned above, the false advertising and disseminated false and/or misleading statements of PLAINTIFF are in reference to the FRAUDULENT WEBSITE,

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS.

512. Defendants, and each of them, are further engaging in false advertising as they disseminated false and/or misleading statements of PLAINTIFF by infringing on her trademark in the trade name "Athena Reddersen" (the "AR Mark"). Professional portrait photography products and services bearing the AR Mark are sold by PLAINTIFF throughout the United States, including California. The AR Trademark is a valid and subsisting trademark in full force and effect.

513. Defendants' use of the AR Trademark in connection with their unauthorized sale and distributions of unconstitutional, fraudulent, unlawful, and illegal pornographic services, which are not the kind of professional portrait photography services being offered by PLAINTIFF, is likely to cause consumer confusion, cause mistake, offend the public, and deceive consumers because it offensively suggests that the services offered for sale by Defendants, and each of them, are similar in nature and service as PLAINTIFF's professional portrait photography services, legitimately bearing the AR Trademark or that they originate from, are sponsored by, authorized by, approved by, endorsed by, or otherwise connected with PLAINTIFF.

514. Defendants knew or should have known by exercising reasonable care that its representations were false and/or misleading. During the Period (2012 to 2023), said Defendants engaged in false advertising in violation of The Lanham Act, 15 U.S.C. § 1114, by misrepresenting in its advertising, marketing, and other communications disseminated to PLAINTIFF, and the consuming public that *inter alia*: (1) PLAINTIFF was a consensual Application and Web Developer on the Apple App Store and Google Play Store; (2) that PLAINTIFF was a consensual adult entertainment film star and producer on major telecom satellite and cable channel network/providers; (3) that PLAINTIFF was a consensual sex worker and further, consented to a fraudulent and experimental surgical operation for the sole intent of sex work as a minor; (4) that

PLAINTIFF consented to and willingly created a Dropbox account for the sole intent of publicly distributing free downloads of graphic and humiliating images and videos of herself, her childhood, and her former intimate, personal, and private relationships to the public and; (5) that PLAINTIFF was willing and consented to subjecting herself to being violently and sexually objectified, controlled, manipulated, and possessed by the general public, by and through the services and platforms of DEFENDANTS APPLE; GOOGLE; DROPBOX; DIRECTV; AT&T; and numerous other Telecom Doe Defendants, inclusive.

515.   Each of these aforementioned representations were false and misleading because during the Period (2012-2023), said Defendants: (1) failed to take adequate steps to prevent fraudulent, unlawful, and illegal activity; (2) failed to employ the industry's best measures to address obvious red flags; (3) accessed PLAINTIFF's information without consent or authorization; and (4) failed to ensure that the data transmitted via mobile devices and other electronic devices would not be freely disseminated to the general public via free download through DEFENDANT DROPBOX's file sharing services and/or FRAUDULENT DROPBOX DOWNLOADS.

516.   Additionally, all of PLAINTIFF's personal and private information is being captured, photographed, disseminated, downloaded, and live streamed by and through the state-sponsored FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, including but not limited to, PLAINTIFF's first and last name; personal address(es); telephone number; e-mail address(es); date of birth; driver's license number; social security number; birth certificate; banking information; credit card information; financial institution(s) account number(s); biometric identifiers; and further including PLAINTIFF's personal, private, and familial relations and former intimate and sexual relationships and friendships.

517.   Defendants, and each of them, by and through their conspiracy, have engaged in deceptive acts and/or practices intended to result in paid subscriptions to their entertainment platforms by and through the Internet and On-Demand streaming platforms,

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

therefore, trafficking the false advertisements of the AR Mark in interstate and foreign commerce.

518.   By disseminating and publishing these statements in connection with the sale of said Defendants' digital services, said Defendants have engaged in and continue to engage in false advertising in violation of The Lanham Act, 15 U.S.C. § 1114.

519.   Defendants' unauthorized, unconstitutional, fraudulent, unlawful, and illegal sale of services bearing the AR Trademark and unauthorized use of the AR Trademark in advertising, have materially damaged the value of the AR Trademark and caused significant damage to PLAINTIFF's business relations.

520.   As a direct and proximate result of said Defendants' conduct, as set forth herein, said Defendants have received ill-gotten gains and/or profits and benefits, including but not limited to money. Therefore, said Defendants, and each of them, have been unjustly enriched. Pursuant to 15 U.S.C. § 1114, PLAINTIFF requests restitution and restitutionary disgorgement for all sums and profits of such amounts and the establishment of a constructive trust from which PLAINTIFF may seek restitution, as all funds, revenues and benefits that said Defendants have unjustly received as a result of their actions, and in violation of The Lanham Act, rightfully belong to PLAINTIFF.

521.   PLAINTIFF   seeks   injunctive   relief,   restitution,   and   restitutionary disgorgement of said Defendants' ill-gotten gains as specifically provided in 15 U.S.C. § 1114.

522.   PLAINTIFF seeks to enjoin said Defendants' from engaging in these wrongful and illegal practices, as alleged herein, in the future. There is no adequate remedy at law and if an injunction is not ordered, PLAINTIFF will suffer irreparable harm and/or injury.

523.   In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, and fraudulent conduct as alleged herein to prevent future harmand  attorneys' fees and costs to the full extent allowed by law.

524. The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

525. PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

526. PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

527.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

528.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

529.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

### **FIFTEENTH CAUSE OF ACTION**
### **VIOLATION OF 15 U.S.C § 1125(d),**
### **THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT ("ACPA")**

**(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple; Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; AT&T Services and Doe Defendants, inclusive)**

530.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

531.   PLAINTIFF has a registered Trademark under her first and last name, directed at her attempt as a professional photographer. PLAINTIFF has pursued the field of photography since 2006 and trademarked her first and last name in 2018. PLAINTIFF's first and last name is very distinctive and rare, and further, PLAINTIFF claims to be the only person in the world to identify as, "ATHENA REDDERSEN."

532.   The domain of the FRAUDULENT WEBSITE (or "athenareddersen.com") was unjustly and fraudulently registered by DEFENDANT J.C. REDDERSEN, in and around 1996, and additionally was done in bad faith, as DEFENDANT J.C. REDDERSEN fraudulently, unlawfully, and illegally stole, converted, embezzled, and misappropriated government intellectual property and trade secrets for the rogue purpose of the fraudulently registered domain under PLAINTIFF's identical first and last name.

533.   The formally registered domain of the FRAUDULENT WEBSITE was seized, penetrated, and pirated by domain thieves in the estimated years 2009 to 2012 by DEFENDANTS GUTIERREZ and O'BRIEN, and their co-conspirators and aider and abettors, DEFENDANTS APPLE; GOOGLE; DROPBOX; DIRECTV; AT&T; Individual Doe Defendants and numerous other Telecom Doe Defendants, inclusive.

534.   PLAINTIFF further alleges that Federal Government Officials had pulled the registered domain off the Internet Registry in and around the year 2012, and therefore, the FRAUDULENT WEBSITE has no official registered owner as of 2012, yet still remains active due to being automatically migrated back onto classified servers as a backup hosting network, and due to the state-sponsored software being actively hosted on classified servers, as its software's primary use is for authorized military personnel only.

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

535.  By the seizing, hacking, distribution, and the selling of DEFENDANT J.C. REDDEREN's FRAUDULENT WEBSITE registered under PLAINTIFF's identical first and last name, PLAINTIFF suffered severe injury to her own personal identity and personhood, as the seized, hacked, and sold FRAUDULENT WEBSITE was turned into a pedophiliac and pornographic website, and further converted and diverted into four (4) FRAUDULENT CELL PHONE APPLICATIONS made available on DEFENDANT APPLE's APP STORE and DEFENDANT GOOGLE's PLAY STORE, and four (4) FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANELS, each being sold as a monthly subscription service by DEFENDANTS DIRECV; AT&T; and numerous other Telecom providers, inclusive.

536.  The acts of said Defendants described above were and are deliberately calculated to confuse and/or deceive the public, and said malicious acts constitute willful and deliberate violations of 15 U.S.C. § 1125(d), wherefore all above mentioned Defendants had bad faith intent to profit from PLAINTIFF's mark and individual identity, including first and last name. Additionally, DEFENDANT J.C. REDDERSEN initially registered and trafficked PLAINTIFF, both in domain name registration, and unprecedentedly in identity and personhood, by and through the FRAUDULENT WEBSITE.

537.  As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF was trafficked, sexually objectified and exploited through the FRAUDULENT WEBSITE its FRAUDULENT DROPBOX DOWNLOADS, and the (4) FRAUDULENT CELL PHONE APPLICATIONS. Said actions were done in bad faith and with the intent to profit at the expense of PLAINTIFF.

538.  PLAINTIFF further alleges that though she has never purchased any of the FRAUDULENT CELL PHONE APPLCIATIONS, On May 16, 2022, PLAINTIFF sent DEFENDANTS APPLE; GOOGLE; GOOGLE INTERNATIONAL; and ALPHABET a legal Demand Letter advising of the acknowledgement and existence of its FRAUDULENT CELL PHONE APPLICATIONS, and the identity fraud being

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

implemented against PLAINTIFF in order to publicly sell these fraudulent applications in their App Stores. PLAINTIFF further requested that said Defendants preserve all its evidence relating to the false advertisements and activity in these business transactions. PLAINTIFF received no further response or inquiry to her legal demand letter.

539.   PLAINTIFF seeks recovery for this loss, as well as injunctive relief, to prevent future harm.

540.   Under the principles of equity and good conscience, said Defendants should not be permitted to retain the ill-gotten gains and benefits they have acquired through the fraudulent, unlawful, unconstitutional, and illegal conduct described above.

541.   PLAINTIFF seeks restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINITIFF may seek restitution, as all funds, revenues and benefits that Defendants have unjustly received as a result of their illegal conduct rightfully belong to PLAINTIFF.

542.   The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

543.   PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had

advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

544. PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

545. The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

546. PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

547. PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, shall be commenced within seven years of the date on which the trafficking victim was freed from

the trafficking situation." Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## SIXTEENTH CAUSE OF ACTION

### VIOLATION OF 18 U.S.C. § 1030,

### THE COMPUTER FRAUD AND ABUSE ACT ("CFAA")

**(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple; Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; AT&T Services and Doe Defendants, inclusive)**

548.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

549.   By Defendants accessing, hacking, and enabling the general public the availability of distribution of PLAINTIFF's private and personal location data, Personal Identifying Information (PII), private communications, and other private and sensitive information on the devices of unauthorized cybersquatters, Permissive Users, and Active Users of the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent counterparts/interactive services by and through fraudulently accessing the PLAINTIFF's personal computer(s) and other electronic devices, and in the course of interstate and foreign commerce and/or communication, without the authorization of the PLAINTIFF as described in 18 U.S.C. § 1030(a)(2).

550.   Defendants violated § 1030(a)(2), as the devices, server and network in question are an electronic or other high speed data processing device that perform logical,

arithmetic, or storage functions, including as a data storage facility and communications facility directly related to or operating in conjunction with such devices and is used in or affecting interstate and foreign commerce or communications.

551. Defendants further violated the CFAA by causing the transmission of a program, information, code, or command and as a result, caused harm to PLAINTIFF aggregating at least $5,000 in value.

552. Additionally, all of PLAINTIFF's personal and private information is being captured, photographed, disseminated, downloaded, and live streamed by and through the state-sponsored FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, including but not limited to, PLAINTIFF's first and last name; personal address(es); telephone number; e-mail address(es); date of birth; driver's license number; social security number; birth certificate; banking information; credit card information; financial institution(s) account number(s); biometric identifiers; and further including PLAINTIFF's personal, private, and familial relations and former intimate and sexual relationships and friendships.

553. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

554. As a further proximate result, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. Additionally, due to the unprecedented medical experiment and forced medical operation that occurred in and around December 1996, and the subsequent hacking, distribution, trafficking, and selling of the FRAUDULENT WEBSITE that occurred in 2012, PLAINTIFF cannot get the surgically inserted state-sponsored hardware device

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

1  acknowledged and/or removed by medical professionals.  As a further proximate result,
2  PLAINTIFF will continue to incur, medical and related expenses.

3      555.  Said Defendants' actions were knowing and/or reckless and, as outlined
4  above, caused severe harm and physical injury to PLAINTIFF.

5      556.  Under the principles of equity and good conscience, DEFENDANTS
6  GUTIERREZ;  O'BRIEN;  APPLE;  GOOGLE;  GOOGLE  INTERNATIONAL;
7  ALPHABET; DROPBOX; DIRECTV; DIRECTV INTERNATIONAL; AT&T; AT&T
8  SERVICES; and numerous other Corporate Doe Defendants in the Telecom and Banking
9  sector, inclusive, should not be permitted to retain the benefits they have acquired through
10 the unlawful, fraudulent, and illegal conduct described above, therefore, PLAINTIFF seeks
11 general and compensatory damages in the form of restitutionary disgorgement of all profits
12 of such amounts and the establishment of a constructive trust from which PLAINTIFF
13 may seek restitution, as all funds, revenues and benefits that said Defendants have unjustly
14 received as a result of their actions rightfully belong to PLAINTIFF.

15     557.  In addition, PLAINTIFF seeks an order for an injunction against said
16 Defendants' wrongful, unlawful, illegal, and fraudulent conduct as alleged herein to
17 prevent future harm; and attorneys' fees and costs to the full extent allowed by law.

18     558.  The  aforementioned  conduct  was  accomplished  intentionally  and/or
19 recklessly and negligently with conscious disregard for said PLAINTIFF'S health, safety,
20 privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned
21 conduct was so outrageous in character and so extreme in degree as to go beyond all
22 possible bounds of decency, and should be regarded as despicable, atrocious, and utterly
23 intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's
24 private life, identity, personhood, relationships, housing, residence, freedom, liberty,
25 independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's
26 private affairs, intimate relationships, and sexual relations (consensual and non-
27 consensual), said Defendants have acted with malice and oppression and in conscious
28 disregard of PLAINTIFF's rights to have such information kept confidential and private.

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

1  PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be
2  proven at trial.

3      559.   PLAINTIFF is further informed and believes that each business or employer,
4  through its officers, directors, and managing agents, and each individual Defendant had
5  advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful
6  conduct, thereby ratifying it, with a conscious disregard of the rights and safety of
7  PLAINTIFF and for the deleterious consequences of Defendants' actions, and after
8  becoming aware of their wrongful conduct, each Defendant by and through its agents, and
9  each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

10     560.   PLAINTIFF is further informed and believes and based thereon alleges that at
11 all times relevant hereto, Defendants, and each of them, were the agents, employees,
12 managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter
13 egos, and/or ventures of the other Defendants, and each of them, and in doing the things
14 alleged herein, were acting at least in part within the course and scope of said agency,
15 employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the
16 permission and consent of each of the other Defendants.

17     561.   The conduct of Defendants, and each of them, and Does 1 through 10,
18 inclusive, and/or their agents, employees, supervisors as described herein was malicious,
19 oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for
20 the deleterious consequences of Defendants' actions. Defendants authorized, condoned,
21 and ratified the unlawful conduct of each and every one of them. Consequently,
22 PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at
23 trial.

24     562.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of
25 limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the
26 FRAUDULENT WEBSITE and its continuous violations of the laws and the United States
27 Constitution, and a new and separate violation accrues daily. Therefore, this action is ever
28 evolving, and discovery is always continuing.

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

563.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## SEVENTEENTH CAUSE OF ACTION
### VIOLATION OF 15 U.S.C. § 8131,
### CYBERPIRACY PROTECTIONS
**(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple; Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; AT&T Services and Doe Defendants, inclusive)**

564.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

565.   The domain of the FRAUDULENT WEBSITE (or "athenareddersen.com") was unjustly and fraudulently registered by DEFENDANT J.C. REDDERSEN in and around 1996, and additionally done maliciously and in bad faith, as DEFENDANT J.C. REDDERSEN defrauded the United States by stealing, converting, diverting, embezzling, and misappropriating government intellectual property and trade secrets for the rogue purpose of fraudulently registering the FRAUDULENT WEBSITE's domain under PLAINTIFF's identical first and last name.

566. The formally registered domain of the FRAUDULENT WEBSITE was seized, penetrated, and pirated by domain thieves in the estimated years 2009 to 2012 by DEFENDANTS GUTIERREZ and O'BRIEN, and their co-conspirators and aider and abettors, DEFENDANTS APPLE; GOOGLE; DROPBOX; DIRECTV; AT&T; Individual Doe Defendants and numerous other Telecom Doe Defendants, inclusive.

567. PLAINTIFF further alleges that Federal Government Officials had pulled the registered domain off the Internet Registry in and around the year 2012, and therefore, the FRAUDULENT WEBSITE has no official registered owner as of 2012, yet still remains active due to being automatically migrated back onto classified servers as a backup hosting network, and due to the state-sponsored software being actively hosted on classified servers, as its software's primary use is for authorized military personnel only.

568. PLAINTIFF alleges she was aware of an intrusive surveillance domain existing in 2012, regardless of being censored and blocked from accessing it, and further, PLAINTIFF was aware her estranged father, DEFENDANT J.C. REDDERSEN was responsible for the registration, development, and creation of the FRAUDULENT WEBSITE. Moreover, PLAINTIFF was prohibited, prevented, and obstructed from being able to identify the name of the intrusive domain until the year 2014, subsequent of a confrontation with the domain thieves, seizers, hackers and sellers of the FRAUDULENT WEBSITE, DEFENDANTS GUTIERREZ and O'BRIEN.

569. PLAINTIFF further alleges that she was and continues to be censored, blocked, and obstructed from accessing the FRAUDULENT WEBSITE. Additionally, DEFENDANTS GUTIERREZ and O'BRIEN identified, located, seized, and hacked, the FRAUDULENT WEBSITE in and around the estimated year of 2009, and in the years leading up to January 2012. Defendants then fraudulently sold the hacked FRAUDULENT WEBSITE to DEFENDANTS APPLE; GOOGLE; DROPBOX; DIRECTV; AT&T; and numerous other Telecom Doe Defendants, inclusive, as the four (4) FRAUDULENT CELL PHONE APPLICATIONS and four (4) FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS. Additionally, DEFENDANTS GUTIERREZ and

O'BRIEN merged the file sharing software and cloud services on the hacked domain with their co-conspirators, DEFENDANT DROPBOX, in order to freely distribute the FRAUDULENT DROPBOX DOWNLOADS and the trafficking of PLAINTIFF.

570.   By the seizing, hacking, distribution, and the selling of DEFENDANT J.C. REDDEREN's FRAUDULENT WEBSITE, PLAINTIFF suffered severe injury to her own personal identity and personhood, as the seized, hacked, and sold FRAUDULENT WEBSITE and FRAUDULENT DROPBOX DOWNLOADS was turned into a pedophiliac and pornographic website, and further converted and diverted into four (4) FRAUDULENT CELL PHONE APPLICATIONS made available on DEFENDANT APPLE's APP STORE and DEFENDANT GOOGLE's PLAY STORE, and four (4) FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANELS, each being sold as a monthly subscription service by DEFENDANTS DIRECV; AT&T; and numerous other Telecom providers, inclusive.

571.   As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF was trafficked by and through the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services. Said actions were maliciously done in bad faith and with the intent to profit and benefit at the expense of PLAINTIFF.

572.   Defendants' collective efforts and conduct were and continue to be a substantial factor in causing PLAINTIFF'S harm.

573.   PLAINTIFF seeks recovery for this loss, as well as injunctive relief, to prevent future harm.

574.   In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, and fraudulent conduct as alleged herein to prevent future harm and  attorneys' fees and costs to the full extent allowed by law.

575.   Under the principles of equity and good conscience, said Defendants should not be permitted to retain the ill-gotten gains and benefits they have acquired through the fraudulent, unlawful, unconstitutional, and illegal conduct described above.

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

576.  PLAINTIFF seeks restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINITIFF may seek restitution, as all funds, revenues and benefits that Defendants have unjustly received as a result of their illegal conduct rightfully belong to PLAINTIFF.

577.  The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

578.  PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

579.  PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things

alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

580. The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

581. PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

582. PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation." Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

**EIGHTEENTH CAUSE OF ACTION**

**VIOLATION OF CAL. CIV. CODE § 52.7,**

**SUBCUTANEOUS IMPLANTING OF IDENTIFICATION DEVICE**

**(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple; Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; AT&T Services and Doe Defendants, inclusive)**

583.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

584.   Section 52.7 of the California Civil Code prohibits any person, company, or entity to require, coerce, or compel any individual to undergo the subcutaneous implanting of an identification device, which is defined as any item, application, or product that is passively or actively capable of transmitting personal information, including but not limited to, devices using radio frequency technology.

585.   PLAINTIFF alleges that she was and continues to be unprecedently coerced, required, forced, threatened, intimidated, kidnapped, trafficked, falsely imprisoned, and under duress due to being subjected to the oppressive, atrocious, and fraudulent conduct of Defendants' collective efforts to monitor, surveil, exploit, control and illegally benefit off of PLAINTIFF, her identity, persona, likeness, name, physique, private life, and personal information by and through the subcutaneous implanting of the embezzled, converted, stolen, and misappropriated state-sponsored GPS hardware device, or State-Sponsored Solar Powered Tracking Device, being used and portrayed as a fraudulent subcutaneous implant identification device, executed, facilitated, and implanted by DEFENDANT J.C. REDDERSEN and DEFENDANT DOE NO. 1 in and around December 1996, in Orlando, Florida.

586.   PLAINTIFF further alleges that not only is the embezzled and misappropriated identification device state-sponsored, but as is the software, which is operating in correspondence with the subcutaneous implant of the identification device, or the non-medical State-Sponsored Solar Powered Tracking Device, and is being made

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

openly accessible by and through the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services, during the time period January 2012 to the present.

587.   Defendants have made and are continuing to make a conscious effort to censor, block, exclude, obstruct, and prevent PLAINTIFF from accessing the FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS for their own personal benefit and wrongful, unlawful, and illegal profiteering scheme. Defendants are able to implement various censorship capabilities with their combined corporate powers because the fraudulent state-sponsored subcutaneous implant of the identification device has GPS surveillance capabilities with the ability of live-streaming PLAINTIFF, her whereabouts and physical address location, in real time on the Internet with the coordinating state-sponsored software by and through the FRAUDULENT WEBSITE. Therefore, PLAINTIFF is vulnerable to preprogrammed censorship via computer code programming, wherein Defendants, inclusive, have collectively made efforts to implement in the FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and further including in the FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS. PLAINTIFF further alleges, DEFENDANTS APPLE; GOOGLE; DIRECTV; AT&T, and numerous other Telecom Doe Defendants, inclusive, are also applying additional censorship methods in which their corporations are capable of having and executing due to having the unlimited access and extensive surveillance over PLAINTIFF by and through the FRAUDULENT WEBSITE that fraudulently corresponds with the identification device.

588.   PLAINTIFF became fully aware of the FRAUDULENT WEBSITE in 2012, sixteen (16) years after the kidnapping and the subcutaneous implant of the identification device had occurred, in and around 1996, and further became aware of the FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

APPLICATIONS and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS and their functions in 2014, two (2) years after the FRAUDULENT WEBSITE was hacked, sold, became public and went global in 2012. Further, due to the intentional censorship, obstruction, and prevention of accessibility targeted solely against the PLAINTIFF, Defendants' fraudulent, unlawful, and illegal transnational repressive network and organization became systemic, and therefore, made it more difficult for PLAINTIFF to seek justice, compensation, freedom, privacy, and urgent medical relief by and through the immediate medical and surgical removal of the state-sponsored subcutaneous implant of the identification device, and subsequently have the entire state-sponsored transnational repressive network completely shut down. Moreover, due to Defendants' unprecedented and continuous violations of the unlawful and illegal conduct and the collective efforts into inducing, enticing, dictating, and forcing the PLAINTIFF's delay in filing action by threatening PLAINTIFF's life and causing duress upon the PLAINTIFF, PLAINTIFF seeks tolling and/or exemption from the statute of limitations in this action.

589. Due to Defendants' wrongful, unlawful, illegal, immoral, unethical, systemic, and atrocious conduct, since January 2012, PLAINTIFF has suffered severely, intensely, physically, emotionally, mentally, and psychologically. PLAINTIFF has been forced into a life-or-death situation and continues to be placed under severe duress due to being trafficked by and through the subcutaneous implant of the identification device. PLAINTIFF is further in need of unprecedented emergency medical care to remove the state-sponsored hardware and identification device that has been forcefully implanted in her body and inside of her occipital bone of her skull, since December 1996.

590. Additionally, all of PLAINTIFF's personal and private information is being captured, photographed, disseminated, downloaded, and live streamed by and through the state-sponsored FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, including but not limited to,

PLAINTIFF's first and last name; personal address(es); telephone number; e-mail address(es); date of birth; driver's license number; social security number; birth certificate; banking information; credit card information; financial institution(s) account number(s); biometric identifiers; and further including PLAINTIFF's personal, private, and familial relations and former intimate and sexual relationships and friendships.

591.  As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

592.  As a further proximate result, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. Additionally, due to the unprecedented medical experiment and forced medical operation that occurred in December 1996, and the subsequent hacking, distribution, trafficking, and selling of the FRAUDULENT WEBSITE that occurred in 2012, PLAINTIFF cannot get the surgically inserted state-sponsored hardware device acknowledged and/or removed by medical professionals.  As a further proximate result, PLAINTIFF will continue to incur, medical and related expenses.

593.  Pursuant to California Civil Code § 52.7(b)(2), PLAINTIFF seeks recovery for actual damages and compensatory damages.

594.  Under the principles of equity and good conscience, DEFENDANTS GUTIERREZ;  O'BRIEN;  APPLE;  GOOGLE;  GOOGLE  INTERNATIONAL; ALPHABET; DROPBOX; DIRECTV; DIRECTV INTERNATIONAL; AT&T; AT&T SERVICES; and numerous other Corporate Doe Defendants in the Telecom and Banking sector, inclusive, should not be permitted to retain the benefits they have acquired through the unlawful, fraudulent, and illegal conduct described above, therefore, PLAINITFF seeks general and compensatory damages in the form of restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINTIFF

1 || may seek restitution, as all funds, revenues and benefits that said Defendants have unjustly
2 || received as a result of their actions rightfully belong to PLAINTIFF.

3 ||     595. Pursuant to California Civil Code § 52.7(b)(1), PLAINTIFF seeks recovery
4 || for attorney's fees, litigation costs, and expert witness fees and expenses as part of the
5 || costs of this action.

6 ||     596. In addition, PLAINTIFF seeks an order for an injunction against said
7 || Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as
8 || alleged herein to prevent future harm and disparities. Furthermore, PLAINTIFF will seek
9 || injunctive relief for emergency medical care for the removal of the subcutaneous
10 || identification device.

11 ||     597. The aforementioned conduct was accomplished intentionally and/or
12 || recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety,
13 || privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned
14 || conduct was so outrageous in character and so extreme in degree as to go beyond all
15 || possible bounds of decency, and should be regarded as despicable, atrocious, and utterly
16 || intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's
17 || private life, identity, personhood, relationships, housing, residence, freedom, liberty,
18 || independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's
19 || private affairs, intimate relationships, and sexual relations (consensual and non-
20 || consensual), said Defendants have acted with malice and oppression and in conscious
21 || disregard of PLAINTIFF's rights to have such information kept confidential and private.
22 || PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be
23 || proven at trial.

24 ||     598. PLAINTIFF is further informed and believes that each business or employer,
25 || through its officers, directors, and managing agents, and each individual Defendant had
26 || advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful
27 || conduct, thereby ratifying it, with a conscious disregard of the rights and safety of
28 || PLAINTIFF and for the deleterious consequences of Defendants' actions, and after

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

599.   PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

600.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

601.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

602.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## NINETEETH CAUSE OF ACTION
### VIOLATION OF CAL. HEALTH & SAFETY CODE § 24176,
### PERFORMANCE OF EXPERIMENT WITHOUT CONSENT OR
### WILLFUL FAILURE TO OBTAIN CONSENT
**(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple; Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; AT&T Services and Doe Defendants, inclusive)**

603.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

604.   Pursuant to California Health & Safety Code § 24176, any person who is primarily responsible for the conduct of a medical experiment and who willfully fails to obtain the subject's informed consent, shall be liable to the subject.

605.   PLAINTIFF alleges that she was and continues to be the subject of a wrongful, unlawful, illegal, dangerous, unethical, and immoral medical experiment. The origin of the unprecedented, inhumane, and fraudulent medical experiment took place in December 1996 in Orlando, Florida, when DEFENDANT J.C. REDDERSEN and DEFENDANT DOE NO. 1 forced a medical experiment and surgical operation on then 8-year-old PLAINTIFF, without the PLAINTIFF's mother's knowledge or consent, wherein both Defendants came to a mutual agreement to implant an embezzled, converted, stolen, and misappropriated state-sponsored hardware identification device, or the State-Sponsored Solar Powered Tracking Device, inside of PLAINTIFF's skull  and occipital bone region, towards the bottom low back of her skull/head/brain and near the occipital

lobe /visual cortex /optic nerve of the brain. The sole intent of this fraudulent, unethical, and immoral medical experiment was and continues to be for monitoring, controlling, exploiting, and surveilling the PLAINTIFF via the embezzled, misappropriated, and stolen state-sponsored software paired with the FRAUDULENT WEBSITE in which PLAINTIFF alleges DEFENDANT J.C. REDDERSEN originally obtained from a former aerospace employer and/or engineering contract in the mid-1990s.

606. PLAINTIFF further alleges that she became the subject of an wrongful, unlawful, illegal, dangerous, unethical, and immoral medical experiment for the second time in January 2012, sixteen (16) years after the initial, unprecedented, and operational medical experiment occurred in Orlando, Florida, wherein DEFENDANTS J.C. REDDERSEN; M.D. REDDERSEN; O'BRIEN; GUTIERREZ; APPLE; GOOGLE; GOOGLE INTERNATIONAL; ALPHABET; DROPBOX; DIRECTV; DIRECTV INTERNATIONAL; AT&T; AT&T SERVICES; and DOE DEFENDANTS, inclusive, collectively, jointly, mutually, and cooperatively came to the consensus of permitting, allowing, adopting, endorsing, encouraging, and sponsoring the hacking and selling of the embezzled, misappropriated, and stolen state-sponsored technology; hardware and software by and through the FRAUDULENT WEBSITE; its FRAUDULENT DROPBOX DOWNLOADS; FRAUDULENT CELL PHONE APPLCIATIONS; and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS. The sole intent of this secondary piracy of the fraudulent, unethical, and immoral medical and human experiment was and continues to be to monitor, control, surveil, sexually exploit, sexually objectify, and sex traffic PLAINTIFF by and through the embezzled, misappropriated, and hacked stolen state-sponsored software/hardware paired and synchronized with the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services, in which are bringing in hundreds of billions, if not trillions, of dollars through blatant fraud, racketeering, money laundering, and the embezzlement and misappropriation of state-sponsored technology assets to said corporate Defendant and

271

Doe entities and individuals, such as   DEFENDANTS O'BRIEN and DEFENDANT GUTIERREZ.

607.   Defendants have made and continue to make a conscious and deliberate effort to censor, block, exclude, obstruct, and prevent PLAINTIFF from accessing the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services for their own personal gain, benefit, and illegal profiteering scheme. Defendants are able to implement this type of censorship capability because the state-sponsored device / identification device and implant has GPS surveillance capabilities and further functions as a broadcasted live-stream of PLAINTIFF, wherein her whereabouts display a physical address location in real time on the Internet with the coordinating state-sponsored software that is continuously corresponding with the FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS.

608.   PLAINTIFF became fully aware of the FRAUDULENT WEBSITE in 2012, sixteen (16) years after the kidnapping and the subcutaneous implant of the identification device had occurred, in and around 1996, and further became aware of the FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS and their functions in 2014, two (2) years after the FRAUDULENT WEBSITE was hacked, sold, became public and went global in 2012. Further, due to the intentional censorship, obstruction, and prevention of accessibility targeted solely against PLAINTIFF, Defendants' fraudulent, unlawful, and illegal transnational repressive network /organization became systemic, and therefore, made it more difficult for PLAINTIFF to seek justice, compensation, freedom, privacy, and urgent medical relief by and through the immediate medical and surgical removal of the state-sponsored subcutaneous implant of the identification device and subsequently have the entire state-sponsored transnational repressive network completely shut down. Moreover, due to

Defendants' unprecedented and continuous violations of the unlawful and illegal conduct and collective efforts into inducing, enticing, dictating, and forcing the PLAINTIFF's delay in filing action by threatening PLAINTIFF's life and causing duress upon the PLAINTIFF, PLAINTIFF seeks tolling and/or exemption from the statute of limitations in this action.

609.   Due to Defendants' wrongful, unlawful, illegal, immoral, unethical, systemic, and atrocious conduct, since January 2012, PLAINTIFF has suffered severely, intensely, physically, emotionally, mentally, and psychologically. PLAINTIFF has been forced into a life-or-death situation and continues to be placed under severe duress due to being trafficked by and through the subcutaneous implant of the identification device. PLAINTIFF is further in need of unprecedented emergency medical care to remove the state-sponsored hardware and identification device that has been forcefully implanted in her body and inside of her occipital bone of her skull, since December 1996.

610.   As a legal, direct, and proximate result of the aforementioned conduct of said Defendants' forced contact with PLAINTIFF, PLAINTIFF has suffered detrimental medical and health issues throughout the past 13 years, that are progressively getting worse, due to the physical implantation of a solar microchip device, or the State-Sponsored Solar Powered Tracking Device, being permanently implanted inside PLAINTIFF's body, causing extreme bodily harm and damaging side effects that could further lead to diseases such as cancer, death, and/or severe infection, if remained untreated and surgically unremoved. Furthermore, the additional pre-programmed and implemented censorship, suppression, and corporate oppression facilitated by Defendants, and each of them, have caused further damage by preventing by force and obstructing PLAINTIFF from seeking justice, compensation, and emergency medical care and health care services by and through their collective transnational repressive network and dictatorship.

611.   As a further proximate result, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to

proof. Additionally, due to the unprecedented medical experiment and forced medical operation that occurred in December 1996, and the subsequent hacking, distribution, trafficking, and selling of the FRAUDULENT WEBSITE that occurred in 2012, PLAINTIFF cannot get the surgically inserted state-sponsored hardware device acknowledged and/or removed by medical professionals.  As a further proximate result, PLAINTIFF will continue to incur, medical and related expenses.

612.   Additionally, all of PLAINTIFF's personal and private information is being captured, photographed, disseminated, downloaded, and live streamed by and through the state-sponsored   FRAUDULENT   WEBSITE,   FRAUDULENT   DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, including but not limited to, PLAINTIFF'S first and last name; personal address(es); telephone number; e-mail address(es); date of birth; driver's license number; social security number; birth certificate; banking information; credit card information; financial institution(s) account number(s); biometric identifiers; and further including PLAINTIFF's personal, private, and familial relations and former intimate and sexual relationships and friendships.

613.   As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

614.   PLAINTIFF seeks recovery for actual damages and compensatory damages.

615.   Defendants should not be permitted to retain the benefits they have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and based on the unprecedented conversion, distribution, and sex trafficking of PLAINTIFF and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an award for compensatory damages and restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINITIFF may seek restitution, as all funds, revenues and benefits that Defendants have acquired through the

unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme were done in bad faith and with the intention to defraud. Additionally, all funds, revenues and benefits that Defendants have unjustly received, as a result of their actions, rightfully belong to PLAINTIFF.

616.   PLAINTIFF seeks recovery for attorney's fees, litigation costs, and expert witness fees and expenses as part of the costs of this action.

617.   The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

618.   PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

619.   PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees,

managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

620.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

621.   In addition, PLAINTIFF seeks an order for: (1) an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm and disparities; (2) an injunction for emergency medical care/relief; and (3) an injunction for a new social security number.

622.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

623.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation." Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

1  unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT
2  WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF
3  would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's
4  cause of action has not yet started to commence, as she is still presently in the trafficking
5  situation, as alleged above in this action.

7  **TWENTIETH CAUSE OF ACTION**
8  **VIOLATION OF CALIFORNIA CONSTITUTION ARTICLE 1, SECTION 1 –**
9  **INALIENABLE RIGHTS**
10 **(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple;**
11 **Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International;**
12 **AT&T; AT&T Services and Doe Defendants, inclusive)**
13    624.  PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and
14 incorporates same herein by this reference as though fully set forth at length.
15    625.  PLAINTIFF had a reasonable expectation of freedom, independence, and
16 privacy in the privacy of her own home, residence, personhood, livelihood, and personal,
17 familial, intimate, and sexual relations, which Defendants, inclusive, have abusively and
18 endlessly exploited, mistreated, and violated through the state-sponsored FRAUDULENT
19 WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, the FRAUDULENT CELL
20 PHONE   APPLICATIONS,   and   FRAUDULENT   ON-DEMAND   ADULT
21 ENTERTAINMENT CHANNELS, since January 2012, and continuously every year
22 thereafter, and up until the current year, month, and date.
23    626.  It is PLAINTIFF's Constitutional and legal right to defend her life, liberty,
24 property, and to pursue and obtain safety, happiness, and privacy, as stated in the
25 California Constitution, Article 1, Section 1.
26    627.  PLAINTIFF is informed, believes, and thereon alleges, that her California
27 Constitutional inalienable rights are collectively and wholly being occupied and
28 unprecedentedly are currently under siege, as of January 2012, and by and through state-

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

sponsored technology/assets, that were and continue to be embezzled, stolen, converted, diverted, misappropriated, and medically and surgically implanted, hacked, sold, downloaded, and disseminated to the international community by and through the Internet and by and through its commercial corporate platforms in the big tech and entertainment/telecom sector. PLAINTIFF further alleges that the occupation of her Constitutional and legal rights are controlling, manipulating, censoring, torturing, segregating, and isolating her, and in furtherance of Defendants' global sex-trafficking agenda and aggravated kidnapping, abduction, and false imprisonment of PLAINTIFF in plain sight and on the free and open Internet, and therein is contributing to the inducing and incitement of aggressive, aggravated, and repetitive sexual assaults, sexual harassment, psychological torture, misery, and unjust and unprovoked cruelty directly targeted towards and against PLAINTIFF on the Internet, in reality and by and through the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services.

628. Furthermore, due to an extreme and unprecedented lack of privacy and intrusive surveillance being facilitated against PLAINTIFF and due to Defendants' collective and joint efforts to control, manipulate, censor, suppress, oppress, isolate and sexually exploit her, and in furtherance of their global sex-trafficking agenda and aggravated kidnapping, abduction, and false imprisonment of PLAINTIFF in plain sight and on the free and open Internet, PLAINTIFF has suffered a severe loss for the potential of companionship, dating relations, friendships, the right to bear a child, and the right to choose to start a family and/or the right to get married, by being intentionally isolated and displaced from social relations and activities, wherein the public is openly aware that she is being intrusively surveilled and violated in plain sight and by and through the hacking of the state-sponsored FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services.

629. By failing to keep PLAINTIFF's life, freedom, safety, property, and privacy protected and safe, and by misusing, distributing, and/or disclosing that invasion of

privacy to capture physical impressions in the form of online publications, photographs, videos, visuals, imagery, audibles, and live broadcastings to the international community and unauthorized parties for unauthorized and illegal use, said Defendants invaded PLAINTIFF's physical and metaphysical privacy by:

    a. Intruding into and aggressively stalking, lurking, and monitoring PLAINTIFF's private, intimate and sexual affairs by and through state-sponsored technology/assets in a manner that would be highly offensive to a reasonable person;

    b. Publicly using and appropriating PLAINTIFF's identity, name, personality, persona, and likeness without PLAINTIFF's consent or authorization and for the sole malicious intent of an illegal profiteering scheme and inhumane sexually inducing entertainment purposes;

    c. Publicizing private facts and personal information about PLAINTIFF in the form of online publications, photographs, videos, visuals, audibles, and live broadcastings by and through state-sponsored technology/assets which is highly offensive to a reasonable person;

    d. Publicly placing PLAINTIFF in a false light and by falsely impersonating her and unprecedentedly seizing her identity, committing identity theft, identity fraud, and portraying her as a fraudulent sex worker and "cam girl" on the Internet and from December 1996 to the present date, made possible by the cloud-stored calendar archive by and through the hacking of the state-sponsored FRAUDULENT WEBSITE, and in a manner that would be highly offensive to a reasonable person;

    e. Violating PLAINTIFF's right to privacy under California Constitution, Article 1, Section 1, through the improper use of PLAINTIFF's Private Information and improperly and unprecedentedly obtained for a specific purpose, for another purpose, and/or the disclosure of it to some third party and/or international community.

630.   Defendants knew, and/or acted with reckless disregard of the fact that, a reasonable person in PLAINTIFF's position would consider said Defendants' fraudulent, unlawful, and illegal conduct and actions highly offensive, alarming, debilitating, and intrusive.

631.   Defendants invaded PLAINTIFF's right to privacy and intruded into PLAINTIFF's private affairs by misusing, distributing and/or disclosing PLAINTIFF's Private Information without her informed, voluntary, affirmative, and clear consent. Further, Defendants are aiding and abetting each other in order to control, manipulate, isolate, hold hostage, and falsely imprison PLAINTIFF for their collective agenda to displace her as a United States citizen and California resident, in furtherance of its Dictatorship and seditious conspiracy to overthrow the state and federal government in order to evade accountability, liability, and justice.

632.   Additionally, all of PLAINTIFF's personal and private information is being captured, photographed, disseminated, downloaded, and live streamed by and through the state-sponsored   FRAUDULENT   WEBSITE,   its   FRAUDULENT   DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, including but not limited to, PLAINTIFF's first and last name; personal address(es); telephone number; e-mail address(es); date of birth; driver's license number; social security number; birth certificate; banking information; credit card information; financial institution(s) account number(s); biometric identifiers; and further including PLAINTIFF's personal, private, and familial relations and former intimate and sexual relationships and friendships.

633.   As a proximate result of such misuse, abusive distribution and disclosures, PLAINTIFF's reasonable expectations of privacy in her private life, identity, personhood, relationships, housing, and residence, was unduly frustrated and thwarted. PLAINTIFF further continues to be a displaced United States citizen due to corporate dictatorship and oppression and is being violated and deprived of her legal and Constitutional rights

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

deliberately against her will. Said Defendants' conduct amounted to a serious invasion of PLAINTIFF'S protected freedom, liberty, independence, and privacy interests.

634. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

635. Due to Defendants' wrongful, unlawful, immoral, unethical, and illegal conduct, PLAINTIFF'S health and physical, emotional, psychological, and mental well-being, and financial, personal, and familial stability, has suffered severe negative repercussions over the past decade and since January 2012, due to Defendants having collectively, jointly and  unprecedentedly displacing PLAINTIFF as a California resident and United States citizen and in conscious disregard of PLAINTIFF's rights to have such inalienable rights be protected. PLAINTIFF, therefore, seeks an award of compensatory and special damages for the loss of income, financial instability, and for past, present, and future medicals and in an amount to be proven at trial.

636. Under the principles of equity and good conscience, DEFENDANTS GUTIERREZ; O'BRIEN; APPLE; GOOGLE; GOOGLE INTERNATIONAL; ALPHABET; DROPBOX; DIRECTV; DIRECTV INTERNATIONAL; AT&T; AT&T SERVICES; and numerous other Corporate Doe Defendants in the Telecom and Banking sector, inclusive, should not be permitted to retain the benefits they have acquired through the unlawful, fraudulent, and illegal conduct described above, therefore, PLAINITFF seeks general and compensatory damages in the form of restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINTIFF may seek restitution, as all funds, revenues and benefits that said Defendants have unjustly received as a result of their actions rightfully belong to PLAINTIFF.

637. In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as

alleged herein to prevent future harm and (4) attorneys' fees and costs to the full extent allowed by law.

638. The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

639. PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

640. PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency,

employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

641.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

642.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

643.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

/ / /

## TWENTY-FIRST CAUSE OF ACTION

### VIOLATION OF CAL. CIV. CODE § 1708.8,

### PHYSICAL INVASION OF PRIVACY

**(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple;**
**Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International;**
**AT&T; AT&T Services and Doe Defendants, inclusive)**

644. PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

645. Defendants are collectively pursuing the intentional and willful physical invasion of PLAINTIFF's privacy in the privacy of her own home and residence by and through the state-sponsored FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS in the following ways, in violation of California Civil Code § 1708.8:

a. The physical invasion of PLAINTIFF's privacy by knowingly and willingly entering into the airspace above and inside of PLAINTIFF's home and residence without her authorization or consent by and through state-sponsored reconnaissance (RECON) satellites and integrated computer software, in furtherance of their conspiracy to control and sexually exploit PLAINTIFF for-profit and inhumane entertainment purposes by capturing visual photographs, videos, imagery, sound and audio recordings, and other personal, private, intimate, and sexual relations with former partners and therefore, are committing an intentional trespass in order to take said wrongful, offensive, fraudulent, unlawful, and illegal capturings. Said cruel activity, malicious wrongdoings, and violations would be highly offensive to a reasonable person;

b. The constructive invasion of privacy of PLAINTIFF's private residence, private restroom, private living space, private dressing room and bedroom,

with the offensive objective to capture PLAINTIFF in her most vulnerable moments in daily life by and through electronic devices such as, cellular phones, laptops, tablets, other electronic devices, and televisions by and through the live-streaming and distribution of the FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, in which a reasonable person would deem highly offensive and maliciously intrusive and;

c. An aggressive assault and false imprisonment with the committed and offensive intent to capture any type of visual image, sound recording, or any other physical impression of PLAINTIFF, while keeping her censored, isolated, and segregated from society for the sole purpose of falsely impersonating her and physically invading her privacy for unethical and inhumane entertainment purposes and in furtherance of obtaining benefits of value and/or ill-gotten gains from their profiteering scheme.

646. PLAINTIFF had a reasonable expectation of privacy in the privacy of her own home, residence, personhood, livelihood, and personal and private intimate and familial relationships, which Defendants, have exploited and violated by and through the FRAUDULENT WEBSITE, FRAUDULENT DROPBOX DOWNLOADS, and its extended for-sale corporate sector fraudulent interactive services.

647. By failing to keep PLAINTIFF's privacy protected and safe, and by misusing, distributing, and/or disclosing that form of physical invasion of privacy to capture physical impressions in the form of online publications, photographs, videos, visuals, audibles, and live broadcastings to unauthorized parties for unauthorized unlawful and illegal use, said Defendants invaded PLAINTIFF's physical privacy by:

a. Intruding into PLAINTIFF's private, personal, and sexual affairs in a manner that would be highly offensive to a reasonable person;

285

b. Publicly using and appropriating PLAINTIFF's identity, name, personality, and likeness without PLAINTIFF's consent and for the sole malicious intent of an illegal profiteering scheme and inhumane entertainment purposes;

c. Publicizing private facts about PLAINTIFF in the form of online publications, photographs, videos, visuals, audibles, and live broadcastings which is highly offensive to a reasonable person;

d. Publicly placing PLAINTIFF in a false light and by falsely impersonating her and unprecedentedly committing identity theft, identity fraud, and portraying her as a fraudulent sex worker and "cam girl" in a manner that would be highly offensive to a reasonable person;

e. Violating PLAINTIFF's right to privacy under California Constitution, Article 1, Section 1, through the improper use of PLAINTIFF's Private Information and improperly obtained for a specific purpose, for another purpose, and/or the disclosure of it to some third party.

648. Defendants knew and acted with reckless disregard of the fact that, a reasonable person in PLAINTIFF's position would consider Defendants' illegal conduct and actions highly offensive.

649. Defendants invaded PLAINTIFF's right to privacy and intruded into PLAINTIFF's private affairs by misusing, distributing and/or disclosing PLAINTIFF's Private Information without her informed, voluntary, affirmative, and clear consent.

650. Additionally, all of PLAINTIFF's personal and private information is being captured, photographed, disseminated, downloaded, and live streamed by and through the state-sponsored FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, including but not limited to, PLAINTIFF's first and last name; personal address(es); telephone number; e-mail address(es); date of birth; driver's license number; social security number; birth certificate;

banking information; credit card information; financial institution(s) account number(s);
biometric identifiers; and further including PLAINTIFF's personal, private, and familial
relations and former intimate and sexual relationships and friendships.

651. As a proximate result of such misuse, distribution and disclosures,
PLAINTIFF's reasonable expectations of privacy in her private life, identity, personhood,
relationships, housing, and residence, was unduly frustrated and thwarted. Said
Defendants' conduct amounted to a serious invasion of PLAINTIFF's protected privacy
interests.

652. As a legal, direct, and proximate result of the aforementioned conduct,
PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and
physical harm, and severe post-traumatic stress disorder and pain and suffering in the
future, as a result of the injuries alleged herein.

653. As a further proximate result, PLAINTIFF has been damaged in that she has
been required to expend money and incur obligations for medical services, drugs, and
sundries, reasonably required in the treatment and relief of the injuries alleged according to
proof. Additionally, due to the unprecedented medical experiment and forced medical
operation that occurred in December 1996, and the subsequent hacking, distribution,
trafficking, and selling of the FRAUDULENT WEBSITE that occurred in 2012,
PLAINTIFF cannot get the surgically inserted state-sponsored hardware device
acknowledged and/or removed by medical professionals.  As a further proximate result,
PLAINTIFF will continue to incur, medical and related expenses.

654. Pursuant to California Civil Code § 1708.8(d), Defendants are liable for up to
three times the amount of any general and special damages, in which PLAINTIFF
continues to suffer from by and through the loss of income, financial instability for the past
decade and since 2012, and lack thereof emergency medical care. Further, this physical
invasion of privacy offensively and intentionally committed by Defendants' collective and
joint efforts, was for a commercial purpose and therefore, PLAINTIFF seek restitutionary
disgorgement of all profits of such amounts and the establishment of a constructive trust

from which PLAINITIFF may seek restitution, as all ill-gotten gains, illegal revenues and benefits that Defendants have unjustly received as a result of their actions, and throughout the past decade and since January 2012, rightfully belong to PLAINTIFF.

655.   Due to Defendants' collective and joint efforts to direct, solicit, and induce several third parties to violate all three (3) subdivisions of § 1708.8, PLAINTIFF seeks award for general, special, and consequential damages resulting from each said violation mentioned above, pursuant to California Civil Code § 1708.8(e),

656.   Additionally, pursuant to California Civil Code § 1708.8(h), PLAINTIFF seeks equitable relief for: (1) an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm and   a restraining order against further stated violations of California Civil Code § 1708.8(a)-(c).

657.   The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

658.   PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

659.   PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

660.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

661.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

662.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation." Therein indicating that each cause of action brought forth in this

1 │ unprecedented civil action is on the basis of the systemic and institutionalized forced labor

2 │ being implemented on PLAINTIFF by the repressive corporate network and the

3 │ unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT

4 │ WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF

5 │ would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's

6 │ cause of action has not yet started to commence, as she is still presently in the trafficking

7 │ situation, as alleged above in this action.

8 │

9 │ **TWENTY-SECOND CAUSE OF ACTION**

10 │ **VIOLATION OF CAL. CIV. CODE § 52.5,**

11 │ **CIVIL ACTION FOR VICTIMS OF HUMAN TRAFFICKING**

12 │ **(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple;**

13 │ **Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International;**

14 │ **AT&T; AT&T Services and Doe Defendants, inclusive)**

15 │ 663.  PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and

16 │ incorporates same herein by this reference as though fully set forth at length.

17 │ 664.  Defendants are collectively, jointly, mutually, and co-conspiring to

18 │ intentionally deprive PLAINTIFF of her personal liberty, freedom, and privacy by

19 │ imposing an unprecedented form of forced labor, involuntary servitude, peonage, human

20 │ trafficking, sexual exploitation and sex slavery for the fraudulent solicitation of

21 │ commercial sex acts on the Internet and in the form of child pornography and non-

22 │ consensual pornographic imagery and videography of PLAINTIFF by and through the

23 │ state-sponsored  FRAUDULENT  WEBSITE,  its  FRAUDULENT  DROPBOX

24 │ DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT

25 │ ON-DEMAND ADULT ENTERTAINMENT CHANNELS.

26 │ 665.  PLAINTIFF alleges that on or around January 2012 and since being forced to

27 │ unprecedentedly live in the public eye by and through the FRAUDULENT WEBSITE and

28 │ its extended for-sale corporate sector fraudulent interactive services, PLAINTIFF has since

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

been and continues to be reduced, degraded, devalued, and dehumanized to solely exist as a fraudulent sex slave for the sole purpose of the solicitation of commercial sex acts in which the general public have the permitted access to control, manipulate, possess, stalk, exploit, and sex traffic PLAINTIFF unprecedentedly, all throughout her life, and from the years of 1996 to the present date via the seized, hacked, and sold state-sponsored FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS and thereby subjecting PLAINTIFF to being a continuous victim of a global sex trafficking ring sponsored, implemented, endorsed, and facilitated by the repressive network by and through said corporate Defendants mentioned above as well as said co-conspiring individual and Doe Defendants, inclusive.

666.   Defendants' unlawful, illegal, and atrocious conduct was intentional and was intended to collectively, cooperatively, mutually, co-conspiringly, and by default, jointly enforce an unprecedented systemic and global sex trafficking ring revolving around PLAINTIFF and her life events, personal traumatic events, former relationships and sexual encounters (consensual and non-consensual), and sexually exploited childhood, adolescence and young adulthood on the Internet by and through DEFENDANT APPLE's APP STORE; DEFENDANT GOOGLE's PLAY STORE; DEFENDANT DROPBOX's file sharing cloud services; DEFENDANTS DIRECTV and AT&T's entertainment streaming platforms and by and through the hacked and state-sponsored FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS.

667.   PLAINTIFF is informed, believes, and thereon alleges that she will continue to suffer extreme and debilitating deprivation of personal liberty, freedom, and privacy rights as well as other Constitutional and legal rights violations, as a result of the injuries alleged herein.

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

668.   Defendants' wrongful, unlawful, illegal, immoral, and atrocious conduct was a substantial factor in causing PLAINTIFF's harm, coercion, duress, and violent deprivation of legal, individual, and Constitutional rights.

669.   As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. Additionally, due to the unprecedented medical experiment and forced medical operation that occurred in December 1996, and the subsequent hacking, distribution, trafficking, and selling of the FRAUDULENT WEBSITE that occurred in 2012, PLAINTIFF cannot get the surgically inserted state-sponsored hardware device acknowledged and/or removed by medical professionals. As a further proximate result, PLAINTIFF will continue to incur, medical and related expenses.

670.   As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

671.   PLAINTIFF seeks an award of actual damages as a result of Defendants' systemic implementation of their creation of an illegal market, profiteering scheme, and ill-gotten gains in PLAINTIFF's name, as well as compensatory damages.

672.   Under the principles of equity and good conscience, DEFENDANTS GUTIERREZ; O'BRIEN; APPLE; GOOGLE; GOOGLE INTERNATIONAL; ALPHABET; DROPBOX; DIRECTV; DIRECTV INTERNATIONAL; AT&T; AT&T SERVICES; and numerous other Corporate Doe Defendants in the Telecom and Banking sector, inclusive, should not be permitted to retain the benefits they have acquired through the unlawful, fraudulent, and illegal conduct described above, therefore, PLAINTIFF seeks general and compensatory damages in the form of restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINTIFF

may seek restitution, as all funds, revenues and benefits that said Defendants have unjustly received as a result of their actions rightfully belong to PLAINTIFF.

673. Pursuant to California Civil Code § 52.5(b), PLAINTIFF is entitled to an award of up to three times her actual damages.

674. Pursuant to California Civil Code § 52.5(a), PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm and attorneys' fees and costs to the full extent allowed by law.

675. The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

676. PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

677. PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

678. The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

679. PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

680. PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation." Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF

1  would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's
2  cause of action has not yet started to commence, as she is still presently in the trafficking
3  situation, as alleged above in this action.

5  ### TWENTY-THIRD CAUSE OF ACTION
6  ### VIOLATION OF CAL. CIV. CODE § 51.9,
7  ### SEXUAL HARASSMENT
8  **(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple;**
9  **Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International;**
10  **AT&T; AT&T Services and Doe Defendants, inclusive)**

11  681.  PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and
12  incorporates same herein by this reference as though fully set forth at length.

13  682.  On or around January 2012, Defendants collectively and systemically
14  engaged in an unprecedented pattern of conduct, and for the past decade, are still
15  continuing to engage in the same pattern of conduct that continuously make sexual
16  advances, solicitations, sexual requests, demands for sexual compliance, and engage in
17  verbal, visual and physical conduct of sexual nature that is derived from hostility and
18  gender-based and LGBTQ+ violence by and through third party individuals, and/or Doe
19  Defendants and that is unwelcomed, pervasive and propels severe discomfort for the
20  PLAINTIFF. Furthermore, these unprecedented variations of sexual harassment
21  PLAINTIFF has been experiencing and continues to be exposed to, are being made
22  possible by and through the state-sponsored FRAUDULENT WEBSITE, its
23  FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE
24  APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT
25  CHANNELS, which are publicly available on the Internet, in the Apple App Store, Google
26  Play Store, and local televised listings, worldwide. Additionally, and more specifically, the
27  sexual harassment taking place on the Internet and synchronized platform channels by and
28  through the fraudulent interactive computer services, further have in-person repercussions,

and are being experienced firsthand by PLAINTIFF by and through discrimination, hate, unwanted sexual advances, sexual innuendos, medical harm, and other various forms of targeted harassment.

683. As a result of that collective pattern of unprecedented conduct whereby Defendants are knowingly placing PLAINTIFF in continuous disadvantaged positions by intentionally forcing an advertised and publicly known power and control imbalance for the primary purpose of their illegal profiteering, sexual exploitation and sex trafficking of PLAINTIFF through the intentional misrepresentation of adult entertainment services by and through the live-streaming and hacking of the state-sponsored FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services. PLAINTIFF has been and continues to be subjected to various forms of sexual harassment by and through unauthorized third parties who are following / monitoring / stalking / squatting / lurking / downloading content on the FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS.

684. PLAINTIFF has further suffered severe economic loss and disadvantage due to the imposed power imbalance over PLAINTIFF's lack of control over her own identity, in person, on the Internet, and on commercial tech and telecom entertainment platforms, such as DEFENDANT APPLE's APP STORE; DEFENDANT GOOGLE's PLAY STORE; DEFENDANT DROPBOX's online and file sharing cloud services; and DEFENDANTS DIRECTV and AT&T's televised streaming platforms. More specifically, PLAINTIFF has suffered and experienced sexual harassment, sexual battery, sexual discrimination, discriminatory pay wages and retaliation in the workplace throughout the past decade, or since 2012, due to the instability and power and control imbalances being publicly imposed by said Defendants, inclusive, over PLAINTIFF.

685. Moreover, PLAINTIFF has experienced personal injury, including but not limited to, suffering substantial emotional distress, fear, anxiety, depression, social

isolation, emotional torment and overall, a decline in physical health from being constantly sexually harassed and targeted due to the public existence of the FRAUDULENT WEBSITE and its extended corporate sector for-sale fraudulent interactive services.

686. In furtherance of Defendants' collective and systemic pattern of unprecedented, isolated, and targeted sexual harassment, PLAINTIFF has been and continues to be forced to submit to being recognized in public by and through the hacked broadcasting and live-streaming of the state-sponsored FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, that are openly and publicly available on the Internet, and is further continuously harassed, tormented, and terrorized by unknown persons, complete strangers, and/or third parties for no legitimate purpose other than the fact that they have unlimited access to monitoring, surveilling, and stalking the PLAINTIFF on their electronic devices.

687. Additionally, where Defendants prevailed in censoring, blocking, and obstructing PLAINTIFF from accessing the openly and publicly available intrusive surveillance domain of PLAINTIFF on the Internet and/or FRAUDULENT WEBSITE, Defendants failed to predict and/or prevent the malicious, manipulative, harassing, controlling, and discriminatory behavior PLAINTIFF has unprecedentedly experienced and still continues to experience in person, in society, on the ground, and in reality, because of the unlimited access the general public has to PLAINTIFF on the hacked, sexually exploitative, and live-streaming FRAUDULENT WEBSITE. Therefore, Defendants' collective efforts and malicious conduct were and continue to be a substantial factor in causing PLAINTIFF's harm and constant societal power imbalances.

688. PLAINTIFF has approached Defendants, on separate occasions and clearly and directly demanded that Defendants cease and abate their unprecedented pattern of conduct and Defendants persisted to ignore and deny PLAINTIFF's request and further persisted in their pattern of conduct in furtherance of insisting on the vicious and violent

cycle of allowing the general public to monitor, control, manipulate, sexually harass, traffic, and sexually exploit PLAINTIFF.

689.   As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

690.   Pursuant to California Civil Code § 52(b), PLAINTIFF seeks exemplary damages in an amount to be proven at trial.

691.   The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

692.   PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

693.   PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

694.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

695.   In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, and fraudulent conduct as alleged herein to prevent future harm; and attorneys' fees and costs to the full extent allowed by law.

696.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

697.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation." Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor

being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

### TWENTY-FOURTH CAUSE OF ACTION
### VIOLATION OF THE RALPH CIVIL RIGHTS ACT OF 1976
**(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple; Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; AT&T Services and Doe Defendants, inclusive)**

698.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

699.   Defendants subjected PLAINTIFF to violence based on her sex and sexual orientation as an LGBTQ+ individual, causing physical and psychological injuries to her. A motivating reason for their conduct was PLAINTIFF's sex and her sexual orientation.

700.   As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

701.   As a further proximate result, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. As a further proximate result, PLAINTIFF will continue to incur, medical and related expenses.

702.   Defendants' conduct was a substantial factor in causing PLAINTIFF's harm.

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

703. As a result of the aforementioned conduct, PLAINTIFF is entitled to a $25,000.00 penalty and/or punitive damages for Defendants' conduct in violation of California Civil Code § 51.7, as well as attorney's fees and costs, pursuant to California Civil Code § 52.

704. In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm.

705. The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

706. PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

707.   PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

708.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

709.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

710.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

1  would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's

2  cause of action has not yet started to commence, as she is still presently in the trafficking

3  situation, as alleged above in this action.

4

5  <div align="center">**TWENTY-FIFTH CAUSE OF ACTION**</div>

6  <div align="center">**VIOLATION OF THE TOM BANE CIVIL RIGHTS ACT**</div>

7  <div align="center">**(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple;**</div>

8  <div align="center">**Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International;**</div>

9  <div align="center">**AT&T; AT&T Services and Doe Defendants, inclusive)**</div>

10  711.  PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and

11  incorporates same herein by this reference as though fully set forth at length.

12  712.  Defendants collectively and systemically subjected PLAINTIFF to threats,

13  intimidation, and coercion based on the interfering of PLAINTIFF's individual rights, the

14  exercising of her legal rights and the enjoyment of her individual rights secured by the

15  Constitution and laws of the United States and Constitution and laws of the state of

16  California, by and through the hacking and selling of the state-sponsored FRAUDULENT

17  WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL

18  PHONE   APPLICATIONS,   and   FRAUDULENT   ON-DEMAND   ADULT

19  ENTERTAINMENT CHANNELS, and therefore, causing a debilitating deprivation of

20  individual, Constitutional and legal rights, and further subjecting PLAINTIFF to unjustly

21  suffer the repercussions of being threatened to exist as a completely displaced citizen in

22  the United States of America and in the state of California.

23  713.  PLAINTIFF is informed, believes, and thereon alleges that she will continue

24  to suffer extreme and debilitating deprivation of legal, individual, and Constitutional

25  rights, as a result of the injuries alleged herein.

26  714.  As a further proximate result, PLAINTIFF has been damaged in that she has

27  been required to expend money and incur obligations for medical services, drugs, and

28  sundries, reasonably required in the treatment and relief of the injuries alleged according to

proof. As a further proximate result, PLAINTIFF will continue to incur, medical and related expenses due to the unprecedented medical experiment and state-sponsored surveillance domain she has been and still continues to be forced and fraudulently obliged to live under.

715. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

716. Defendants' wrongful, unlawful, and illegal conduct was a substantial factor in causing PLAINTIFF's harm, deprivation, and interference of legal, individual, and Constitutional rights.

717. In order to protect the peaceable exercise and enjoyment of the rights secured by the legal and individual rights of the state Constitution of California and federal laws and Constitution of the United States, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm.

718. PLAINTIFF further seeks the appropriate equitable relief for future medical bills, expenses, and sundries in an amount to be proven at trial.

719. As a result of the aforementioned conduct, PLAINTIFF is entitled to attorney's fees and costs, pursuant to California Civil Code § 52.

720. The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's

private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

721.   PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

722.   PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

723.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

724.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the

1  FRAUDULENT WEBSITE and its continuous violations of the laws and the United States
2  Constitution, and a new and separate violation accrues daily. Therefore, this action is ever
3  evolving, and discovery is always continuing.

4      725.  PLAINTIFF further seeks the permitted tolling and/or exemption from the
5  statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c),
6  "Any civil action brought forth for damages to victims of human trafficking, <u>shall be</u>
7  <u>commenced within seven years of the date on which the trafficking victim was freed from</u>
8  <u>the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this
9  unprecedented civil action is on the basis of the systemic and institutionalized forced labor
10 being implemented on PLAINTIFF by the repressive corporate network and the
11 unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT
12 WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF
13 would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's
14 cause of action has not yet started to commence, as she is still presently in the trafficking
15 situation, as alleged above in this action.

16

17              **TWENTY-SIXTH CAUSE OF ACTION**
18          **VIOLATION OF CAL. PENAL CODE § 502,**
19 **CALIFORNIA'S COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD**
20   **ACT (Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez;**
21     **Apple; Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV**
22        **International; AT&T; AT&T Services and Doe Defendants, inclusive)**

23     726.  PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and
24 incorporates same herein by this reference as though fully set forth at length.

25     727.  California's Comprehensive Computer Data Access and Fraud Act, California
26 Penal Code §502, regulates "tampering, interference, damage, and unauthorized access to
27 lawfully created computer data and computer systems."

28

728.   Defendants violated California Penal Code § 502 by knowingly accessing, copying, using, made use of, interfering, and/or altering, data belonging to PLAINTIFF: (1) in and from the State of California; (2) in the home state of the Plaintiff; and (3) in the state in which the servers that provided the communication link between PLAINTIFF and the websites they interacted with, were located.

729.   Pursuant to California Penal Code § 502(b)(1), "Access means to gain entry to, instruct, or communicate with the logical, arithmetical, or memory function resources of a computer, computer system or computer network."

730.   Pursuant to California Penal Code § 502(b)(6), "Data means a representation of information, knowledge, facts, concepts, computer software, computer programs or instructions. Data may be in any form, in storage media, or as stored in the memory of the computer or in transit or presented on a display device."

731.   Defendants have violated California Penal Code § 502(c)(1) by knowingly accessing and without or beyond permission, altering, and making use of data from PLAINTIFF's devices, which qualify as computers, in order to devise and execute business practices to deceive PLAINTIFF into surrendering private electronic communications and activities for said Defendants' financial gain, and to wrongfully obtain valuable private data from PLAINTIFF.

732.   Defendants have violated California Penal Code § 502(c)(2) by knowingly accessing and without permission, taking, or making use of data from PLAINTIFF, which qualify as computers.

733.   Defendants have violated California Penal Code § 502(c)(3) by knowingly and without permission, using and causing to be used PLAINTIFF's computer services, unprecedentedly by and through identity fraud.

734.   Defendants have violated California Penal Code § 502(c)(6) by knowingly and without permission providing, or assisting in providing, means of accessing PLAINTIFF's devices, which qualify as computers, computer system, and/or computer network.

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

735. Defendants have violated California Penal Code § 502(c)(7) by knowingly and without permission, accessing, or causing to be accessed, PLAINTIFF's devices, which qualify as computers, computer systems, and/or computer networks.

736. California Penal Code § 502(j) states: "For purposes of bringing a civil or criminal action under this section, a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction."

737. PLAINTIFF has also suffered irreparable injury and harm from these unauthorized acts of disclosure and public distributions in that of her personal, private, and sensitive electronic data was obtained and used and disseminated by said Defendants. Due to the continuing threat of such injury and harm, PLAINTIFF has no adequate remedy at law, entitling PLAINTIFF to injunction relief.

738. PLAINTIFF has additionally suffered loss by reason of these violations, including, without limitation, violation of the Constitutional right of privacy.

739. PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm.

740. As a direct and proximate result of said Defendants' unlawful conduct within the meaning of California Penal Code § 502, said Defendants have caused loss to PLAINTIFF in amount to be proven at trial. PLAINTIFF is also entitled to recover her reasonable attorneys' fees pursuant to California Penal Code § 502(e).

741. The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's

private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

742.   PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

743.   PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

744.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

745.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

746.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## TWENTY-SEVENTH CAUSE OF ACTION
### VIOLATION OF CAL. BUS. & PROF. CODE §§ 17500, *et seq.,*
### CALIFORNIA'S FALSE ADVERTISING LAW
### (Against Defendants Apple; Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; and AT&T Services)

747.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

748.   Defendants have engaged and continue to engage in false advertising as it disseminated false and/or misleading statements of PLAINTIFF regarding their representations of their fraudulent services on their corporate platforms; the Apple App

Store, Google Play Store, Dropbox file sharing services, telecom services, and satellite/cable television and entertainment streaming services by violating their own ethical business practices, standards, and policies. Additionally, and more specifically, DEFENDANT DROPBOX is making false and unsubstantiated representations concerning the characteristics of its cloud sharing services, in conspiracy with the Apple App Store and Google Play Store.

749.   Defendants knew or should have known by exercising reasonable care that its representations were false and/or misleading. During the period of 2012 to 2023, said Defendants engaged in false advertising in violation of California Business and Professions Code §§ 17500, *et seq.*, by misrepresenting in their advertising, marketing, and other communications disseminated to PLAINTIFF, and the consuming public that *inter alia*: (1) PLAINTIFF was a consensual Application and Web Developer on the Apple App Store and Google Play Store; (2) that PLAINTIFF was a consensual adult entertainment film star and producer on major telecom satellite and cable channel providers; (3) that PLAINTIFF was a consensual sex worker and further, consented to an illegal and experimental surgical operation for the sole intent of sex work as a minor; (4) that PLAINTIFF consented to and willingly created a Dropbox account for the sole intent of publicly distributing free downloads of graphic and humiliating images and videos of herself, her childhood, and her former intimate, personal, and private relationships and; (5) that PLAINTIFF was willing and consented to subjecting herself to being violently and sexually objectified, controlled, manipulated, and possessed by the general public, and through the services and platforms of DEFENDANTS APPLE; GOOGLE; DROPBOX; DIRECTV; AT&T; and numerous other Telecom Doe Defendants, inclusive.

750.   Each of these aforementioned representations were false and misleading because during the period (2012-2023), said Defendants: (1) failed to take adequate steps to prevent unlawful and illegal activity; (2) failed to employ the industry's best measures to address obvious red flags; (3) accessed PLAINTIFF's information without consent; and (4) failed to ensure that the data transmitted via mobile devices and other electronic

devices would not be freely disseminated to the general public via free download through DEFENDANT DROPBOX's file sharing services and/or FRAUDULENT DROPBOX DOWNLOADS.

751.   Additionally, all of PLAINTIFF's personal and private information is being captured, photographed, disseminated, downloaded, and live streamed by and through the state-sponsored   FRAUDULENT   WEBSITE,   its   FRAUDULENT   DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, including but not limited to, PLAINTIFF's first and last name; personal address(es); telephone number; e-mail address(es); date of birth; driver's license number; social security number; birth certificate; banking information; credit card information; financial institution(s) account number(s); biometric identifiers; and further including PLAINTIFF's personal, private, and familial relations and former intimate and sexual relationships and friendships.

752.   By disseminating and publishing these statements in connection with the sale of said Defendants' digital services, said Defendants have engaged in and continue to engage in false advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

753.   As a direct and proximate result of said Defendants' conduct, as set forth herein, said Defendants have received ill-gotten gains and/or profits and benefits, including but not limited to money. Therefore, said Defendants have been unjustly enriched. Pursuant to California Business and Professions Code § 17535, PLAINTIFF requests restitution and restitutionary disgorgement for all sums and profits of such amounts and the establishment of a constructive trust from which PLAINTIFF may seek restitution, for all funds, revenues and benefits that said Defendants have unjustly received as a result of their actions, and in in violation of California Business and Professions Code §§ 17500, *et seq.,* rightfully belong to PLAINTIFF.

754.   PLAINTIFF   seeks   injunctive   relief,   restitution,   and   restitutionary disgorgement of said Defendants' ill-gotten gains as specifically provided in California Business and Professions Code § 17535.

755. PLAINTIFF seeks to enjoin said Defendants' from engaging in these wrongful and illegal practices, as alleged herein, in the future. There is no adequate remedy at law and if an injunction is not ordered, PLAINTIFF will suffer irreparable harm and/or injury.

756. In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, and fraudulent conduct as alleged herein to prevent future harm and attorneys' fees and costs to the full extent allowed by law.

757. The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

758. PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

759.   PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

760.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

761.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

762.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation." Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF

314

1  would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's
2  cause of action has not yet started to commence, as she is still presently in the trafficking
3  situation, as alleged above in this action.

5  ### TWENTY-EIGHTH CAUSE OF ACTION
6  **COMMON COUNTS, ASSUMPSIT, AND**
7  **UNJUST ENRICHMENT/RESTITUTION**
8  **(Against Defendants O'Brien; Gutierrez; Apple; Google; Google International;**
9  **Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; AT&T Services; and**
10  **Doe Defendants, inclusive)**

11  763.  PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and
12  incorporates same herein by this reference as though fully set forth at length.

13  764.  Defendants entered into a series of implied in fact contracts with
14  DEFENDANTS GUTIERREZ and O'BRIEN under PLAINTIFF's first and last name and
15  identity that resulted in money being had and received by all said Defendants, inclusive, at
16  the expense of PLAINTIFF under fraudulent agreements in assumpsit. Defendants have
17  been unjustly enriched by the resulting profits enjoyed by said Defendants as a result of
18  such unauthorized and fraudulent agreements. PLAINTIFF's detriment and Defendants'
19  enrichment were related to and flowed from the conduct challenged in this Complaint.

20  765.  Under common law principles recognized in claims of common counts, unjust
21  enrichment, restitution and/or assumpsit, Defendants should not be permitted to retain the
22  benefits conferred upon them based on the taking of personal data, location data, and
23  unprecedented metaphysical data from PLAINTIFF and converting it into revenues and
24  profits by and through the FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX
25  DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT
26  ON-DEMAND ADULT ENTERTAINMENT CHANNELS.

27  766.  Additionally, all of PLAINTIFF's personal and private information is being
28  captured, photographed, disseminated, downloaded, and live streamed by and through the

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

state-sponsored FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, including but not limited to, PLAINTIFF's first and last name; personal address(es); telephone number; e-mail address(es); date of birth; driver's license number; social security number; birth certificate; banking information; credit card information; financial institution(s) account number(s); biometric identifiers; and further including PLAINTIFF's personal, private, and familial relations and former intimate and sexual relationships and friendships.

767. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

768. Defendants should not be permitted to retain the benefits they have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and based on the unprecedented conversion, distribution, and sex trafficking of PLAINTIFF and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an award for compensatory damages and restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINITIFF may seek restitution, as all funds, revenues and benefits that Defendants have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme were done in bad faith and with the intention to defraud. Additionally, all funds, revenues and benefits that Defendants have unjustly received, as a result of their actions, rightfully belong to PLAINTIFF.

769. In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm and attorneys' fees and costs to the full extent allowed by law.

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

770.   The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

771.   PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

772.   PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

773.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

774.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

775.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

/ / /

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

## TWENTY-NINTH CAUSE OF ACTION

### COMMON LAW TRADEMARK INFRINGEMENT

**(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple; Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; AT&T Services and Doe Defendants, inclusive)**

776.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

777.   PLAINTIFF is the owner of a common law trademark in the trade name "Athena Reddersen" and the logo stylized as follows (the "AR Mark"):

**A T H E N A  [R E D D E R S E N]** ®

778.   The AR Mark is an inherently distinctive mark, is unique in name and has otherwise become distinctive through acquiring secondary meaning by the consuming public. As such, the AR Trademark is the means by which PLAINTIFF's professional portrait photography products and services are distinguished from others in the marketplace throughout the United States, including California.

779.   PLAINTIFF has expended substantial time, effort, money, and resources advertising and promoting her products and services under the AR Mark. Professional portrait photography products and services bearing the AR mark are sold by PLAINTIFF throughout the United States, including California.

780.   PLAINTIFF is widely recognized as the designated source of professional portrait photography goods and services bearing the AR Trademark.

781.   The AR Trademark is a valid and subsisting trademark in full force and effect.

782.   Despite requesting, reporting, and submitting complaints to take down the FRAUDULENT DROPBOX DOWNLOADS, its FRAUDULENT CELL PHONE APPLICATIONS and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT

CHANNELS and their said functions being sold and disseminated in the AR Trademark, to said DEFENDANTS APPLE; GOOGLE; DROPBOX; DIRECTV; AT&T; and Doe Defendants, inclusive, Defendants willfully and knowingly continued to use, and continue to still use, the AR Trademark in commerce on their application store platforms, website, broadcasted channels, and elsewhere on the Internet for the purpose of selling unauthorized, unconstitutional, fraudulent, unlawful, and illegal pornographic and pedophiliac photographic and videographic services in the AR Trademark, in PLAINTIFF's name and consciously, deliberately, and knowingly against the will of the PLAINTIFF.

783.   Additionally, all of PLAINTIFF's personal and private information is being captured, photographed, disseminated, downloaded, and live streamed by and through the state-sponsored   FRAUDULENT   WEBSITE,   its   FRAUDULENT   DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, including but not limited to, PLAINTIFF's first and last name; personal address(es); telephone number; e-mail address(es); date of birth; driver's license number; social security number; birth certificate; banking information; credit card information; financial institution(s) account number(s); biometric identifiers; and further including PLAINTIFF's personal, private, and familial relations and former intimate and sexual relationships and friendships.

784.   Defendants' use of the AR Trademark in connection with their unauthorized sale and distributions of unconstitutional, fraudulent, unlawful, and illegal pornographic and pedophiliac photographic and videographic services, which are not the kind of professional portrait photography services being offered by PLAINTIFF, is likely to cause consumer confusion, cause mistake, offend the public, and deceive consumers because it offensively suggests that the services offered for sale by Defendants are similar in nature and service as PLAINTIFF's professional portrait photography services, legitimately bearing the AR Trademark or that they originate from, are sponsored by, authorized by, approved by, endorsed by, or otherwise connected with PLAINTIFF.

785.   Defendants' unauthorized, unconstitutional, fraudulent, unlawful, and illegal sale of services bearing the AR Trademark and unauthorized use of the AR Trademark in advertising, have materially damaged the value of the AR Trademark and caused significant damage to PLAINTIFF's business relations.

786.   As a direct and proximate result of the Defendants' breaches of duties as alleged above, PLAINTIFF has suffered and will continue to suffer general and special damages in an amount to be proven at trial.

787.   Defendants should not be permitted to retain the benefits they have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and based on the unprecedented conversion, distribution, and sex trafficking of PLAINTIFF and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an award for compensatory damages and restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINITIFF may seek restitution, as all funds, revenues and benefits that Defendants have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme were done in bad faith and with the intention to defraud. Additionally, all funds, revenues and benefits that Defendants have unjustly received, as a result of their actions, rightfully belong to PLAINTIFF.

788.   In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm and attorneys' fees and costs to the full extent allowed by law.

789.   The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

790.   PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

791.   PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

792.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

793.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

794.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## THIRTIETH CAUSE OF ACTION
### COMMON LAW CONVERSION
**(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple; Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; AT&T Services and Doe Defendants, inclusive)**

795.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

796.   PLAINTIFF owned/possessed/had a right to possess her personal property, private information, and unprecedentedly, her personhood, physique, biometrics, and identity in the form of PII data.

797.  Personal Identifiable Information (PII) is defined as any representation of information that permits the identity of an individual (e.g., name, address, social security number, or other identifying number or code, biometrics, financial information, medical records, telephone number, email address, etc.) to whom the information applies to be reasonably inferred by either direct or indirect means. Additionally, information permitting the physical or online contacting of a specific individual is the same as personally identifiable information. This information can be maintained in either paper, electronic or other media.

798.  Defendants substantially interfered with and have taken, stolen, converted, and diverted PLAINTIFF's property, in the form of PII data about her that is private and personal, by knowingly and intentionally taking possession of the hacked state-sponsored surveillance domain, or FRAUDULENT WEBSITE, and compromising PLAINTIFF's personal, private, and sensitive information/data by freely distributing it to the global community, and by which, the state-sponsored surveillance domain was initially controlled, possessed, converted, diverted, embezzled and misappropriated by DEFENDANT J.C. REDDERSEN in 1996, by and through a U.S. Military Defense contract job. Additionally, Defendants refuse to stop selling, broadcasting, live streaming, and freely distributing PLAINTIFF's unprecedented PII data on the hacked and misappropriated state-sponsored surveillance domain.

799.  Additionally, all of PLAINTIFF's personal and private information is being captured, photographed, disseminated, downloaded, and live streamed by and through the state-sponsored FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, including but not limited to, PLAINTIFF's first and last name; personal address(es); telephone number; e-mail address(es); date of birth; driver's license number; social security number; birth certificate; banking information; credit card information; financial institution(s) account number(s);

biometric identifiers; and further including PLAINTIFF's personal, private, and familial relations and former intimate and sexual relationships and friendships.

800.   PLAINTIFF did not consent to or authorize such taking.

801.   PLAINTIFF has been severely harmed by this exercise of dominion, possession, and control over her personal, private, and sensitive information/data.

802.   Defendants' fraudulent, unlawful, illegal, and unprecedented conduct and activity was and still continues to be a substantial factor in causing PLAINTIFF's harm.

803.   PLAINTIFF is bringing this case seeking recovery for her damages and appropriate injunctive relief.

804.   Defendants should not be permitted to retain the benefits they have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and based on the unprecedented conversion, distribution, and sex trafficking of PLAINTIFF and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an award for compensatory damages and restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINITIFF may seek restitution, as all funds, revenues and benefits that Defendants have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme were done in bad faith and with the intention to defraud. Additionally, all funds, revenues and benefits that Defendants have unjustly received, as a result of their actions, rightfully belong to PLAINTIFF.

805.   In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm.

806.   The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly

intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

807.   PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

808.   PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

809.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF'S rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently,

PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

810.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

811.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## THIRTY-FIRST CAUSE OF ACTION
### DISPARAGEMENT – TRADE LIBEL
**(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple; Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; AT&T Services and Doe Defendants, inclusive)**

812.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

813.  On or around January 2012, Defendants' collective and co-conspiring efforts to falsely and fraudulently state that PLAINTIFF or, "Athena Reddersen" is an adult entertainer, film star and producer, sex worker, a website developer and an App developer on Apple's App Store and Google's Play Store.

814.  Defendants' fraudulent conduct became the publicly and globally available hacked, sold, and disseminated state-sponsored FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, portraying PLAINTIFF's first and last name and identity as the creator and developer of said website, applications, and broadcasted television channels, in furtherance of selling said fraudulent adult entertainment services to the public.

815.  These fraudulent statements, publications, advertisements, and services are clearly, blatantly, and deliberately false, and are being subsequently disseminated on a clear converted, diverted, embezzled, and misappropriated state-sponsored network and/or software technology asset in PLAINTIFF's first and last name by and through the FRAUDULENT WEBSITE.

816.  Said Defendants are mutually agreeing and participating in such fraudulent activities and are doing so knowingly, willingly, voluntarily, and with deliberate disregard for the life, health, and financial stability of PLAINTIFF and further including with deliberate disregard for national security, as the main priorities for Defendants' actions were and to continue to benefit off controlling, possessing, manipulating, selling, trafficking, exploiting and profiteering off PLAINTIFF's namesake, identity, and unprecedentedly her personal and private life experiences.

817.  PLAINTIFF's identity, business, and side job prior to 2012, was an up-and-coming freelance photographer who specialized in portrait and commercial photography. PLAINTIFF was doing business and providing photography services under her first and last name, Athena Reddersen. As a proximate result of Defendants' disrespectful, atrocious, and misogynistic disparagement of PLAINTIFF's name, identity, likeness, and

328

persona, PLAINTIFF has suffered severe reputational harm, loss of business profits and clientele. Further, PLAINTIFF has suffered financial instability due to the misogynistic disparagement being continuously streamed, disseminated, downloaded, and sold to the public.

818.   PLAINTIFF seeks reward for special damages in lost earnings and profits; loss of reputation; decreased business traffic; and adverse employment consequences.

819.   Defendants should not be permitted to retain the benefits they have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and based on the unprecedented conversion, distribution, and sex trafficking of PLAINTIFF and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an award for compensatory damages and restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINITIFF may seek restitution, as all funds, revenues and benefits that Defendants have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme were done in bad faith and with the intention to defraud. Additionally, all funds, revenues and benefits that Defendants have unjustly received, as a result of their actions, rightfully belong to PLAINTIFF.

820.   In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, and fraudulent conduct as alleged herein to prevent future harm.

821.   The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's

private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award for punitive damages, and in an amount to be proven at trial.

822.   PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

823.   PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

824.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

825.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the

FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

826.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## **THIRTY-SECOND CAUSE OF ACTION**
### **FRAUD – CONCEALMENT (COUNT 1)**
### **(Against Defendants J.C. Reddersen; M.D. Reddersen)**

827.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

828.   As set forth above, Defendants deliberately concealed material facts from PLAINTIFF regarding their true intent to not reveal the medical experiment that PLAINTIFF was forced to undergo in December 1996, wherein the fraudulent and unprecedented medical experiment was made possible with stolen, converted, diverted, embezzled and misappropriated state-sponsored technology/assets, and instead, Defendants exposed and permitted the vulnerability of the FRAUDULENT WEBSITE to become publicly under siege, hacked, and was sold to commercial corporate platforms in

the entertainment sector, in January 2012, and in furtherance of avoiding confrontation, accountability and/or responsibility of the truth, rightfully owed to PLAINTIFF.

829.   The representation of both the FRAUDULENT WEBSITE and PLAINTIFF's identity, in 1996, and again, in 2012, was false and fraudulent when made / created / registered / developed / experimented / invented / disseminated / sold, and Defendants knew that this representation was false and fraudulent.

830.   Had Defendants disclosed these material facts to PLAINTIFF in January 2012, she would have taken necessary measures to ensure that justice was immediately pursued through legal action, by shutting down the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services, and that the embezzled and misappropriated state-sponsored hardware device was surgically removed from her body.  Aware of this, Defendants intended to and did, in fact, conceal this information from PLAINTIFF in order to defraud PLAINTIFF, and further including defrauding the United States Government, to protect themselves from potential prosecution for stealing, converting, diverting, embezzling, and misappropriating state-secrets and state-sponsored technology/assets for the sole purpose of an inhumane and unprecedented medical experiment for non-medical reasons, originally facilitated and executed in and around 1996.

831.   Unaware of Defendants' deceitful actions and failure to disclose material facts, PLAINTIFF relied on Defendants. Her reliance was reasonable and justifiable as J.C. REDDERSEN and M.D. REDDERSEN had a duty to act in PLAINTIFF's best interests as direct parental units of PLAINTIFF, and at this time, PLAINTIFF had no reason to suspect Defendants would act otherwise.

832.   As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. Additionally, due to the unprecedented medical experiment and forced medical operation that occurred in and around December

---

332

1996, and the subsequent hacking, distribution, trafficking, and selling of the FRAUDULENT WEBSITE that occurred in 2012, PLAINTIFF cannot get the surgically inserted state-sponsored hardware device acknowledged and/or removed by medical professionals. As a further proximate result, PLAINTIFF will continue to incur medical and related expenses.

833. As a direct and proximate result of Defendants' fraudulent concealment, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, plus interest at the legal rate.

834. In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm.

835. Defendants' concealment was intentional and fraudulent, was taken to deprive PLAINTIFF of her legal rights and/or otherwise cause injury and damage, was despicable conduct and subjected PLAINTIFF to cruel and unjust hardship and was done in conscious disregard of PLAINTIFF's legal and Constitutional rights. Accordingly, Defendants are guilty of oppression, fraud, and malice so as to justify an award of exemplary and punitive damages.

836. PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

837. PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation." Therein indicating that each cause of action brought forth in this

1  unprecedented civil action is on the basis of the systemic and institutionalized forced labor
2  being implemented on PLAINTIFF by the repressive corporate network and the
3  unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT
4  WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF
5  would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's
6  cause of action has not yet started to commence, as she is still presently in the trafficking
7  situation, as alleged above in this action.

8
9                        **THIRTY-THIRD CAUSE OF ACTION**
10                        **FRAUD – CONCEALMENT (COUNT 2)**
11      **(Against Defendants O'Brien; Gutierrez; Apple; Google; Google International;**
12      **Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; AT&T Services and**
13                        **Doe Defendants, inclusive)**
14          838.  PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and
15  incorporates same herein by this reference as though fully set forth at length.
16          839.  As set forth above, Defendants deliberately concealed material facts and
17  evidence from PLAINTIFF regarding their true intent of identity theft and identity fraud
18  for profit and to prohibit PLAINTIFF from having access, and in furtherance of
19  intensifying the targeted and isolated censorship against PLAINTIFF by blocking,
20  preventing, and obstructing her from accessing the FRAUDULENT WEBSITE, its
21  FRAUDULENT  DROPBOX  DOWNLOADS,  FRAUDULENT  CELL  PHONE
22  APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT
23  CHANNELS on their unregulated entertainment platforms and streaming services, telecom
24  and Internet services, and instead retain all ill-gotten gains, profits, and benefits by and
25  through the unprecedented sex trafficking of  PLAINTIFF, since January 2012 up to the
26  present date, in order to avoid confrontation, accountability and/or responsibility, further
27  including rightfully owed and just compensation to PLAINTIFF.
28

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

840. The representation of the FRAUDULENT WEBSITE and its above mentioned extended for-sale corporate sector fraudulent interactive services being sold in PLAINTIFF's identity was false and fraudulent when made / created / hacked / disseminated / sold, and Defendants knew that this representation was false and fraudulent.

841. Had Defendants disclosed these material facts and evidence to PLAINTIFF without the enforced systemic censorship and its repressive network, PLAINTIFF would have taken necessary measures to ensure that civil action was immediately pursued through the Court system, by requesting writ and injunctive relief in shutting down the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services, and further including that the embezzled and misappropriated state-sponsored hardware device was surgically removed from her body. Aware of this, Defendants, and each of them, intended to and did, in fact, conceal this information from PLAINTIFF in order to defraud PLAINTIFF.

842. Unaware of Defendants' deceitful actions, extreme censorship, transnational repressive network, and failure to disclose material facts and evidence in January 2012, PLAINTIFF relied on Defendants for transparent Internet based services, products, and televised broadcastings. Her reliance was reasonable and justifiable as Defendants had a duty to act in PLAINTIFF's best interests, not only law-abiding citizens, and corporate entities, but also as corporate leaders in the tech and entertainment industry, and at this time, PLAINTIFF had no reason to suspect Defendants would act otherwise.

843. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. Additionally, due to the unprecedented medical experiment and forced medical operation that occurred in December 1996, and the subsequent hacking, distribution, trafficking, and selling of the FRAUDULENT WEBSITE that occurred in 2012, PLAINTIFF cannot get the surgically inserted state-

1 sponsored hardware device acknowledged and/or removed by medical professionals.  As a
2 further proximate result, PLAINTIFF will continue to incur, medical and related expenses.

3 844.  As a direct and proximate result of Defendants' fraudulent concealment,
4 PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and
5 physical harm, and severe post-traumatic stress disorder and pain and suffering in the
6 future, plus interest at the legal rate.

7 845.  Defendants should not be permitted to retain the benefits they have acquired
8 through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and
9 based on the unprecedented conversion, distribution, and sex trafficking of PLAINTIFF
10 and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an
11 award for compensatory damages and restitutionary disgorgement of all profits of such
12 amounts and the establishment of a constructive trust from which PLAINITIFF may seek
13 restitution, as all funds, revenues and benefits that Defendants have acquired through the
14 unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme
15 were done in bad faith and with the intention to defraud. Additionally, all funds, revenues
16 and benefits that Defendants have unjustly received, as a result of their actions, rightfully
17 belong to PLAINTIFF.

18 846.  In addition, PLAINTIFF seeks an order for an injunction against said
19 Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as
20 alleged herein to prevent future harm.

21 847.  The aforementioned conduct was accomplished intentionally and/or
22 recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety,
23 privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned
24 conduct was so outrageous in character and so extreme in degree as to go beyond all
25 possible bounds of decency, and should be regarded as despicable, atrocious, and utterly
26 intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's
27 private life, identity, personhood, relationships, housing, residence, freedom, liberty,
28 independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

848.   PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

849.   PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

850.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF'S rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

851.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the

1 │ FRAUDULENT WEBSITE and its continuous violations of the laws and the United States
2 │ Constitution, and a new and separate violation accrues daily. Therefore, this action is ever
3 │ evolving, and discovery is always continuing.

4 │     852.   PLAINTIFF further seeks the permitted tolling and/or exemption from the
5 │ statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c),
6 │ "Any civil action brought forth for damages to victims of human trafficking, <u>shall be</u>
7 │ <u>commenced within seven years of the date on which the trafficking victim was freed from</u>
8 │ <u>the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this
9 │ unprecedented civil action is on the basis of the systemic and institutionalized forced labor
10 │ being implemented on PLAINTIFF by the repressive corporate network and the
11 │ unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT
12 │ WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF
13 │ would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's
14 │ cause of action has not yet started to commence, as she is still presently in the trafficking
15 │ situation, as alleged above in this action.

16 │

17 │ **THIRTY-FOURTH CAUSE OF ACTION**
18 │ **FRAUD – INTENTIONAL MISREPRESENTATION (COUNT 3)**
19 │ **(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple;**
20 │ **Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International;**
21 │ **AT&T; AT&T Services and Doe Defendants, inclusive)**

22 │     853.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and
23 │ incorporates same herein by this reference as though fully set forth at length.

24 │     854.   In or around January 2012, Defendants, by and through DEFENDANT J.C.
25 │ REDDEREN'S immoral, unethical, unlawful, and illegal medical experimentation forced
26 │ on PLAINTIFF, and embezzlement and misappropriation of state-sponsored
27 │ technology/assets in 1996, made materially false representations about, and/or deliberately
28 │ concealed, the true nature of its adult entertainment interactive services, being made

available in PLAINTIFF's first and last name and identity by and through the
FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent
interactive services, and in relation to online and televised marketing campaigns. Further,
targeted and isolated censorship being facilitated and demonstrated strictly against
PLAINTIFF was and continues to be a major factor in Defendants' false representations
and/or concealment in their collective pattern of fraudulent conduct.

855. Defendants' representations were false, and Defendants knew that their
representations were false when they made them and made the representations recklessly
and without regard for their truth and further, without regard for PLAINTIFF's privacy,
safety, stability, and physical health and well-being. Additionally, Defendants knew they
made the false representations recklessly and without disregard for national security, as
they willingly and collectively embezzled, misappropriated, converted, diverted, bought,
sold, and disseminated state-secrets to the general public by and through the hacked
functions of the FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX
DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS and FRAUDULENT
ON-DEMAND ADULT ENTERTAINMENT CHANNELS.

856. Defendants intended that both, PLAINTIFF and the general public rely on
their misrepresentations and censorship, suppression, and obstruction strictly targeted
against PLAINTIFF so that she would be continuously victimized, and sex trafficked by
and through their dictatorship, combined corporate powers, and repressive network,
without further accountability. Unaware of Defendants' deceitful actions and falsity of its
representations, and in reasonable reliance thereon, PLAINTIFF went about her daily life
and normal hygienic practices, unknowingly realizing that she was being portrayed as a
fraudulent sex worker and "cam girl" by and through state-sponsored surveillance
technology/assets on the Internet and additionally, through commercial tech and
entertainment platforms, or said Defendants, for the sole purpose of a fraudulent and
transnational illegal profiteering scheme. PLAINTIFF's reliance on Defendants'
misrepresentation and/or suppression was justified and reasonable as PLAINTIFF was

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

1  intentionally kept in the dark and isolated, and therefore, was living her daily life in what
2  she thought, was in the privacy of her own home and residence.

3      857.  As a legal, direct, and proximate result of the aforementioned conduct,
4  PLAINTIFF has been damaged in that she has been required to expend money and incur
5  obligations for medical services, drugs, and sundries, reasonably required in the treatment
6  and relief of the injuries alleged according to proof. Additionally, due to the unprecedented
7  medical experiment and forced medical operation that occurred in December 1996, and the
8  subsequent hacking, distribution, trafficking, and selling of the FRAUDULENT
9  WEBSITE that occurred in 2012, PLAINTIFF cannot get the surgically inserted state-
10  sponsored hardware device acknowledged and/or removed by medical professionals.  As a
11  further proximate result, PLAINTIFF will continue to incur medical and related expenses.

12      858.  As a direct and proximate result of Defendants' fraudulent concealment,
13  PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and
14  physical harm, and severe post-traumatic stress disorder and pain and suffering in the
15  future, plus interest at the legal rate.

16      859.  Defendants should not be permitted to retain the benefits they have acquired
17  through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and
18  based on the unprecedented conversion, distribution, and sex trafficking of PLAINTIFF
19  and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an
20  award for compensatory damages and restitutionary disgorgement of all profits of such
21  amounts and the establishment of a constructive trust from which PLAINITIFF may seek
22  restitution, as all funds, revenues and benefits that Defendants have acquired through the
23  unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme
24  were done in bad faith and with the intention to defraud. Additionally, all funds, revenues
25  and benefits that Defendants have unjustly received, as a result of their actions, rightfully
26  belong to PLAINTIFF.

27
28  / / /

340

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**