860. In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm.

861. The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

862. PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

863. PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency,

1 │ employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the
2 │ permission and consent of each of the other Defendants.

3 │     864. The conduct of Defendants, and each of them, and Does 1 through 10,
4 │ inclusive, and/or their agents, employees, supervisors as described herein was malicious,
5 │ oppressive, and done with willful and conscious disregard for PLAINTIFF'S rights and for
6 │ the deleterious consequences of Defendants' actions. Defendants authorized, condoned,
7 │ and ratified the unlawful conduct of each and every one of them. Consequently,
8 │ PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at
9 │ trial.

10 │     865. PLAINTIFF seeks the permitted tolling and/or exemption from the statute of
11 │ limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the
12 │ FRAUDULENT WEBSITE and its continuous violations of the laws and the United States
13 │ Constitution, and a new and separate violation accrues daily. Therefore, this action is ever
14 │ evolving, and discovery is always continuing.

15 │     866. PLAINTIFF further seeks the permitted tolling and/or exemption from the
16 │ statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c),
17 │ "Any civil action brought forth for damages to victims of human trafficking, shall be
18 │ commenced within seven years of the date on which the trafficking victim was freed from
19 │ the trafficking situation." Therein indicating that each cause of action brought forth in this
20 │ unprecedented civil action is on the basis of the systemic and institutionalized forced labor
21 │ being implemented on PLAINTIFF by the repressive corporate network and the
22 │ unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT
23 │ WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF
24 │ would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's
25 │ cause of action has not yet started to commence, as she is still presently in the trafficking
26 │ situation, as alleged above in this action.

27 │
28 │ / / /

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

## THIRTY-FIFTH CAUSE OF ACTION

### FRAUD – INTENTIONAL MISREPRESENTATION AND DECEIT (COUNT 4)

(Against Defendants O'Brien; Gutierrez; Apple; Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; AT&T Services and Doe Defendants, inclusive)

867.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

868.   PLAINTIFF is informed, believes and thereon alleges, that the oral and written representations by Defendants, concerning the conditions and terms of the ill-mannered, malicious, unlawful, and illegal "Business Practices" or FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, and further including the written App Store descriptions, App Developer application processes, and Adult Film Entertainer /Producer application processes of the alleged adult entertainment industry services being fraudulently executed in PLAINTIFF's name, and the supplemental dialogue on the FRAUDULENT WEBSITE, were and still continue to be materially false at the time they were made, and were made intentionally with knowledge of the falsity or were made recklessly with disregard for their truth.

869.   Additionally, PLAINTIFF is informed, believes and thereon alleges, that the oral and written representations by Defendants, concerning the conditions and terms of the false and fraudulent financial and operating data concerning the four (4) FRAUDULENT CELL PHONE APPLICATIONS and four (4) FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS' operations from January 2012 to the present date (together combined as the "Financial Representations and ill-mannered/illegal Business Practices"), were and still are materially false at the time they were made, and were made intentionally with knowledge of the falsity or were made recklessly with disregard for their truth.

870.   PLAINTIFF is informed, believes, and thereon alleges that at the times such Financial Representations and ill-mannered/illegal Business Practices were made, said Defendants knew that the representations made were false and that the four (4) FRAUDULENT CELL PHONE APPLICATIONS and four (4) FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS were and still continue to make hundreds of billions, if not trillions, of dollars in illegal profits and that it is being intentionally and systemically hidden and concealed from PLAINTIFF, and further including other financial auditors in the IRS, banking sector, corporate sector, and securities sector including as set forth herein.

871.   PLAINTIFF is informed, believes and thereon alleges, that Defendants, collectively created, fabricated, and manipulated documents, web postings, Internet searches and other information searched and researched by PLAINTIFF, and concealed other documents and information by and through systemic corporate suppression and censorship from PLAINTIFF, in order to perpetuate the fraud against PLAINTIFF and induce PLAINTIFF's reliance on the corporate suppression, censorship and fraudulent and misleading financial conditions of the four (4) FRAUDULENT CELL PHONE APPLICATIONS and four (4) FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS' existence on the Internet, and on broadcasted televised services.

872.   PLAINTIFF is informed, believes and thereon alleges that the Financial Representations and ill-mannered/illegal Business Practices were made by the Defendants deliberately with the intent to defraud PLAINTIFF and to induce her to rely thereon so that she would continue to be systemically censored and displaced as a United States citizen and further allow Defendants to act as set forth herein, including to receive salaries and corporate bonuses in excess of what was represented they were receiving.

873.   At the time that Defendants' Financial Representations and ill-mannered/illegal Business Practices were made, PLAINTIFF was ignorant of the falsity of

1    such representations and justifiably believed them to be true due to extreme and systemic

2    targeted and isolated censorship and corporate suppression.

3       874.   In justifiable reliance on the targeted and isolated censorship and corporate

4    suppression of the Financial Representations and ill-mannered/illegal Business Practices,

5    PLAINTIFF was coerced and forced into submitting to the repressive network and

6    corporate Dictatorship and, in addition, was coerced into unintentionally performing the

7    adult entertainment services against her will by and through living her natural daily life

8    and due to the unprecedented medical experiment involving the surgically implanted state-

9    sponsored device. Had PLAINTIFF known the actual facts, she would have taken the

10   necessary precautions and measures to start and prioritize the litigation process sooner and

11   subsequently shut down the FRAUDULENT WEBSITE and its extended for-sale

12   corporate sector fraudulent interactive services.

13      875.   As a direct and proximate result of the targeted and isolated censorship and

14   corporate suppression of the Financial Representations and ill-mannered/illegal Business

15   Practices, PLAINTIFF has been damaged in an amount in excess of hundreds of billions, if

16   not, trillions of dollars by and through all collective agencies, entities, individuals and Doe

17   Defendants, inclusive, over the past decade, since 2012, online, on the Internet, and on

18   broadcasted televised streaming services.

19      876.   As a direct and proximate result of Defendants' defrauding, deceit, and

20   intentional misrepresentation of PLAINTIFF, she has and continues to suffer severe harm

21   and injury in an exact amount to be proven at trial, plus interest at the legal rate.

22      877.   As a legal, direct, and proximate result of the aforementioned conduct,

23   PLAINTIFF has been damaged in that she has been required to expend money and incur

24   obligations for medical services, drugs, and sundries, reasonably required in the treatment

25   and relief of the injuries alleged according to proof. Additionally, due to the unprecedented

26   medical experiment and forced medical operation that occurred in December 1996, and the

27   subsequent hacking, distribution, trafficking, and selling of the FRAUDULENT

28   WEBSITE that occurred in 2012, PLAINTIFF cannot get the surgically inserted state-

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

sponsored hardware device acknowledged and/or removed by medical professionals.  As a further proximate result, PLAINTIFF will continue to incur, medical and related expenses.

878.  As a direct and proximate result of Defendants' fraudulent concealment, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, plus interest at the legal rate.

879.  Defendants should not be permitted to retain the benefits they have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and based on the unprecedented conversion, distribution, and sex trafficking of PLAINTIFF and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an award for compensatory damages and restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINITIFF may seek restitution, as all funds, revenues and benefits that Defendants have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme were done in bad faith and with the intention to defraud. Additionally, all funds, revenues and benefits that Defendants have unjustly received, as a result of their actions, rightfully belong to PLAINTIFF.

880.  In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm.

881.  The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's

private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

882.   PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

883.   PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

884.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

885.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the

1   FRAUDULENT WEBSITE and its continuous violations of the laws and the United States
2   Constitution, and a new and separate violation accrues daily. Therefore, this action is ever
3   evolving, and discovery is always continuing.

4   886.   PLAINTIFF further seeks the permitted tolling and/or exemption from the
5   statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c),
6   "Any civil action brought forth for damages to victims of human trafficking, <u>shall be</u>
7   <u>commenced within seven years of the date on which the trafficking victim was freed from</u>
8   <u>the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this
9   unprecedented civil action is on the basis of the systemic and institutionalized forced labor
10  being implemented on PLAINTIFF by the repressive corporate network and the
11  unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT
12  WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF
13  would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's
14  cause of action has not yet started to commence, as she is still presently in the trafficking
15  situation, as alleged above in this action.

16

17                  **THIRTY-SIXTH CAUSE OF ACTION**
18           **CONSPIRACY AND INTENTIONAL MISREPRESENTATION (COUNT 5)**
19     **(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple;**
20   **Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International;**
21                  **AT&T; AT&T Services and Doe Defendants, inclusive)**

22   887.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and
23   incorporates same herein by this reference as though fully set forth at length.

24   888.   Defendants, and each of them, conspired to intentionally misrepresent to the
25   general public, by and through the FRAUDULENT WEBSITE, its FRAUDULENT
26   DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and
27   FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, that the
28   persona, identity, name, likeness, and physique of "Athena Reddersen" was arranged to

represent a legitimate and global adult entertainment industry service, in which PLAINTIFF was unaware and intentionally uninformed of, when the fraudulent, unlawful, and illegal pornographic and pedophiliac entertainment services made its commercial debut in PLAINTIFF's name, in January 2012.

889.  In furtherance of the conspiracy, Defendants, and each of them, specifically, but not limited to O'BRIEN and GUTIERREZ, represented to DEFENDANTS APPLE; GOOGLE; DROPBOX; DIRECTV; AT&T; and Doe Defendants, inclusive, that "Athena Reddersen" was a legitimate adult entertainer, sex worker, cam girl, application developer, website developer, adult entertainment film producer, and entrepreneur of multiple business entities by submitting a business account and App Developer application under the name "Athena Reddersen" in both DEFENDANT APPLE's APP STORE and DEFENDANT GOOGLE's PLAY STORE to sell the four (4) FRAUDULENT CELL PHONE APPLICATIONS. Additionally, DEFENDANTS O'BRIEN and GUTIERREZ submitted a fraudulent business account with DEFENDANT DROPBOX in order to merge the functions of free file sharing distributions of exploitative imagery through postings in both App Stores and onto the publicly available and synchronized FRAUDULENT WEBSITE. PLAINTIFF further alleges that DEFENDANTS O'BRIEN and GUTIERREZ submitted a business account and application under the name "Athena Reddersen" in correspondence and communication with Telecom employees and/or executives, such as DEFENDANTS DIRECTV, AT&T, and numerous other Telecom Doe Defendants, inclusive, to sell the four (4) FRAUDULENT ON-DEMAND ENTERTAINMENT CHANNELS to their televised entertainment streaming platforms. Additionally, and in furtherance of the conspiracy, Defendants, and each of them, agreed to and consciously permitted and participated in creating, developing, and enhancing a demand for an illegal market by globally trafficking the PLAINTIFF unprecedentedly on the Internet, in cyberspace and simultaneously, in real time and in reality.

890.  Defendants, and each of them, relied on and intended that PLAINTIFF be continuously and forever censored, suppressed, oppressed, monitored, controlled,

possessed, and forbidden from ever becoming aware of such fraudulent, unlawful, and illegal activities done in PLAINTIFF's name so that Defendants can continue to violently and sexually exploit and profit off of PLAINTIFF; the illegal market Defendants created, developed, and globalized; and the intentional misrepresentation of PLAINTIFF's persona, identity, name, likeness, and physique through 24/7 state-sponsored surveillance, initially embezzled, stolen, misappropriated and made possible by co-conspiring DEFENDANT J.C. REDDERSEN in 1996.

891.   PLAINTIFF justifiably relied on being secure in her personhood, home(s). residence(s), and personal and private relationships without harassment, sexual exploitation, and without the intentional misrepresentations made by Defendants, and each of them, to the general public by fraudulently, unlawfully, and illegally seizing, controlling, manipulating, and distributing PLAINTIFF's persona, identity, name, likeness, and physique as a global commodity, and further, intentionally and oppressively displacing her as a United States citizen by stripping her of her Constitutional rights, legal rights, and basic freedoms and liberties.

892.   PLAINTIFF alleges that the representations made by Defendants, and each of them, were false and continue to be false and are being made at the PLAINTIFF's expense. The fraudulent application developer and adult entertainment producer, "Athena Reddersen" is a misrepresented Multi-Billion-Dollar and/or Multi-Trillion-Dollar entertainment giant that has no proper corporate infrastructure, nor is it in compliance with proper corporate filings under the California Corporations Code. Therefore, Defendants, and each of them, are falsifying business records, tax forms, and tax filings in furtherance of their malicious profiteering scheme.

893.   PLAINTIFF has suffered general and special damages in an amount to be proven at trial as the proximate result of the intentional misrepresentations and conspiracy being facilitated by Defendants, and each of them.

894.   As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF has been damaged in that she has been required to expend money and incur

obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. Additionally, due to the unprecedented medical experiment and forced medical operation that occurred in December 1996, and the subsequent hacking, distribution, trafficking, and selling of the FRAUDULENT WEBSITE that occurred in 2012, PLAINTIFF cannot get the surgically inserted state-sponsored hardware device acknowledged and/or removed by medical professionals. As a further proximate result, PLAINTIFF will continue to incur, medical and related expenses.

895. As a direct and proximate result of Defendants' fraudulent concealment, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, plus interest at the legal rate.

896. Defendants should not be permitted to retain the benefits they have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and based on the unprecedented conversion, distribution, and sex trafficking of PLAINTIFF and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an award for compensatory damages and restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINITIFF may seek restitution, as all funds, revenues and benefits that Defendants have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme were done in bad faith and with the intention to defraud. Additionally, all funds, revenues and benefits that Defendants have unjustly received, as a result of their actions, rightfully belong to PLAINTIFF.

897. In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm.

898. The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned

conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

899.   PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

900.   PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

901.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned,

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

902.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

903.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## THIRTY-SEVENTH CAUSE OF ACTION
### AIDING AND ABETTING (COUNT 1)
### (Against Defendants J.C. Reddersen and M.D. Reddersen)

904.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

905.   As alleged above, Defendants, insist on continuing to do business in bad faith, in furtherance of not being held accountable for embezzling, misappropriating, and

converting state-sponsored technology assets. Additionally, Defendants have utter disregard for the PLAINTIFF's health and well-being by knowingly, willingly, and deliberately possessing, manipulating surveilling, and controlling PLAINTIFF by and through the FRAUDULENT WEBSITE and its implemented and pre-programed censorship, suppression, and obstruction. Thus, Defendants are able to permit the operation and sale of the FRAUDULENT WEBSITE, in which they are originally responsible for, with impunity.

906.   Defendants were aware and continue to be aware of their unprecedented fraudulent, unlawful, and illegal activity surrounding the PLAINTIFF's identity, personhood, private life story and the conversion, diversion, embezzlement, and misappropriation of state-sponsored technology by and through unprecedented medical experimentation that is being broadcasted and displayed on the Internet by and through their FRAUDULENT WEBSITE.

907.   Defendants provided substantial assistance and encouragement, and in furtherance of their fraudulent, unlawful, unconstitutional, and illegal conduct, to DEFENDANTS O'BRIEN; GUTIERREZ; APPLE; GOOGLE; GOOGLE INTERNATIONAL; ALPHABET; DROPBOX; DIRECTV; DIRECTV INTERNATIONAL; AT&T; AT&T SERVICES and Doe Defendants, inclusive, by initially, intentionally, consciously, and deliberately censoring PLAINTIFF from having any access or knowledge about the state-sponsored FRAUDULENT WEBSITE in which DEFENDANT J.C. REDDERSEN originally developed, registered, controlled, diverted, converted, embezzled, and misappropriated in and around 1996.

908.   Additionally, Defendants further provided substantial assistance and encouragement to the above referenced Defendants, and each of them, by permitting, allowing, endorsing, encouraging, and sponsoring the fraudulent sale of the FRAUDULENT WEBSITE, that DEFENDANTS J.C. REDDERSEN and M.D. REDDERSEN are responsible for, and in furtherance of the creation of the FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE

APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, and by not permitting or allowing and obstructing, gaslighting, suppressing, and censoring PLAINTIFF from having knowledge about or access to the FRAUDULENT WEBSITE.

909. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

910. As a legal, direct, and proximate result of aforementioned conduct, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. As a further proximate result, PLAINTIFF will continue to incur, medical and related expenses due to the unprecedented medical experiment and state-sponsored surveillance domain she has been and continues to be forced and fraudulently obliged to live under. Additionally, PLAINTIFF's healthcare and medical services are systemically halted and severely limited due to Defendants' collective efforts in sex trafficking PLAINTIFF on the Internet, and therefore, are making it difficult and near impossible to get the state-sponsored hardware device acknowledged by medical professionals and surgically removed from her body. As a further proximate result, of Defendants' actions, PLAINTIFF has and will continue to suffer general and special damages in an amount to be proven at trial.

911. In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm.

912. Defendants' concealment in aiding and abetting was intentional and fraudulent, was taken to deprive PLAINTIFF of her legal rights and/or otherwise cause injury and damage, was despicable conduct and subjected PLAINTIFF to cruel and unjust hardship and was done in conscious disregard of PLAINTIFF's legal and Constitutional

rights. Accordingly, Defendants are guilty of oppression, fraud, and malice so as to justify an award of exemplary and punitive damages.

913.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

914.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation." Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## THIRTY-EIGHTH CAUSE OF ACTION
### AIDING AND ABETTING (COUNT 2)
### (Against Defendants O'Brien and Gutierrez)

915.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

916.   As alleged above, said Defendants created, developed, enhanced, enabled, and enticed an unprecedented fraudulent, unlawful, and illegal market in the big tech, entertainment, and telecom sector and intend on continuing to do business in bad faith and

have deliberate disregard for the life and health of the PLAINTIFF by consciously, knowingly, intentionally, and deliberately controlling, possessing, manipulating, diverting, and unprecedentedly converting and misappropriating PLAINTIFF's identity, personhood, privacy, personal life experiences, and physical well-being by and through the stolen, embezzled, converted, diverted, seized, hacked, sold, and misappropriated state-sponsored FRAUDULENT WEBSITE.

917.  Defendants were aware and continue to be aware of their unprecedented and fraudulent, unlawful, and illegal activity surrounding the taking, possession, and sex trafficking of PLAINTIFF's identity, personhood, privacy, personal life experiences, child, adolescent, and adult development, by and through the embezzlement, misappropriation, and conversion of state-sponsored technology assets discovered, located, seized, hacked, and stored on the FRAUDULENT WEBSITE and on the Internet, approximately during the years of 2009 to 2012.

918.  Defendants provided substantial assistance and encouragement, and in furtherance of their fraudulent, unlawful, unconstitutional, and illegal conduct, to DEFENDANTS APPLE; GOOGLE; GOOGLE INTERNATIONAL; ALPHABET; DROPBOX; DIRECTV; DIRECTV INTERNATIONAL; AT&T; AT&T SERVICES; and Doe Defendants, inclusive, by fraudulently and unprecedentedly seizing and occupying PLAINTIFF's identity, legal rights, Constitutional rights, and in furtherance of committing identity theft and identity fraud against PLAINTIFF, and deliberately, knowingly, and consciously enhancing the implemented censorship over PLAINTIFF, with cooperation from above mentioned corporate Defendants, inclusive, from having any access or knowledge about the state-sponsored FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, in which DEFENDANTS O'BRIEN and GUTIERREZ hacked, controlled, diverted, converted, misappropriated, and sold in  January 2012 to above mentioned Defendants, and each of them.

919.  In addition to creating and enhancing an unprecedented and illegal market and by selling the FRAUDULENT WEBSITE in order to sell the four (4) FRAUDULENT CELL PHONE APPLICATIONS and four (4) FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS to above mentioned corporate Defendants, DEFENDANTS O'BRIEN and GUTIERREZ further created multiple fraudulent accounts, e-mail addresses, mailing addresses, bank accounts under PLAINTIFF's name and identity, and in furtherance of their fraudulent, unlawful, and illegal profiteering scheme and in coordination and cooperation with above mentioned corporate Defendants. PLAINTIFF further alleges that both Defendants deliberately, consciously, and intentionally created and registered a fraudulent Dropbox account in order to freely distribute and sex traffic PLAINTIFF in the form of FRAUDULENT DROPBOX DOWNLOADS in correspondence with the postings and publications being disseminated by and through the FRAUDULENT CELL PHONE APPLICATIONS in DEFENDANTS APPLE's APP STORE and GOOGLE's PLAY STORE and being delivered, published, and posted onto the synchronized FRAUDULENT WEBSITE.

920.  As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

921.  As a legal, direct, and proximate result of aforementioned conduct, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. As a further proximate result, PLAINTIFF will continue to incur, medical and related expenses due to the unprecedented medical experiment and state-sponsored surveillance domain she has been and continues to be forced and fraudulently obliged to live under. Additionally, PLAINTIFF's healthcare and medical services are systemically halted and severely limited due to Defendants' collective efforts in sex trafficking PLAINTIFF on the Internet, and therefore, are making

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

it difficult and near impossible to get the state-sponsored hardware device acknowledged by medical professionals and surgically removed from her body. As a further proximate result of Defendants' actions, PLAINTIFF has and will continue to suffer general and special damages in an amount to be proven at trial.

922. Defendants should not be permitted to retain the benefits they have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and based on the unprecedented conversion, distribution, and sex trafficking of PLAINTIFF and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an award for compensatory damages and restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINITIFF may seek restitution, as all funds, revenues and benefits that Defendants have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme were done in bad faith and with the intention to defraud. Additionally, all funds, revenues and benefits that Defendants have unjustly received, as a result of their actions, rightfully belong to PLAINTIFF.

923. In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm.

924. The aforementioned conduct was accomplished intentionally and/or recklessly with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations, said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information

kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

925.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

926.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## THIRTY-NINTH CAUSE OF ACTION
### AIDING AND ABETTING (COUNT 3)
### (Against Defendants Apple; Google; Google International; Alphabet)

927.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

928.   As alleged above, said Defendants created, developed, enhanced, enabled, and enticed an unprecedented fraudulent, unlawful, and illegal market on both of their App Store platforms, and insist and intend on continuing to do business in bad faith and have

deliberate disregard for the life and health of the PLAINTIFF by consciously, knowingly, intentionally, and deliberately controlling, possessing, manipulating, diverting, and unprecedentedly converting and misappropriating PLAINTIFF's identity, personhood, privacy, personal life experiences, and physical well-being by and through the stolen, embezzled, converted, diverted, seized, hacked, sold, and misappropriated state-sponsored FRAUDULENT WEBSITE, in which Defendants, and each of them, acquired and permitted the extended development of the four (4) FRAUDULENT CELL PHONE APPLICATIONS; (1) Athena; (2) Athena's Tits; (3) Athena's Bathroom; and (4) Athena and Jane Roe No. 1, on both of their App Store platforms, DEFENDANT APPLE's APP STORE and DEFENDANT GOOGLE's PLAY STORE. Defendants, and each of them, acquired the FRAUDULENT WEBSITE for the development of the four (4) FRAUDULENT CELL PHONE APPLICATIONS in January 2012, and continue to illegally operate and profit off of the above-mentioned fraudulent application titles.

929.   Defendants, and each of them, were aware and continue to be aware of their unprecedented and fraudulent, unlawful, and illegal activity surrounding the taking, possession, and sex trafficking of PLAINTIFF's identity, personhood, privacy, personal life experiences, childhood, adolescence, and adult development, by and through the embezzlement, misappropriation, and conversion of state-sponsored technology assets discovered, located, seized, hacked, and stored on the FRAUDULENT WEBSITE and on the Internet and in furtherance of acquiring the four (4) FRAUDULENT CELL PHONE APPLICATIONS currently being sold in both Defendants' App Store platforms, DEFENDANT APPLE's APP STORE and DEFENDANT GOOGLE's PLAY STORE.

930. Defendants, and each of them, provided substantial assistance and encouragement, and in furtherance of their fraudulent, unlawful, unconstitutional, and illegal conduct, to DEFENDANTS J.C. REDDERSEN; M.D. REDDERSEN; O'BRIEN; GUTIERREZ; DROPBOX; DIRECTV; DIRECTV INTERNATIONAL; AT&T; AT&T SERVICES; and Doe Defendants, inclusive, by fraudulently and unprecedentedly seizing and occupying PLAINTIFF's identity, legal rights, Constitutional rights, and in

furtherance of committing identity theft and identity fraud against PLAINTIFF, and deliberately, knowingly, and consciously enhancing the implemented censorship over PLAINTIFF, with cooperation from above mentioned corporate and individual Defendants, inclusive, from having any access or knowledge about the state-sponsored FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS in which DEFENDANTS APPLE; GOOGLE; GOOGLE INTERNATIONAL; and ALPHABET acquired, controlled, diverted, converted, misappropriated, disseminated and sold in  January 2012 to above mentioned Defendants, and each of them, and further including  to the general public.

931.   In addition to creating an illegal market and selling the FRAUDULENT CELL PHONE APPLICATIONS to DOE DEFENDANTS and the general public, Defendants further allowed and permitted multiple fraudulent accounts and e-mails under PLAINTIFF's name and tolerated "free" downloadable distributions of the App Store postings from paying DOE DEFENDANTS to the FRAUDULENT WEBSITE by permitting the automatically generated downloadable links in the application programming code via DEFENDANT DROPBOX's file sharing services. Therefore, aiding and abetting DEFENDANT DROPBOX by providing it with free advertising and marketing services by and through bad faith transactions, fraudulent conduct, and unconstitutional and illegal activities, and further generating revenue profits and user signups for DEFENDANT DROPBOX starting in the year January 2012.

932.   In addition to creating and enhancing an unprecedented and illegal market and by acquiring and selling the FRAUDULENT WEBSITE in order to sell the four (4) FRAUDULENT CELL PHONE APPLICATIONS, Defendants, and each of them, further allowed, permitted, endorsed, and sponsored the additional method of sex trafficking PLAINTIFF by and through pre-programmed FRAUDULENT DROPBOX DOWNLOADABLE distributions being implemented in the App Store postings and publications of Defendants' monthly Doe Defendant subscribers of each of the

FRAUDULENT CELL PHONE APPLIATIONS on the synchronized FRAUDULENT WEBSITE and in coordination with a fraudulently registered Dropbox account in PLAINTIFF's name. Defendants, and each of them, knew or should have known that the fraudulent programming of the Dropbox distributions were done with malice intent and were unauthorized by the PLAINTIFF.

933.   As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. Additionally, due to the unprecedented medical experiment and forced medical operation that occurred in December 1996, and the subsequent hacking, distribution, trafficking, and selling of the FRAUDULENT WEBSITE that occurred in 2012, PLAINTIFF cannot get the surgically inserted state-sponsored hardware device acknowledged and/or removed by medical professionals. As a further proximate result, PLAINTIFF will continue to incur medical and related expenses.

934.   As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

935.   Defendants should not be permitted to retain the benefits they have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and based on the unprecedented conversion, distribution, and sex trafficking of PLAINTIFF and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an award for compensatory damages and restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINITIFF may seek restitution, as all funds, revenues and benefits that Defendants have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme were done in bad faith and with the intention to defraud. Additionally, all funds, revenues

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

and benefits that Defendants have unjustly received, as a result of their actions, rightfully belong to PLAINTIFF.

936. In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm.

937. The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

938. PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

939. PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter

egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

940.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

941.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## **FORTIETH CAUSE OF ACTION**
### **AIDING AND ABETTING (COUNT 4)**
### **(Against Defendant Dropbox)**

942.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

943.   As alleged above, said Defendant created, developed, enhanced, enabled, and enticed an unprecedented fraudulent, unlawful, and illegal market in the big tech sector and insist and intend on continuing to do business in bad faith and have deliberate disregard for the life and health of the PLAINTIFF by consciously, knowingly, intentionally, and deliberately controlling, possessing, manipulating, diverting, and unprecedentedly converting, misappropriating, and distributing PLAINTIFF's identity, personhood, privacy, personal life experiences, and physical well-being by and through the stolen, embezzled, converted, diverted, seized, hacked, sold, and misappropriated state-sponsored FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services.

944.   Defendant was aware and continues to be aware of their unprecedented and fraudulent, unlawful, and illegal activity surrounding the taking, possession, distribution, and sex trafficking of PLAINTIFF's identity, personhood, privacy, personal life experiences, childhood, adolescence, and adult development, by and through the embezzlement, misappropriation, and conversion of state-sponsored technology assets discovered, located, seized, hacked, and stored on the FRAUDULENT WEBSITE and on the Internet, approximately in and around the year January 2012 up to the present date, and in furtherance of freely distributing and sex trafficking PLAINTIFF by and through FRAUDULENT DROPBOX DOWNLOADS to the general public. The Defendant knew or should have known that the highly advertised distribution of the FRAUDULENT DROPBOX DOWNLOADS were clearly being registered to a fraudulent account impersonating PLAINTIFF. Additionally, on November 06, 2022, PLAINTIFF reported the fraudulent Dropbox account to the Defendant that was fraudulently impersonating her identity and how the account was being used to solely distribute offensive imagery of her.

945.   The Defendant provided substantial assistance and encouragement, and in furtherance of its fraudulent, unlawful, unconstitutional, and illegal conduct, to DEFENDANTS   O'BRIEN; GUTIERREZ; APPLE; GOOGLE;   and Doe Defendants, inclusive, by fraudulently and unprecedentedly seizing and occupying PLAINTIFF's

1  identity, legal rights, Constitutional rights, and in furtherance of committing identity theft
2  and identity fraud against PLAINTIFF, and deliberately, knowingly, and consciously
3  enhancing the implemented censorship over PLAINTIFF, with cooperation from above
4  mentioned individual Defendants, inclusive, from having any access or knowledge about
5  the state-sponsored FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX
6  DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT
7  ON-DEMAND ADULT ENTERTAINMENT CHANNELS   that DEFENDANTS
8  O'BRIEN; GUTIERREZ; APPLE; GOOGLE; and Doe Defendants, inclusive, acquired,
9  controlled, diverted, converted, misappropriated, disseminated, bought, and sold in
10  January 2012 to above mentioned Defendants, and each of them, and further including  to
11  the general public.

12  946. Additionally,   the   Defendant   provided   substantial   assistance   and
13  encouragement to DEFENDANTS O'BRIEN and GUTIERREZ for permitting,
14  authorizing, ratifying, endorsing, and sponsoring the fraudulent Dropbox account that the
15  above-mentioned Defendants created in order to distribute with impunity, the malicious
16  content and sex trafficking of PLAINTIFF by and through FRAUDULENT DROPBOX
17  DOWNLOADS made available on the FRAUDULENT WEBSITE to the general public.

18  947. As a legal, direct, and proximate result of the aforementioned conduct,
19  PLAINTIFF has been damaged in that she has been required to expend money and incur
20  obligations for medical services, drugs, and sundries, reasonably required in the treatment
21  and relief of the injuries alleged according to proof. Additionally, due to the unprecedented
22  medical experiment and forced medical operation that occurred in December 1996, and the
23  subsequent hacking, distribution, trafficking, and selling of the FRAUDULENT
24  WEBSITE that occurred in 2012, PLAINTIFF cannot get the surgically inserted state-
25  sponsored hardware device acknowledged and/or removed by medical professionals.  As a
26  further proximate result, PLAINTIFF will continue to incur medical and related expenses.

27  948. As a legal, direct, and proximate result of the aforementioned conduct,
28  PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

949.   The Defendant should not be permitted to retain the benefits they have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and based on the unprecedented conversion, distribution, and sex trafficking of PLAINTIFF and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an award for compensatory damages and restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINITIFF may seek restitution, as all funds, revenues and benefits that the Defendant has acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme were done in bad faith and with the intention to defraud. Additionally, all funds, revenues, and benefits that the Defendant has unjustly received, as a result of their actions, rightfully belong to PLAINTIFF.

950.   In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm.

951.   The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private.

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

952.   PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

953.   PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

954.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

955.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation." Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the

unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## FORTY-FIRST CAUSE OF ACTION

### AIDING AND ABETTING (COUNT 5)

### (Against Defendants DirecTV; DirecTV International; AT&T; AT&T Services; and Telecom Doe Defendants, inclusive)

956.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

957.   As alleged above, said Defendants created, developed, enhanced, enabled, and enticed an unprecedented fraudulent, unlawful, and illegal market on all of their entertainment and telecom platforms, and insist and intend on continuing to do business in bad faith and have deliberate disregard for the life and health of the PLAINTIFF by consciously, knowingly, intentionally, and deliberately controlling, possessing, manipulating, diverting, and unprecedentedly converting and misappropriating PLAINTIFF's identity, personhood, privacy, personal life experiences, and physical well-being by and through the stolen, embezzled, converted, diverted, seized, hacked, sold, and misappropriated state-sponsored FRAUDULENT WEBSITE, in which Defendants, and each of them, acquired and permitted the extended development of the four (4) FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS; (1) Athena; (2) Athena's Tits; (3) Athena's Bathroom; and (4) Athena and Jane Roe No. 1, on all of their entertainment and telecom platforms, Adult Entertainment On-Demand television channels and Internet Service Providers (ISPs). Defendants, and each of them, acquired the FRAUDULENT WEBSITE for the development of the four (4) FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS in January 2012, and continue to

illegally operate and profit off of the above-mentioned fraudulent adult entertainment titles and channels.

958.   Defendants, and each of them, were aware and continues to be aware of its unprecedented and fraudulent, unlawful, and illegal activity surrounding the taking, possession, and sex trafficking of PLAINTIFF's identity, personhood, privacy, personal life experiences, childhood, adolescence, and adult development, by and through the embezzlement, misappropriation, and conversion of state-sponsored technology assets discovered, located, seized, hacked, and stored on the FRAUDULENT WEBSITE and on the Internet and in furtherance of acquiring the four (4) FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS currently being sold in all of the Defendants' and Doe Defendants' entertainment and telecom platforms, Adult Entertainment On-Demand television channels and Internet Service Providers (ISPs).

959.   Defendants, and each of them, provided substantial assistance and encouragement, and in furtherance of their fraudulent, unlawful, unconstitutional, and illegal conduct, to DEFENDANTS J.C. REDDERSEN; M.D. REDDERSEN; O'BRIEN; GUTIERREZ;   DROPBOX;   APPLE;   GOOGLE;   GOOGLE   INTERNATIONAL; ALPHABET; and Doe Defendants, inclusive, by fraudulently and unprecedentedly seizing and occupying PLAINTIFF's identity, legal rights, Constitutional rights, and in furtherance of committing identity theft and identity fraud against PLAINTIFF, and deliberately, knowingly, and consciously enhancing the implemented censorship over PLAINTIFF, with cooperation from above mentioned corporate and individual Defendants, inclusive, from having any access or knowledge about the state-sponsored FRAUDULENT   WEBSITE,   its   FRAUDULENT   DROPBOX   DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS in which DEFENDANTS DIRECTV; DIRECTV INTERNATIONAL; AT&T; AT&T SERVICES, and numerous other Telecom Doe Defendants, inclusive, acquired, controlled, diverted, converted, misappropriated, disseminated and sold in  January 2012 to the general public.

960.   PLAINTIFF further alleges that in addition to creating and enhancing an unprecedented and illegal market and by acquiring and selling the FRAUDULENT WEBSITE in order to sell the four (4) FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, Defendants, and each of them, further allowed, permitted, endorsed, and sponsored the additional method of censorship, obstruction, and suppression, by and through blocking access to the FRAUDULENT WEBSITE and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS with assistance from their Telecom platforms and their enhanced, isolated, targeted, and intentionally censored television and ISP services and in coordination and in furtherance with the transnational repressive corporate network and dictatorship they are a part of, are associated with, and belong to. Defendants, and each of them, knew or should have known that the fraudulent pre-programming of the additionally implemented censorship, suppression, and obstruction was done with malice intent and in furtherance of their collective profiteering scheme at the expense of the PLAINTIFF.

961.   As a legal, direct, and proximate result of aforementioned conduct, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. As a further proximate result, PLAINTIFF will continue to incur, medical and related expenses due to the unprecedented medical experiment and state-sponsored surveillance domain she has been and continues to be forced and fraudulently obliged to live under. Additionally, PLAINTIFF's healthcare and medical services are systemically halted and severely limited due to Defendants' collective efforts in sex trafficking PLAINTIFF on the Internet, and therefore, are making it difficult and near impossible to get the state-sponsored hardware device acknowledged by medical professionals and surgically removed from her body. As a further proximate result, of Defendants' actions, PLAINTIFF has and will continue to suffer general and special damages in an amount to be proven at trial.

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

962.   As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

963.   Defendants should not be permitted to retain the benefits they have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and based on the unprecedented conversion, distribution, and sex trafficking of PLAINTIFF and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an award for compensatory damages and restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINTITIFF may seek restitution, as all funds, revenues and benefits that Defendants have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme were done in bad faith and with the intention to defraud. Additionally, all funds, revenues and benefits that Defendants have unjustly received, as a result of their actions, rightfully belong to PLAINTIFF.

964.   In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm;.

965.   The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

966.   PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

967.   PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

968.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

969.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States

Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

970.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## FORTY-SECOND CAUSE OF ACTION
### AIDING AND ABETTING (COUNT 6)
### (Against Doe Defendants, inclusive)

971.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

972.   As alleged above, said Defendants, and each of them, created, developed, enhanced, enabled, and enticed an unprecedented fraudulent, unlawful, and illegal market by and through the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services. Additionally, Defendants, and each of them, insist and intend on continuing to do business in bad faith and have deliberate disregard for the life and health of the PLAINTIFF by consciously, knowingly, intentionally, and deliberately controlling, possessing, manipulating, diverting, and unprecedentedly converting and misappropriating PLAINTIFF's identity, personhood, privacy, personal life experiences,

and physical well-being by and through the stolen, embezzled, converted, diverted, seized, hacked, sold, and misappropriated state-sponsored FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS.

973.   More specifically, Doe Defendants, and each of them, include but are not limited to: (1) Doe Defendant No. 1, the Neurosurgeon Doe Defendant; (2) Doe Defendants No. 2, the Telecom Sector Doe Defendants, inclusive; (3) Doe Defendants No. 3, the Banking Sector Doe Defendants, inclusive; and (4) Doe Defendants No. 4 to 10, the Rogue Army Doe Defendants, inclusive, (Paying John Does and/or Renters and Freeloading Does and/or Permissive Users) of the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services.

974.   Defendants, and each of them, were aware and continue to be aware of their unprecedented and fraudulent, unlawful, and illegal activity surrounding the taking, possession, and sex trafficking of PLAINTIFF's identity, personhood, privacy, personal life experiences, childhood, adolescence, and adult development, by and through the embezzlement, misappropriation, and conversion of state-sponsored technology assets discovered, located, seized, hacked, and stored on the FRAUDULENT WEBSITE and on the Internet and in furtherance of acquiring, distributing, engaging, controlling, manipulating, censoring, suppressing, obstructing, benefiting, purchasing, profiting, and/or selling the four (4) FRAUDULENT CELL PHONE APPLICATIONS, its FRAUDULENT DROPBOX DOWNLOADS, and the four (4) FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, currently being sold in both App Store platforms, DEFENDANT APPLE's APP STORE and DEFENDANT GOOGLE's PLAY STORE, and are being additionally sold with DEFENDANTS AT&T and DIRECTV, and in all of the Doe Defendants No. 2's, or Telecom Sector Doe Defendants No. 2's, inclusive, entertainment and telecom platforms, Adult Entertainment On-Demand television

channels, further including by and through Internet Service Providers (ISPs), since the year 2012 and up to the present date/year.

975.   Doe Defendants, and each of them, provided substantial assistance and encouragement, and in furtherance of their fraudulent, unlawful, unconstitutional, and illegal conduct, to DEFENDANTS J.C. REDDERSEN; M.D. REDDERSEN; O'BRIEN; GUTIERREZ; DROPBOX; GOOGLE; GOOGLE INTERNATIONAL; ALPHABET; DIRECTV; DIRECTV INTERNATIONAL; AT&T; and AT&T SERVICES by fraudulently and unprecedentedly seizing and occupying PLAINTIFF's identity, legal rights, Constitutional rights, and in furtherance of committing identity theft and identity fraud against PLAINTIFF, and deliberately, knowingly, and consciously enhancing and contributing the implemented censorship, assault, and sex trafficking of PLAINTIFF, with cooperation from above mentioned corporate and individual Defendants, inclusive. Therefore, Doe Defendants, and each of them, are generating, distributing, possessing, and taking more unjust revenue profits and/or benefits of value. Furthermore, Doe Defendants, and each of them, knowingly, willingly, and deliberately aided and abetted the transnational repressive corporate sex trafficking network in the unregulated big tech, telecom, entertainment, and banking sector, originally created, advertised, disseminated, and sold to the general public in January 2012.

976.   In addition to enhancing, generating, and consciously contributing to an illegal sex trafficking market by subscribing, purchasing, distributing, profiting, benefiting, possessing, obtaining, taking, stalking, lurking, monitoring, and surveilling the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services, Doe Defendants, and each of them, further disseminated endless and continuous graphic, violent, and exploitative unauthorized imagery of edited photographs and videos of PLAINTIFF and fraudulently in PLAINTIFF's name, without authorization or consent and knowingly against PLAINTIFF's will. Additionally, Doe Defendants No. 4 to 10, or the Rogue Army Doe Defendants 4-10, inclusive, further disseminated free FRAUDULENT DROPBOX DOWNLOADS by and through cooperation and

communications from DEFENDANT APPLE's APP STORE and DEFENDANT GOOGLE's PLAY STORE postings and publications to the synchronized FRAUDULENT WEBSITE. Therefore, aiding and abetting DEFENDANT DROPBOX by providing it with free advertising and marketing services by and through bad faith transactions, fraudulent conduct, fraudulent advertisements and marketing, and unlawful, unconstitutional, and illegal conduct, and further generating illegal revenue profits and user signups for DEFENDANT DROPBOX starting in the year January 2012.

977. As a legal, direct, and proximate result of aforementioned conduct, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. As a further proximate result, PLAINTIFF will continue to incur, medical and related expenses due to the unprecedented medical experiment and state-sponsored surveillance domain she has been and continues to be forced and fraudulently obliged to live under. Additionally, PLAINTIFF's healthcare and medical services are systemically halted and severely limited due to Defendants' collective efforts in sex trafficking PLAINTIFF on the Internet, and therefore, are making it difficult and near impossible to get the state-sponsored hardware device acknowledged by medical professionals and surgically removed from her body. As a further proximate result, of Defendants' actions, PLAINTIFF has and will continue to suffer general and special damages in an amount to be proven at trial.

978. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

979. Defendants should not be permitted to retain the benefits they have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and based on the unprecedented conversion, distribution, and sex trafficking of PLAINTIFF and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an

award for compensatory damages and restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINITIFF may seek restitution, as all funds, revenues and benefits that Defendants have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme were done in bad faith and with the intention to defraud. Additionally, all funds, revenues and benefits that Defendants have unjustly received, as a result of their actions, rightfully belong to PLAINTIFF.

980.   In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm.

981.   The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

982.   PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

983.   PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

984.   The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

985.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

986.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the

1  unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT

2  WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF

3  would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's

4  cause of action has not yet started to commence, as she is still presently in the trafficking

5  situation, as alleged above in this action.

## FORTY-THIRD CAUSE OF ACTION
### BREACH OF CONTRACT
### (Against Defendant J.C. Reddersen)

987.  PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

988.  On, or about November 30, 1993, DEFENDANT J.C. REDDERSEN entered into a contract between PLAINTIFF's mother, over the welfare of an at-the-time five (5) year old PLAINTIFF, in the Superior Court of Los Angeles, California. The Court granted physical sole custody of the PLAINTIFF to her mother, and joint legal custody to both, PLAINTIFF's mother and DEFENDANT J.C. REDDERSEN, wherefore both parents shared the right and responsibility to make the decisions relating to the health, education, and welfare of PLAINTIFF, *see* **Exhibit "J"**.

989.  Said Custody Agreement contract identified a visitation and vacation schedule for DEFENDANT J.C. REDDERSEN, as well as a welfare and health order in which both parents shall meet and confer, and neither shall make unilateral decisions without consulting the other parent regarding non-emergency medical procedures and/or admissions involving the PLAINTIFF.

990.  DEFENDANT J.C. REDDERSEN did not comply with all required obligations of him by the custody agreement by not protecting the welfare of PLAINTIFF as a minor.

/ / /

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

991.   PLAINTIFF is informed, believes, and thereon alleges that DEFENDANT J.C. REDDERSEN has breached the terms of the custody agreement in the following ways:

    a.   On, or around December 18, 1996, to December 25, 1996, on his permitted one (1) week Christmas vacation, DEFENDANT J.C. REDDERSEN breached the agreement by taking PLAINTIFF out of state of California without meeting and conferring with the PLAINTIFF's mother and without giving her 30 days' notice that PLAINTIFF would be taken out of the state of California. Further, DEFENDANT J.C. REDDERSEN did not provide PLAINTIFF's mother with documented evidence, such as address, phone number, and a photo or video of the location and neighborhood of the Defendant's whereabouts with PLAINTIFF when the Defendant took PLAINTIFF out of state. Moreover, DEFENDANT J.C. REDDERSEN deliberately told PLAINTIFF not to tell her mother about the "surprise" Christmas vacation trip to the state of Florida in December of 1996.

    b.   Additionally, PLAINTIFF is informed, believes, and thereon alleges that during the week of December 18, 1996, to December 25, 1996, DEFENDANT J.C. REDDERSEN intentionally breached the custody agreement by preventing to inform PLAINTIFF's mother about the "surprise" Christmas vacation trip to Disney World, Orlando Florida, and forcing an unprecedented, experimental, and non-medical surgical procedure on then 8-year-old PLAINTIFF for a non-emergency non-medical operation, and without the mutual consent of PLAINTIFF's mother. More specifically, DEFENDANT J.C. REDDERSEN committed a federal crime by stealing, converting, diverting, embezzling and misappropriating United States government classified IP assets, by and through his at-the-time employer, for the sole intent of experimenting and discovering an unprecedented  medical discovery by merging the State-

Sponsored Solar Powered Tracking Device with the human biology of the PLAINTIFF that would be solely purposed to identify, surveil, monitor, spy, stalk, possess, and control the PLAINTIFF and her mother on the Internet by and through the FRAUDULENT WEBSITE in which the Defendant fraudulently developed, registered, broadcasted and created in PLAINTIFF's first and last name in and around 1996.

992.   As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. Additionally, due to the unprecedented medical experiment and forced medical operation that occurred in December 1996, and the subsequent hacking, distribution, trafficking, and selling of the FRAUDULENT WEBSITE that occurred in 2012, PLAINTIFF cannot get the surgically inserted state-sponsored hardware device acknowledged and/or removed by medical professionals. As a further proximate result, PLAINTIFF will continue to incur medical and related expenses.

993.   As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

994.   In addition, PLAINTIFF seeks an order for: an injunction against said the Defendant's wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm.

995.   PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

996.   PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## FORTY-FOURTH CAUSE OF ACTION
### AGGRAVATED ASSAULT AND BATTERY (COUNT 1)
### (Against Defendant J.C. Reddersen and Doe Defendant No. 1)

997.   PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

998.   DEFENDANT J.C. REDDERSEN forced an illegal and experimental surgical operation, directly and indirectly, on then 8-year-old PLAINTIFF in and around 1996, that further involved stolen, converted, embezzled, and misappropriated state-sponsored technology, which the Defendant obtained through his at-the-time employer in the mid-1990s.

999.   Defendant intended to apprehend imminent harmful and offensive contact, with deliberate disregard of a high probability of medical harm, by forcing an unprecedented and experimental surgical operation on PLAINTIFF and by using force, and kidnapping her from the state of California and taking her to the state of Florida, specifically for the purpose of the unprecedented and experimental surgical operation that

took place in and around December 1996, in which DOE DEFENDANT NO. 1 would perform on PLAINTIFF.

1000. Defendants' apprehension of imminent harmful and offensive physical contact, directly and indirectly, with PLAINTIFF was done with malice intent and in a manner that would be highly offensive to a reasonable person, as the unprecedented and experimental surgical operation was an extreme and permanent form of surveillance and control over PLAINTIFF that would no doubt lead to various and future health issues, if left untreated by permanently leaving the unauthorized and non-medical device inside PLAINTIFF's body.

1001. As a legal, direct, and proximate result of the aforementioned conduct of said Defendants' forced contact with PLAINTIFF, PLAINTIFF has suffered detrimental medical and health issues throughout the past 13 years, that are progressively getting worse, due to the physical implantation of a solar microchip device, or the State-Sponsored Solar Powered Tracking Device, being permanently implanted inside PLAINTIFF's body, causing extreme bodily harm and damaging side effects that could further lead to diseases such as cancer, death, and/or severe infection, if remained untreated and surgically unremoved.

1002. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. Additionally, due to the unprecedented medical experiment and forced medical operation that occurred in December 1996, and the subsequent hacking, distribution, trafficking, and selling of the FRAUDULENT WEBSITE that occurred in 2012, PLAINTIFF cannot get the surgically inserted state-sponsored hardware device acknowledged and/or removed by medical professionals.  As a further proximate result, PLAINTIFF will continue to incur medical and related expenses.

1003. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and

physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

1004. The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

1005. PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

1006. PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation." Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT

WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## FORTY-FIFTH CAUSE OF ACTION
### AGGRAVATED ASSAULT (COUNT 2)
**(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple; Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; AT&T Services and Doe Defendants, inclusive)**

1007. PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

1008. Defendants calculated, premeditated, and coordinated the seizing and hacking of the stolen, converted, diverted, embezzled, and misappropriated state-sponsored technology/assets, or software and hardware that is actively corresponding with Reconnaissance (RECON) satellites, in the form of both, a State-Sponsored Solar Powered Tracking Device and classified military defense software, for the sole intent to cause brutal, dangerous, and serious bodily injury to PLAINTIFF, by weaponizing the converted, embezzled, and misappropriated state-sponsored technology/assets, broadcasting it, distributing it, and selling it to the general public, and unprecedentedly in the form of isolating, abducting, falsely imprisoning, assaulting, and sex trafficking the PLAINTIFF.

1009. Defendants, and each of them, intended and still intend to apprehend imminent harmful and offensive contact, with deliberate disregard of a high probability of medical harm, physical harm, mental anguish, and emotional and psychological torment, by forcing PLAINTIFF to submit to the unprecedented use and control of PLAINTIFF's personal and private life, her well-being and physical health, by said corporate Defendants, individual Defendants, and Doe Defendants, inclusive, and/or the Rogue Army.

1010. Defendants' apprehension of imminent harmful and offensive contact, directly and indirectly, with PLAINTIFF was done with malicious intent and in a manner that would be highly offensive to a reasonable person, further, Defendants' intent was to inflict major damage and a brutal invasion into PLAINTIFF's private life with disregard for the PLAINTIFF's privacy, her well-being and physical heath, as the unprecedented and experimental coordinated rogue operation was an extreme and permanent form of surveillance and control over PLAINTIFF that would no doubt lead to various health issues, if left untreated. More specifically, Defendants fraudulently, unlawfully, and illegally located, seized, hacked, and weaponized state-sponsored technology/assets for the sole purpose to cause serious harm to PLAINTIFF and further caused PLAINTIFF to be isolated with no recourse for justice nor emergency medical care, by censoring, oppressing, and obstructing her, and therefore, forcing PLAINTIFF to submit herself to repetitive aggravated assaults being executed, broadcasted, and disseminated by the corporate facilitators; and the aggressive and permissive users of the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services.

1011. As a legal, direct, and proximate result of the aforementioned conduct of said Defendants' forced contact with PLAINTIFF, PLAINTIFF has suffered detrimental medical and health issues throughout the past 13 years, that are progressively getting worse, due to the physical implantation of a solar microchip device, or the State-Sponsored Solar Powered Tracking Device, being permanently implanted inside PLAINTIFF's body, causing extreme bodily harm and damaging side effects that could further lead to diseases such as cancer, death, and/or severe infection, if remained untreated and surgically unremoved. Furthermore, the additional pre-programmed and implemented censorship, suppression, and corporate oppression facilitated by Defendants, and each of them, have caused further damage by preventing by force and obstructing PLAINTIFF from seeking justice, compensation, and emergency medical care and health care services by and through their collective transnational repressive network and dictatorship.

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

1012. As a legal, direct, and proximate result of aforementioned conduct, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. As a further proximate result, PLAINTIFF will continue to incur, medical and related expenses due to the unprecedented medical experiment and state-sponsored surveillance domain she has been and continues to be forced and fraudulently obliged to live under. Additionally, PLAINTIFF's healthcare and medical services are systemically halted and severely limited due to Defendants' collective efforts in sex trafficking PLAINTIFF on the Internet, and therefore, are making it difficult and near impossible to get the state-sponsored hardware device acknowledged by medical professionals and surgically removed from her body. As a further proximate result of Defendants' actions, PLAINTIFF has and will continue to suffer general and special damages in an amount to be proven at trial.

1013. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

1014. Defendants should not be permitted to retain the benefits they have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and based on the unprecedented conversion, distribution, and sex trafficking of PLAINTIFF and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an award for compensatory damages and restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINITIFF may seek restitution, as all funds, revenues and benefits that Defendants have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme were done in bad faith and with the intention to defraud. Additionally, all funds, revenues and benefits that Defendants have unjustly received, as a result of their actions, rightfully belong to PLAINTIFF.

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

1015. The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

1016. PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

1017. PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

1018. The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF'S rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

1019. PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

1020. PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## FORTY-SIXTH CAUSE OF ACTION
### FALSE IMPRISONMENT – HUMAN TRAFFICKING

**(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple; Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; AT&T Services and Doe Defendants, inclusive)**

1021. PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

California Penal Code § 236 defines false imprisonment as, "the unlawful violation of the personal liberty of another." PLAINTIFF alleges that she is being intentionally held against her will and has no access to freedom of movement without being publicly surveilled, monitored, and controlled; directly and indirectly, physically, and metaphysically on the Internet, and through forced confinement and isolation within unprecedented, fixed boundaries; throughout her past and in the present, in her home(s), residence(s), by and through the state-sponsored surveillance that is being forced upon her. The calculated, premeditated, fixed, and implemented censorship, suppression, and the repressive authoritative network of the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services, are being organized, facilitated, broadcasted, and disseminated by Defendants, and each of them, in this civil and criminal conspiracy.

1022. By said Defendants' fraudulent, unlawful, and illegal conduct of physically forcing PLAINTIFF in a situation where she is not able to, being prevented from, or is not permitted to get proper relief and emergency medical care due to being forced into a sophisticated Internet-based sex-trafficking network that is enhanced by corporate intimidation, suppression, and oppression. Furthermore, Defendants' authoritative repressive network is accompanied by extreme and unconstitutional censorship, and is further preventing, blocking, and obstructing PLAINTIFF from accessing the FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLCIATIONS, and the FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, and therefore, PLAINTIFF is

1   being subjected to continuous violations of false imprisonment for the benefits  and unjust
2   enrichment of said Defendants, and each of them, since January 2012.

3      1023. PLAINTIFF is informed, believes, and thereon alleges that at all times
4   relevant hereto, Defendants, and each of them, are forcefully implementing cruel and
5   unusual punishments upon PLAINTIFF by enabling and enforcing her to live in a
6   systemically enhanced, and an extreme unprecedented variation of false imprisonment via
7   its repressive authoritative corporate network and virtual sex trafficking ring. As a legal,
8   direct, and proximate result of the aforementioned conduct, Defendants, and each of them,
9   are further implying an unprecedented violation of the Eighth Amendment of the United
10  States Constitution, Bill of Rights, as a legally free and non-prisoner individual.

11     1024. PLAINTIFF alleges that she's reported the FRAUDULENT WEBSITE, its
12  FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE
13  APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT
14  CHANNELS, and their fraudulent functions being facilitated and executed fraudulently in
15  PLAINTIFF's name to DEFENDANTS APPLE; GOOGLE; DROPBOX; DIRECTV; and
16  numerous other Telecom Doe Defendants, inclusive, however, said corporate Defendants
17  refuse to acknowledge, shut down and/or release the PLAINTIFF by shutting down their
18  fraudulent business transactions and fraudulent accounts being sold, disseminated, and
19  broadcasted in PLAINTIFF's name, likeness, persona, and identity, therefore, further
20  falsely imprisoning, confining, and isolating PLAINTIFF against her will, knowingly,
21  willingly, voluntarily and deliberately. But for said Defendants' wrongful, fraudulent,
22  unlawful, and illegal conduct, PLAINTIFF would not have been and still continues to be
23  confined, isolated, censored, and falsely imprisoned.

24     1025. As a legal, direct, and proximate result of the aforementioned conduct of said
25  Defendants' intentional forced confinement and false imprisonment, directly and
26  indirectly, towards PLAINTIFF, PLAINTIFF has been and continues to be conscious of
27  such unprecedented isolation, forced confinement, and false imprisonment, and has been
28  and continues to be suffering detrimental medical and health issues throughout the past 13

years, that are progressively getting worse, due to the physical implantation of a solar microchip device, or the State-Sponsored Solar Powered Tracking Device, being permanently implanted inside PLAINTIFF's body, causing extreme bodily harm and damaging side effects that could further lead to diseases such as cancer, death, and/or severe infection, if remained untreated and surgically unremoved. Furthermore, the additional pre-programmed and implemented censorship, suppression, and corporate oppression facilitated by Defendants, and each of them, have caused further damage by preventing by force and obstructing PLAINTIFF from seeking justice, compensation, and emergency medical care and health care services by and through their collective transnational repressive network and dictatorship.

1026. As a legal, direct, and proximate result of the aforementioned conduct of said Defendants' intentional forced confinement and false imprisonment, directly and indirectly, towards PLAINTIFF, PLAINTIFF has been and continues to be consciously suffering from (1) the humiliation, indignity, and degradation of being a victim of human/sex trafficking; (2) the repetitional injury from said Defendants' organized and pre-meditated civil conspiracy; (3) from illness and physical discomfort; and (4) suffering from the loss of time, earnings, and systemic discrimination by damage to PLAINTIFF's false and undignified reputation being imposed and dictated by Defendants, and each of them, by being forcefully confined, isolated, and falsely imprisoned solely for entertainment purposes.

1027. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

1028. As a legal, direct, and proximate result of aforementioned conduct, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. As a further proximate result,

PLAINTIFF will continue to incur, medical and related expenses due to the unprecedented medical experiment and state-sponsored surveillance domain she has been and continues to be forced and fraudulently obliged to live under. Additionally, PLAINTIFF's healthcare and medical services are systemically halted and severely limited due to Defendants' collective efforts in confining, false imprisoning, and sex trafficking the PLAINTIFF on the Internet, and therefore, are making it difficult and near impossible to get the state-sponsored hardware device acknowledged by medical professionals and surgically removed from her body. As a further proximate result of Defendants' actions, PLAINTIFF has and will continue to suffer general and special damages in an amount to be proven at trial.

1029. Defendants should not be permitted to retain the benefits they have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and based on the unprecedented conversion, distribution, and sex trafficking of PLAINTIFF and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an award for compensatory damages and restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINITIFF may seek restitution, as all funds, revenues and benefits that Defendants have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme were done in bad faith and with the intention to defraud. Additionally, all funds, revenues and benefits that Defendants have unjustly received, as a result of their actions, rightfully belong to PLAINTIFF. PLAINTIFF seeks restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINITIFF may seek restitution, as all funds, revenues and benefits that Defendants have unjustly received as a result of their illegal conduct rightfully belong to PLAINTIFF.

1030. The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all

possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

1031. PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

1032. PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

1033. The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently,

1  PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at
2  trial.

3      1034. PLAINTIFF seeks the permitted tolling and/or exemption from the statute of
4  limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the
5  FRAUDULENT WEBSITE and its continuous violations of the laws and the United States
6  Constitution, and a new and separate violation accrues daily. Therefore, this action is ever
7  evolving, and discovery is always continuing.

8      1035. PLAINTIFF further seeks the permitted tolling and/or exemption from the
9  statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c),
10  "Any civil action brought forth for damages to victims of human trafficking, <u>shall be</u>
11  <u>commenced within seven years of the date on which the trafficking victim was freed from</u>
12  <u>the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this
13  unprecedented civil action is on the basis of the systemic and institutionalized forced labor
14  being implemented on PLAINTIFF by the repressive corporate network and the
15  unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT
16  WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF
17  would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's
18  cause of action has not yet started to commence, as she is still presently in the trafficking
19  situation, as alleged above in this action.

21  ### FORTY-SEVENTH CAUSE OF ACTION
22  ### TRESSPASS TO CHATTEL
23  **(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple;**
24  **Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International;**
25  **AT&T; AT&T Services and Doe Defendants, inclusive)**
26      1036. PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and
27  incorporates same herein by this reference as though fully set forth at length.

1037. PLAINTIFF has a right to possess and use personal electronic devices in the private residence of her home and use them through paid telecom and ISP services and/or public Wi-Fi networks without interruption, intermeddling, dispossession, or censorship.

1038. By locating, seizing, hacking, distributing, and selling the fraudulent, unlawful, and illegal state-sponsored FRAUDULENT WEBSITE in and around January 2012, Defendants, and each of them, have unprecedentedly trespassed and continue to trespass onto PLAINTIFF's personal property and computer network and electronic devices on the basis of unauthorized access to a controlled, diverted, embezzled, and misappropriated state-sponsored network that is providing and assisting said Defendants with extreme censoring and suppression capabilities and with the unprecedented exposure to the private and physical location data of PLAINTIFF by and through GPS technology, and therefore, is permitting further intrusive access to PLAINTIFF's personal property and electronic devices in the private residence of her home, and further including when in use on a public Wi-Fi network, without and beyond the scope, of her consent or knowledge. Defendants, and each of them, have improperly exercised dominion and control over PLAINTIFF and PLAINTIFF's personal property/electronic devices/computer network through a fraudulent, unlawful, and illegal state-sponsored surveillance domain, network, and corresponding GPS software by and through the intermeddling of censorship and dispossession and deprivation of PLAINTIFF's full access to the Internet and publicly available FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLCATIONS, FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, and further including censored and limited ISP access to search engine results when searching PLAINTIFF's own name and identity.

1039. Defendants' actions were done knowingly, willingly, deliberately, voluntarily, and intentionally.

1040. Defendants' actions caused harm to PLAINTIFF by taking away control of her own personal property and private electronic devices, and further, by not having nor permitting PLAINTIFF the same open access to the Internet, telecom entertainment

services, and the FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, as described above, wherefore PLAINTIFF would have been able to bring action against Defendants, and each of them, sooner as opposed to being intentionally and forcefully delayed by and through corporate censorship, suppression, oppression, and their sophisticated transnational repressive network, in furtherance of their illegal profiteering scheme, dictatorship, and the obstruction of justice.

1041. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

1042. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. Additionally, due to the unprecedented medical experiment and forced medical operation that occurred in December 1996, and the subsequent hacking, taking, distribution, concealment of trespassing and trafficking of PLAINTIFF and her personal property, and the selling of the FRAUDULENT WEBSITE that occurred in 2012 and continues in the current year and date, PLAINTIFF cannot get the surgically inserted state-sponsored hardware device acknowledged and/or removed by medical professionals. As a further proximate result, PLAINTIFF will continue to incur medical and related expenses.

1043. Defendants should not be permitted to retain the benefits they have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and based on the unprecedented conversion, distribution, trespassing, and sex trafficking of PLAINTIFF and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an award for compensatory damages and restitutionary disgorgement of

all profits of such amounts and the establishment of a constructive trust from which PLAINITIFF may seek restitution, as all funds, revenues and benefits that Defendants have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme were done in bad faith and with the intention to defraud. Additionally, all funds, revenues and benefits that Defendants have unjustly received, as a result of their actions, rightfully belong to PLAINTIFF.

1044. In addition, PLAINTIFF seeks an order for an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm.

1045. The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

1046. PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after

1   becoming aware of their wrongful conduct, each Defendant by and through its agents, and
2   each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

3       1047. PLAINTIFF is further informed and believes and based thereon alleges that at
4   all times relevant hereto, Defendants, and each of them, were the agents, employees,
5   managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter
6   egos, and/or ventures of the other Defendants, and each of them, and in doing the things
7   alleged herein, were acting at least in part within the course and scope of said agency,
8   employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the
9   permission and consent of each of the other Defendants.

10       1048. The conduct of Defendants, and each of them, and Does 1 through 10,
11   inclusive, and/or their agents, employees, supervisors as described herein was malicious,
12   oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for
13   the deleterious consequences of Defendants' actions. Defendants authorized, condoned,
14   and ratified the unlawful conduct of each and every one of them. Consequently,
15   PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at
16   trial.

17       1049. PLAINTIFF seeks the permitted tolling and/or exemption from the statute of
18   limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the
19   FRAUDULENT WEBSITE and its continuous violations of the laws and the United States
20   Constitution, and a new and separate violation accrues daily. Therefore, this action is ever
21   evolving, and discovery is always continuing.

22       1050. PLAINTIFF further seeks the permitted tolling and/or exemption from the
23   statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c),
24   "Any civil action brought forth for damages to victims of human trafficking, <u>shall be</u>
25   <u>commenced within seven years of the date on which the trafficking victim was freed from</u>
26   <u>the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this
27   unprecedented civil action is on the basis of the systemic and institutionalized forced labor
28   being implemented on PLAINTIFF by the repressive corporate network and the

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## FORTY-EIGHTH CAUSE OF ACTION

### VIOLATION OF CAL. CIV. CODE § 1708.7,

### STALKING

**(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple; Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; AT&T Services and Doe Defendants, inclusive)**

1051. PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

1052. In and around January 2012, Defendants, and each of them, collectively engaged in an unprecedented pattern of conduct, and over the past decade, are still continuing to engage in that same pattern of conduct that continuously sexually exploits and exposes PLAINTIFF, her private location, physical residence, and further including her physical whereabouts via GPS technology and by and through the broadcasted and live-streaming state-sponsored FRAUDULENT WEBSITE and its extended for-sale corporate-sector fraudulent interactive services. Additionally, these Internet-based fraudulent interactive services unprecedently permit the stalking of PLAINTIFF and with the intent to follow, alarm, place under surveillance, monitor, spy on, control, possess, and harass the PLAINTIFF on a publicly available intrusive surveillance domain on the Internet, wherefore, co-conspiring Defendants, and each of them, collectively have an agenda to control, monitor, benefit, and profit off of such surveillance of PLAINTIFF on their commercial media and entertainment platforms.

1053. As a result of that collective pattern of unprecedented conduct whereby Defendants, and each of them, are knowingly, willingly, and deliberately placing the PLAINTIFF under global broadcasted surveillance for the primary purpose of their illegal profiteering scheme and sexual exploitation of PLAINTIFF's personal affairs and private past life experiences, through the intentional misrepresentation of adult entertainment services being facilitated in PLAINTIFF's name and identity by and through the seized, hacked, sold, bought, and disseminated state-sponsored FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS. As a further result of that collective pattern of unprecedented conduct, PLAINTIFF has been and continues to be in fear of her life, safety, privacy, and freedom of movement.

1054. In furtherance of Defendants' collective pattern of unprecedented conduct, PLAINTIFF has been and continues to be forced to submit to being recognized in the public eye by and through the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services, in which are openly accessible and publicly available on the Internet, in App Stores, and on televised entertainment platforms and services, and is further continuously harassed, tormented, and terrorized by unknown persons or complete strangers for no legitimate purpose other than the fact that they have unlimited access to stalking the PLAINTIFF on their electronic devices by and through the FRAUDULENT WEBSITE, in which PLAINTIFF is censored, blocked, and obstructed from having access to, and in furtherance of co-conspiring Defendants, and each of them, intentionally preventing and suppressing the PLAINTIFF from being aware of their fraudulent, unlawful, illegal, and unconstitutional conduct by and through the embezzlement, conversion, and misappropriation of state-sponsored technology/assets, in which was originally stolen, converted, diverted, embezzled, controlled and dictated by DEFENDANT J.C. REDDERSEN in and around 1996.

1055. Additionally, where Defendants prevailed in censoring, blocking, and obstructing PLAINTIFF from accessing the openly and publicly available intrusive surveillance domain of PLAINTIFF on the Internet and/or FRAUDULENT WEBSITE, Defendants failed to predict and/or prevent the malicious, manipulative, harassing, controlling, and discriminatory behavior PLAINTIFF has unprecedentedly experienced and still continues to experience in person, in society, on the ground, and in reality, because of the unlimited access the general public has to PLAINTIFF on the hacked, sexually exploitative, and live-streaming FRAUDULENT WEBSITE. Therefore, Defendants' collective efforts and malicious conduct were and continue to be a substantial factor in causing PLAINTIFF's harm and societal power imbalance.

1056. PLAINTIFF has further suffered substantial emotional distress, fear, anxiety, depression, social isolation, and emotional torment from being publicly stalked on the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services.

1057. Defendants, and each of them, as part of their collective efforts and unprecedented patterns of conduct specified above, have made a credible threat and with reckless disregard for the safety of PLAINTIFF, wherefore PLAINTIFF is in fear of her life, safety, and privacy.

1058. PLAINTIFF has approached Defendants, and each of them, on separate occasions and clearly and directly demanded that Defendants cease and abate their unprecedented pattern of conduct and Defendants persisted to ignore, deny and/or acknowledge PLAINTIFF's request and further persisted in their pattern of conduct in furtherance of insisting on the vicious and violent cycle of allowing the general public to monitor, stalk, control, possess, confine, and harass PLAINTIFF.

1059. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

1060. Defendants should not be permitted to retain the benefits they have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and based on the unprecedented conversion, distribution, and sex trafficking of PLAINTIFF and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an award for compensatory damages and restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINITIFF may seek restitution, as all funds, revenues and benefits that Defendants have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme were done in bad faith and with the intention to defraud. Additionally, all funds, revenues and benefits that Defendants have unjustly received, as a result of their actions, rightfully belong to PLAINTIFF.

1061. As a legal, direct, and proximate result of aforementioned conduct, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. As a further proximate result, PLAINTIFF will continue to incur, medical and related expenses due to the unprecedented medical experiment and state-sponsored surveillance domain she has been and continues to be forced and fraudulently obliged to live under. Additionally, PLAINTIFF's healthcare and medical services are systemically halted and severely limited due to Defendants' collective efforts in stalking, monitoring surveilling, and sex trafficking PLAINTIFF on the Internet, and therefore, are making it difficult and near impossible to get the state-sponsored hardware device acknowledged by medical professionals and surgically removed from her body. As a further proximate result of Defendants' actions, PLAINTIFF has and will continue to suffer general and special damages, pursuant to California Civil Code § 1708.7(c), in an amount to be proven at trial.

1062. In addition, PLAINTIFF seeks an order for: an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm.

1063. The aforementioned conduct was accomplished intentionally and/or recklessly with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, pursuant to California Civil Code § 3294, and in an amount to be proven at trial.

1064. PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

1065. PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

**PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

1066. The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

1067. PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

1068. PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation." Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

/ / /

## FORTY-NINTH CAUSE OF ACTION

### INVASION OF PRIVACY – INTRUSION; MISAPPROPRIATION OF LIKENESS AND IDENTITY; PUBLIC DISCLOSURE OF PRIVATE FACTS; FALSE LIGHT; AND CALIFORNIA CONSTITUTIONAL RIGHT TO PRIVACY

**(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple; Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; AT&T Services and Doe Defendants, inclusive)**

1069. PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

1070. PLAINTIFF had a reasonable expectation of privacy in the privacy of her own home, personhood, livelihood, and personal and intimate relationships, which Defendants, and each of them, have mishandled and violated unprecedentedly by and through the FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS.

1071. By failing to keep PLAINTIFF's privacy protected and safe, and by misusing, distributing, and/or disclosing that invasion of privacy in for form of data and metadata to unauthorized parties for unauthorized, unlawful, unconstitutional, and illegal use, said Defendants, and each of them, invaded PLAINTIFF's privacy by:

    a. Intruding into PLAINTIFF's private affairs in a manner that would be highly offensive to a reasonable person;

    b. Publicly using and appropriating PLAINTIFF's identity, name, personality, and likeness without PLAINTIFF's consent and for the sole intent of endless ill-gotten gains, their profiteering scheme and/or benefits of value;

    c. Publicizing private facts about PLAINTIFF in the form of online publications, photographs, videos, imagery and misrepresented writings and statements, which is highly offensive to a reasonable person;

       d. Publicly placing PLAINTIFF in a false light and as a consensual sex
worker and Cam girl in a manner that would be highly offensive to a
reasonable person;

       e. Violating PLAINTIFF's right to privacy under California Constitution,
Article 1, Section 1, through the improper use of PLAINTIFF's Private
Information and improperly obtained for a specific purpose, for another
purpose, or the disclosure of it to some third party.

1072. Said Defendants knew, or acted with reckless disregard of the fact that, a reasonable person in PLAINTIFF's position would consider said Defendants' fraudulent, unlawful, illegal, and unconstitutional conduct and actions highly offensive.

1073. Said Defendants invaded PLAINTIFF's right to privacy and intruded into PLAINTIFF's private affairs by misusing, distributing and/or disclosing PLAINTIFF's Private Information without her informed, voluntary, affirmative, and clear consent.

1074. As a proximate result of such misuse, distribution and disclosures, PLAINTIFF'S reasonable expectations of privacy in her private life, identity, personhood, housing, residence, data, and metadata, was unduly frustrated and thwarted. Defendants' conduct amounted to a serious invasion of PLAINTIFF's protected privacy interests.

1075. In failing to protect PLAINTIFF's private life, identity, personhood, housing. residence, data, and metadata, and in misusing, distributing and/or disclosing PLAINTIFF's private affairs and data, said Defendants, and each of them, have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private.

1076. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

1077. Defendants should not be permitted to retain the benefits they have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

based on the unprecedented conversion, distribution, and sex trafficking of PLAINTIFF and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an award for compensatory damages and restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINITIFF may seek restitution, as all funds, revenues and benefits that Defendants have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme were done in bad faith and with the intention to defraud. Additionally, all funds, revenues and benefits that Defendants have unjustly received, as a result of their actions, rightfully belong to PLAINTIFF.

1078. In addition, PLAINTIFF seeks an order for: an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm.

1079. The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

1080. PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful

conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

1081. PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

1082. The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

1083. PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

1084. PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this

unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## FIFTIETH CAUSE OF ACTION
### DEFAMATION – LIBEL AND SLANDER (COUNT 1)
**(Against Defendants J.C. Reddersen; M.D. Reddersen; and Defendant Doe No. 1)**

1085. PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

1086. In and around December 1996 and up until the present, Defendants, and each of them, are making continuous and ever-evolving defamatory statements against PLAINTIFF by creating, inventing, developing, embezzling, misappropriating, publishing, streaming, communicating, co-conspiring, and aiding and abetting each other to activate an intrusive surveillance domain by and through the unprecedented medical experiment and surgical implantation of a classified and state-sponsored device implanted inside PLAINTIFF's body, in order to develop the cyber domain and its corresponding state-sponsored software, or FRAUDULENT WEBSITE. Said defamatory cyber domain, titled under PLAINTIFF's name and identity, is publicly, fraudulently, unlawfully, illegally, and unconstitutionally live streaming, broadcasting, and storing the PLAINTIFF and her private digitally documented life story from the years 1996 to the present date on a cloud-stored calendar archive located on the FRAUDULENT WEBSITE. The unprecedented cloud-stored calendar archive is constantly broadcasting PLAINTIFF's whereabouts in real time via GPS technology, and in the private residence of her home(s) and residence(s) throughout the years. This fraudulent, unlawful, illegal, and unconstitutional surveillance

domain was facilitated directly and indirectly by DEFENDANT J.C. REDDERSEN communicating and verbalizing the unprecedented favor and quid pro quo and its original intention, as a form of GPS surveillance, over then minor and 8-year-old PLAINTIFF, to DEFENDANT DOE NO. 1, or the neurosurgeon, who then performed and executed the initial fraudulent and experimental surgery in Orlando, Florida on then 8-year-old PLAINTIFF, in 1996.

1087. Additionally, PLAINTIFF alleges that the fraudulent, experimental, and unprecedented intrusive surveillance domain was communicated and verbalized, again, and directly by DEFENDANT J.C. REDDERSEN to DEFENDANT M.D. REDDERSEN, while they were married, and coincidentally, while PLAINTIFF was temporarily living with them in the state of Texas, at age 16, in 2004. Additionally, the FRAUDULENT WEBSITE was intentionally kept secret, censored, and concealed from PLAINTIFF by both Defendants. Furthermore, in 2012, PLAINTIFF became aware of such published and intrusive surveillance domain and confronted the matter, in person, to both DEFENDANTS J.C. REDDERSEN and M.D. REDDERSEN, wherein they abruptly denied the accusations and shortly thereafter, kicked PLAINTIFF out of their South Carolina residence.

1088. PLAINTIFF became aware and concerned of the existence of such published surveillance domain in January of 2012, at 23-years-old, while living in the South Carolina residence of DEFENDANTS J.C. REDDERSEN and M.D. REDDERSEN. Furthermore, due to PLAINTIFF being intentionally kept in the dark and censored, PLAINTIFF did not become aware of the actual name of the cyber domain, and FRAUDULENT WEBSITE, until the year 2014, at 26-years-old. By 2014, PLAINTIFF was aware that the intrusive and fraudulent surveillance domain initially invented, created, developed, registered, converted, embezzled, and misappropriated by DEFENDANT J.C. REDDERSEN had been located, seized, hacked, sold, bought, and publicly disseminated as a pornographic website under PLAINTIFF's name and identity. This was of great concern to PLAINTIFF because the FRAUDULENT WEBSITE falsely portrayed and intentionally misrepresented

a statement of fact, or that the FRAUDULENT WEBSITE was a consensual  and authorized website because it was under PLAINTIFF's first and last name, and that Defendants further declared or implied the continuous false assertions of fact through impersonating the PLAINTIFF by and through a fraudulent, unlawful, illegal, unconstitutional, and unprecedented state-sponsored intrusive surveillance domain without PLAINTIFF's knowledge, consent, or authorization, and therefore, forcing PLAINTIFF to submit to the dehumanization, degradation, and indignity of living her daily life in the public eye and on the Internet, solely for the entertainment of the general public.

1089. PLAINTIFF became additionally concerned because both, its initial implementation and hacked, sold, and publicly disseminated purpose was intended to control, monitor, spy on, surveil, manipulate, exploit, traffic, disgrace, degrade, and/or possess PLAINTIFF by holding her up to misogynistic disparagement, exploitation, hatred, ridicule, and sexual objectification. PLAINTIFF subsequently experienced the repercussions of the above described behaviors by noticing that the defamatory publications and postings being made and disseminated on the FRAUDULENT WEBSITE caused others to avoid and/or harass PLAINTIFF, and thus, socially isolating and segregating PLAINTIFF in an unprecedented fashion due to the false and defamatory statements and publications being repeatedly and continuously made on the Internet and further being induced, incited, and encouraged by and through its commercial corporate platforms, such as DEFENDANT APPLE's APP STORE and DEFENDANT GOOGLE's PLAY STORE. More specifically, the defamatory statements and publications were and still are being made in PLAINTIFF's name and identity, and are being done in furtherance of an offensive and abusive "joke" wherein the hacking of the state-sponsored FRAUDULENT WEBSITE is intended to portray that the PLAINTIFF is consensually making these defamatory statements and publications about herself to the general public on the open Internet and on commercial  corporate platforms, and therefore, the hacking and distributions of the FRAUDULENT WEBSITE is intended to display and fraudulently impersonate the PLAINTIFF as a consensual sex worker and Cam girl. Additionally, the

FRAUDULENT WEBSITE further offensively implies that the PLAINTIFF is willingly and voluntarily engaging in consensual sex work as a minor child and at the age of 8-years-old, or since 1996, and up until the current year, month, and date, as the PLAINTIFF's childhood development is simultaneously being broadcasted by and through the unprecedented cloud stored calendar archive of the PLAINTIFF's private life, upbringing, and child development.

1090. Co-conspiring Defendants mentioned above, have and continue to be collectively, publicly, and internationally libeling, slandering, defaming, and continuously publishing the hacking of the unprecedentedly intrusive and state-sponsored FRAUDULENT WEBSITE under PLAINTIFF's name and identity since 1996, and again, in 2012, wherefore, PLAINTIFF alleges that the FRAUDULENT WEBSITE was located, seized, hacked, sold, and disseminated by and through commercial media platforms in the big tech, telecom, and entertainment sector. Therefore, DEFENDANTS J.C. REDDERSEN and M.D. REDDERSEN, for the second time and continuously thereafter, and in a joint effort, published the continuous defamatory statements and publications being made, by and through its commercial media platforms in the big tech, telecom, and entertainment sector, against PLAINTIFF, by coming to a consensus, and adopting, endorsing, ratifying, and sponsoring the defamatory statements and publications as truthful projections of PLAINTIFF by not alerting, notifying, acknowledging, or informing PLAINTIFF of the existence of the FRAUDULENT WEBSITE, even when confronted in 2012, by the PLAINTIFF. Furthermore, DEFENDANT J.C. REDDERSEN had a duty and obligation to shut down the FRAUDULENT WEBSITE he created, registered, and fraudulently developed in PLAINTIFF's name and identity, but instead, abandoned, isolated, obstructed, censored, and gaslit PLAINTIFF by demanding she leave their South Carolina residence, further continuing and enhancing the fraudulent, malicious, ill-mannered, offensive, and distasteful publications and defamatory statements being made against PLAINTIFF on the Internet.

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

1091. PLAINTIFF has suffered and continues to suffer severe and continuous humiliation and reputational harm and damage due to DEFENDANT J.C. REDDEREN's experimental and unprecedented medical discovery and "invention" of merging the human biology with modern day solar technology solely for experimental purpose and not for medically necessary reasons. By proceeding with the unprecedented medical experiment and embezzling/misappropriating/creating/developing/publishing a publicly accessible fraudulent and intrusive surveillance web domain, or FRAUDULENT WEBSITE, under PLAINTIFF's name and identity, the Defendant severely and permanently defamed, libeled, and slandered the PLAINTIFF. Additionally, the severe reputational harm and damage done to and experienced by PLAINTIFF, was enhanced by co-conspiring accomplices DEFENDANT DOE NO. 1, the neurosurgeon, and M.D. REDDERSEN, the Defendant's wife who aided and abetted his wrongful, fraudulent, unlawful, illegal, and unconstitutional conduct against PLAINTIFF, as previously mentioned above, through the facilitation, usage, monitoring, and knowledge of the existence of the FRAUDULENT WEBSITE, and since 2004.

1092. PLAINTIFF has further suffered a loss for earning capacity; career opportunity; and higher education opportunities due the severe reputational harm and damage being committed against PLAINTIFF and with malicious and oppressive intent over the past decade, or since January 2012, when the located/seized/hacked/sold/ disseminated FRAUDULENT WEBSITE went global through its commercial media platform outlets.

1093. As a legal, direct, and proximate result of the aforementioned conduct of said Defendants' fraudulent, misleading, wrongful, unlawful, illegal, and unconstitutional conduct, PLAINTIFF is now seen by the general public as a consensual sex worker, Cam girl, pornographer, and child exploiter by and through the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services due to the seized, hacked, sold, and disseminated state-sponsored domain operating twenty-four hours a day

and seven days a week (24/7) and for the past 27 years, or since 1996 up until the current year, month, and date.

1094. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

1095. As a direct parental units of PLAINTIFF, or biological father and step mother through marriage, and in failing to protect PLAINTIFF's reputation, financial stability, well-being, private life, identity, personhood, housing, residence, and in publishing, fraudulently distributing and/or fraudulently disclosing PLAINTIFF's personal affairs, private life story, and child development, said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of actual damages; assumed damages; and punitive damages and in an amount to be proven at trial.

1096. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. Additionally, due to the unprecedented medical experiment and forced medical operation that occurred in December 1996, and the subsequent hacking, distribution, trafficking, and selling of the FRAUDULENT WEBSITE that occurred in 2012, PLAINTIFF cannot get the surgically inserted state-sponsored hardware device acknowledged and/or removed by medical professionals. As a further proximate result, PLAINTIFF will continue to incur medical and related expenses.

1097. PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

1098. PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

## FIFTY-FIRST CAUSE OF ACTION
### DEFAMATION – LIBEL AND SLANDER (COUNT 2)
**(Against Defendants O'Brien; Gutierrez; Apple; Google; Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; AT&T Services; and Doe Defendants 2 - 10, inclusive)**

1099. PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

1100. In and around January 2012 and up until the present date, Defendants, and each of them, are making continuous and ever-evolving defamatory statements against PLAINTIFF by locating, seizing, hacking, selling, distributing, impersonating, misappropriating, embezzling, publishing, communicating, co-conspiring, and aiding and abetting each other in order to activate, enhance, operate, benefit, profit, and further internationally broadcast, the unprecedented intrusive surveillance domain, in which DEFENDANT J.C. REDDERSEN had made possible in and around 1996, by through the embezzlement, conversion, and misappropriation of state-sponsored technology/assets and

an unprecedented and fraudulent medical experiment for non-medical reasons. Said defamatory and unprecedented intrusive surveillance domain, or FRAUDULENT WEBSITE, titled under PLAINTIFF's name and identity, is publicly, fraudulently, unlawfully, illegally, and unconstitutionally live streaming, broadcasting, and storing the PLAINTIFF and her private life story from the years 1996 to the current year, month, and date in a cloud-stored calendar archive located on the FRAUDULENT WEBSITE. The unprecedented cloud-stored calendar archive is constantly broadcasting PLAINTIFF's whereabouts in real time via GPS technology, and in the private residence of her home(s) and residence(s) throughout the years.

1101. In or around the years 2009 to 2012, DEFENDANTS O'BRIEN and GUTIERREZ discovered, located, seized, hacked, sold, disseminated, advertised, the misappropriated and embezzled state-sponsored technology/assets and the unprecedented intrusive surveillance domain, or FRAUDULENT WEBSITE, and made it into a pornographic and pedophilic website by fraudulently impersonating PLAINTIFF as a consensual sex worker, Cam girl, and pornographer. Furthermore, in and around January 2012, by fraudulently impersonating PLAINTIFF and committing countless acts of identity fraud with said Defendant co-conspirators, and each of them, DEFENDANTS O'BRIEN and GUTIERREZ advertised, sold, and disseminated the hacked and reprogrammed state-sponsored FRAUDULENT WEBSITE, to DEFENDANTS APPLE; GOOGLE; GOOGLE INTERNATIONAL; ALPHABET; DROPBOX; DIRECTV; DIRECTV INTERNATIONAL; AT&T; AT&T SERVICES and Doe Defendants No. 2 to 10, inclusive, in four (4) offensive ways that involved virtually chopping the naked body parts of the PLAINTIFF and selling them separately as FRAUDULENT CELL PHONE APPLICATIONS and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS. The four (4) offensive and fraudulent "Athena Reddersen" business entities are: 1) Athena; 2) Athena's Tits; 3) Athena's Bathroom; and 4) Athena and Jane Roe No. 1. Each of the for-sale fraudulent applications and/or channels are made available for a monthly subscription service fee and are each being sold fraudulently under the identity of

"Athena Reddersen". Additionally, DEFENDANTS O'BRIEN and GUTIERREZ reprogrammed the FRADUELENT CELL PHONE APPLICATIONS to allow for the public postings and defamatory publications being made by and through DEFENDANT APPLE's APP STORE and DEFENDANT GOOGLE's PLAY STORE and their Doe Defendant App subscribers to automatically distribute its FRAUDULENT DROPBOX DOWNLOADS of the PLAINTIFF so the general public may freely download endless imagery and fraudulent publications of PLAINTIFF and her former sexual partners.

1102. PLAINTIFF became aware and concerned of the existence of such published intrusive surveillance domain and FRAUDULENT WEBSITE in the form of multiple hacked FRAUDULENT CELL PHONE APPLICATIONS, its FRAUDULENT DROPBOX DOWNLOADS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS being publicly disseminated and sold as a pornographic service under PLAINTIFF's name and identity in April of 2014, at 26-years-old, while living in the state of California. This was of great concern to PLAINTIFF because the four (4) FRAUDULENT CELL PHONE APPLICATIONS and four (4) FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS falsely portrayed and intentionally misrepresented a statement of fact, or that the hacked FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services were consensual and authorized pornographic applications, downloads, and adult entertainment channels, because they were being advertised under PLAINTIFF's first and last name, and that said Defendants further declared or implied continuous false assertions of fact through fraudulently impersonating the PLAINTIFF, not only as a consensual sex worker, Cam girl, and pornographer, but as an Application Developer, website designer, and adult entertainment film producer, and further asserted additional false narratives and continuous publications directly and indirectly through DEFENDANTS O'BRIEN; GUTIERREZ; and Doe Defendants No. 4 to 10, or the Rogue Army Doe Defendants 4-10, inclusive. Moreover, both its initial implementation and hacked, sold, and publicly disseminated purpose was intended to disgrace, degrade, control, possess, manipulate,

420

monitor, surveil, exploit and traffic PLAINTIFF by holding her up to hatred, ridicule, misogynistic disparagement, sexual objectification, and exploitation. PLAINTIFF subsequently experienced the repercussions of the above described behaviors by noticing that the defamatory publications and postings being made and disseminated on the FRAUDULENT WEBSITE caused others to avoid and/or harass PLAINTIFF, and thus, socially isolating and segregating PLAINTIFF in an unprecedented fashion due to the false and defamatory statements and publications being repeatedly and continuously made on the Internet and further being induced, incited, and encouraged by and through its commercial corporate platforms, such as DEFENDANT APPLE's APP STORE; DEFENDANT GOOGLE's PLAY STORE; DROPBOX; DIRECTV; and AT&T.

1103. More specifically, the defamatory statements and publications were and still are being made in PLAINTIFF's name and identity, and are being done in furtherance of an offensive and abusive "joke" wherein the hacking of the state-sponsored FRAUDULENT WEBSITE is intended to portray that the PLAINTIFF is consensually making these defamatory statements and publications about herself to the general public on the open Internet and on its commercial corporate platforms, and therefore, the hacking and distributions of the FRAUDULENT WEBSITE is intended to display and fraudulently impersonate the PLAINTIFF as a consensual sex worker and Cam girl. Additionally, the FRAUDULENT WEBSITE further offensively implies that the PLAINTIFF is willingly and voluntarily engaging in consensual sex work as a minor child and starting at the age of 8-years-old, or since 1996, and up until the present date, as the PLAINTIFF's childhood development is simultaneously being broadcasted by and through the unprecedented cloud-stored calendar archive of the PLAINTIFF's digitally documented private life, upbringing, and child development.

1104. Co-conspiring Defendants mentioned above, have and continue to be collectively, publicly, and internationally libeling, slandering, defaming, and continuously publishing the hacking of the unprecedentedly intrusive and state-sponsored FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS,

FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, collectively under PLAINTIFF's name and identity, since in January 2012, by jointly broadcasting advertisements via televised ads and online ads, in order to get the word out and to create higher demand for the fraudulent pornographic and pedophilic services being disseminated in PLAINTIFF's name and identity. PLAINTIFF alleges that in the first week of its release, all four applications were ranking in the Top 10 paid applications in both DEFENDANT APPLE's APP STORE and DEFENDANT GOOGLE's PLAY STORE. The FRAUDULENT CELL PHONE APPLICATIONS continued to become top selling paid applications year after year, since its global debut in January 2012. More specifically, the broadcasted televised advertisements created more traffic on the hacked and reprogrammed state-sponsored FRAUDULENT WEBSITE, which was accompanied with free access to stalking, lurking, monitoring, and spying on the PLAINTIFF on the Internet, and further included free access to all FRAUDULENT DROPBOX DOWNLOADS being disseminated by and through DEFENDANT APPLE's APP STORE and DEFENDANT GOOGLE's PLAY STORE, as well as free access to the unprecedented cloud-stored calendar archive of the PLAINTIFF's digitally documented personal life experiences and private life story and history.

1105. Moreover, in April of 2014, DEFENDANTS O'BRIEN and GUTIERREZ, directly and indirectly, both admitted and repeatedly suggested to the responsibility of the hacking, publication, and fraudulent impersonation of the PLAINTIFF by and through the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services at the Coachella Valley Music and Arts Festival, where PLAINTIFF was arrested for pepper spraying both Defendants after their brazen admissions and defamatory gestures and statements made against, towards, and directed to PLAINTIFF, *see* **Exhibit "R".**

1106. PLAINTIFF has suffered and continues to suffer severe and continuous humiliation and reputational harm and damage due to said Defendants' collective efforts in

sabotaging PLAINTIFF's namesake, identity; persona; personhood; privacy; financial stability; mental and emotional state; and overall general health and well-being. PLAINTIFF has further suffered a loss for earning capacity; career opportunity; and higher education opportunities due the severe reputational harm and damage being committed against PLAINTIFF with malicious and oppressive intent over the past decade, or since January 2012, when the located/seized/hacked/embezzled/sold/disseminated FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services went global through its commercial media platforms outlets.

1107. As a legal, direct, and proximate result of the aforementioned conduct of said Defendants' fraudulent, misleading, wrongful, unlawful, illegal, and unconstitutional conduct, PLAINTIFF is now seen by the general public as a consensual sex worker, Cam girl, pornographer, and child exploiter by and through the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services due to the seized, hacked, sold, and disseminated state-sponsored domain operating twenty-four hours a day and seven days a week (24/7) and for the past 27 years, or since 1996 up until the present date.

1108. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

1109. As a legal, direct, and proximate result of aforementioned conduct, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. As a further proximate result, PLAINTIFF will continue to incur, medical and related expenses due to the unprecedented medical experiment and state-sponsored surveillance domain she has been and continues to be forced and fraudulently obliged to live under. Additionally, PLAINTIFF's healthcare and medical services are systemically halted and severely limited due to Defendants'

collective efforts in falsely impersonating, defaming, censoring, isolating, and sex trafficking PLAINTIFF on the Internet, and therefore, are making it difficult and near impossible to get the state-sponsored hardware device acknowledged by medical professionals and surgically removed from her body. As a further proximate result, of Defendants' actions, PLAINTIFF has and will continue to suffer general and special damages in an amount to be proven at trial.

1110. In dictating, broadcasting, publishing, defaming, fraudulently distributing and/or fraudulently disclosing PLAINTIFF's private affairs and child development through embezzled state-sponsored technology/assets, said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's right to life, liberty, freedom, and happiness without being globally surveilled, monitored, controlled, deprived, violently harassed, and continuously defamed by means of an obvious false narrative being disseminated to the global public by consciously ill-mannered individuals and said co-conspiring Defendants, and each of them. PLAINTIFF, therefore, seeks an award of actual damages; assumed damages; and punitive damages and in an amount to be proven at trial.

1111. PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

1112. PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency,

employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

1113. The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

1114. PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

1115. PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation." Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

/ / /

---

425

**FIFTY-SECOND CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple; Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International; AT&T; AT&T Services and Doe Defendants, inclusive)**

1116. PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

1117. Defendants, and each of them, co-conspired, aided and abetted, and incited an unprecedented cyberwarfare against PLAINTIFF by illegally and experimentally implanting, stealing, embezzling, misappropriating, hacking, and distributing state-sponsored technology/assets in PLAINTIFF's name, and further conspired to weaponize the state-sponsored technology/assets by streaming it, broadcasting it, advertising it, selling it, and continuously distributing it in and around January 2012 and up until the present date in the form of violent, offensive, and obscene sexually explicit images and videos of PLAINTIFF, to the general public by and through the Internet and corporate entities, platforms, and services. Thus, the outcome was and continues to be the FRAUDULENT WEBSITE, its FRAUDLENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS, being executed, disseminated, sold, and falsely misrepresented in PLAINTIFF's name, wherein DEFENDANTS O'BRIEN and GUTIERREZ (and through DEFENDANT J.C. REDDEREN's unprecedented medical experiments in 1996) was and continues to be fraudulently portraying themselves as and under the name, identity, persona, and likeness of "Athena Reddersen," a fraudulent application developer, website designer, adult entertainment film producer, consensual sex worker, and Cam girl on DEFENDANT APPLE's APP STORE; DEFENDANT GOOGLE's PLAY STORE; and DEFENDANTS DIRECTV and AT&T's televised channels. The wrongful, fraudulent, unlawful, and illegal conduct of said Defendants, and each of them, would be and still is regarded as atrocious, offensive, obscene, goes beyond

the bounds of human decency in a civilized community, and is totally intolerable to any reasonable person.

1118. Said wrongful, fraudulent, unlawful, illegal, and unprecedented conduct of Defendants' actions were intended to cause PLAINTIFF severe emotional distress in the following ways: 1) by abducting, kidnaping, confining, isolating, and falsely imprisoning PLAINTIFF for the sole intent to seize, occupy, and steal her identity in order to control her, monitor her, surveil her, sexually abuse her, and financially profit and/or benefit from her; 2) by creating an offensive, fraudulent, and illegal platform for the PLAINTIFF so that she can be publicly accessed and continuously cyberstalked, harassed, and cyberbullied by and through the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services; 3) by humiliating and degrading PLAINTIFF by continuously broadcasting all her prior sexual encounters; and 4) by isolating and socially segregating PLAINTIFF from her family, society, inner social circle, and preventing her from having a dating life, love life, and family due to the extreme 24/7 surveillance around her and the constant invasion of privacy being imposed over her.

1119. By said Defendants' intentional, cruel, and horrendous actions specifically targeted against PLAINTIFF, PLAINIFF has suffered and will continue to suffer extreme and debilitating emotional distress, due to being sexually exploited and objectified as an adult, a teenager, and including as child and being severely humiliated, embarrassed, dehumanized, degraded, defamed, libeled, slandered, censored and "demonized" as a fraudulent and non-consensual sex worker and Cam girl on the Internet and by and through the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services. Furthermore, PLAINTIFF has developed emotional disorders, in which did not previously exist prior to January 2012, including but not limited to severe depression, anxiety, and panic attacks.

1120. Defendants, and each of them, are complicitly co-conspiring and aiding and abetting one another through the enhanced censorship, suppression, and corporate intimidation they've specifically calculated and premeditated against PLAINTIFF in order

to prevent her from accessing their sophisticated commercial and transnational sex trafficking ring enhanced with their repressive network, over PLAINTIFF, her loved ones, and the general society. But for said Defendants' reckless actions and wrongful, fraudulent, unlawful, and illegal conduct, PLAINTIFF would not have a victim of intentional infliction of emotional distress.

1121. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. Additionally, due to the unprecedented medical experiment and forced medical operation that occurred in and around December 1996, and the subsequent hacking, distribution, trafficking, and selling of the FRAUDULENT WEBSITE and the false impersonation of PLAINTIFF that is continuously reoccurring since 2012, PLAINTIFF cannot get the surgically inserted state-sponsored hardware device acknowledged and/or removed by medical professionals. As a further proximate result, PLAINTIFF will continue to incur medical and related expenses.

1122. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

1123. Defendants should not be permitted to retain the benefits they have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and based on the unprecedented conversion, distribution, and sex trafficking of PLAINTIFF and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an award for compensatory damages and restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINITIFF may seek restitution, as all funds, revenues and benefits that Defendants have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme were done in bad faith and with the intention to defraud. Additionally, all funds, revenues

and benefits that Defendants have unjustly received, as a result of their actions, rightfully belong to PLAINTIFF.

1124. The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

1125. PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

1126. PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency,

employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

1127. The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

1128. PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

1129. PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation." Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

/ / /

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

## FIFTY-THIRD CAUSE OF ACTION

### PUBLIC NUISANCE

**(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple;
Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International;
AT&T; AT&T Services and Doe Defendants, inclusive)**

1130. PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and incorporates same herein by this reference as though fully set forth at length.

1131. Co-conspiring Defendants, and each of them, are collectively and fraudulently, unlawfully, and illegally operating an obscene, violent, profane, and fraudulent adult entertainment business service on the Internet by and through the FRAUDULENT WEBSITE and primarily by and through DEFENDANT APPLE's APP STORE; DEFENDANT GOOGLE's PLAY STORE and DEFENDANT DROPBOX's file sharing services. Additionally, the obscene, violent, profane, and fraudulent adult entertainment business service is secondarily being accessed, sold, and disseminated by Telecom providers, such as DEFENDANTS DIRECTV and AT&T and on their televised platforms. Further, the FRAUDULENT WEBSITE, its FRAUDULENT DROPBOX DOWNLOADS, FRAUDULENT CELL PHONE APPLICATIONS, and FRAUDULENT ON-DEMAND ADULT ENTERTAINMENT CHANNELS are easily accessible and being advertised to minor children on commercial media platforms by and through their Apple iOS and/or Android OS cell phones. The FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services are inciting user profanity across the globe by and through fraudulent, malicious, offensive, and obscene edited imagery of published postings and publications of and about PLAINTIFF by Doe Defendants No. 4 to 10, or the Rogue Army Doe Defendants 4-10, inclusive. Additionally, since the state-sponsored FRAUDULENT WEBSITE has been reprogrammed to mirror that of a pornographic website, other published vulgarities exist as a function, such as the ability to grant the general public, for both paying and non-paying viewers/followers/squatters/stalkers/lurkers, or the Rogue Army, the ability to comment,

rate, review, post, vote, search, and download the obscene, violent, offensive, and profane edited photographs and videos being posted and freely disseminated by Defendant platforms APPLE; GOOGLE; and DROPBOX. The FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services are viewed/followed/stalked over several billion times each month across the globe, and the FRAUDULENT WEBSITE is now the single largest source for the free and illegal distribution of unregulated discrimination, hate, misogyny, sexism, and child exploitation in the country.

1132. Defendants, and each of them, are collectively interfering with the use and enjoyment of the Internet by inciting and inducing illegal content, and therefore are creating a public health crisis by exposing the general public to endless violent images, photographs, and videos of PLAINTIFF all throughout her childhood, adolescence and young adulthood. Such illegal content being freely disseminated to the public on the open Internet is traumatizing, triggering, and disturbing, especially those in a family household who prefer to protect and prevent their own children from accessing such hostile environment on the open Internet.

1133. The general public has a right to access the Internet without having to be concerned of being intentionally offended by and through major unregulated corporations, such as DEFENDANTS APPLE; GOOGLE; DROPBOX; DIRECTV; AT&T; and numerous other Telecom Doe Defendants, inclusive, who are collectively inciting and inducing transnational terrorism on a state-sponsored network, domain, and converted, diverted, embezzled, and misappropriated technology/assets under the PLAINTIFF's name and identity.

1134. The public nuisance that Defendants, and each of them, have collectively hacked, designed, disseminated, and generated by and through the embezzlement and misappropriation of stolen state-sponsored assets and technology, was done intentionally and with deliberate disregard for the health and safety of the PLAINTIFF and society, therefore implying a nuisance per se for their clear violations of multiple statutes,

ordinances, and further including violations of the United States Constitution. Additionally, Defendants are strictly liable for inciting and inducing abnormally dangerous activities across the Internet and on Defendants' commercial corporate platforms at the PLAINTIFF's expense and to her detriment.

1135. As a legal, direct, and proximate result of the aforementioned conduct, Defendants' collective efforts to intentionally implement systemic harm to PLAINTIFF was a substantial factor in producing and prolonging the medical harm and detrimental health implications that PLAINTIFF will be susceptible and vulnerable to in the future. As a further proximate result, the consequences of Defendants' ultrahazardous and abnormally dangerous activities were and are completely foreseeable, and still, co-conspiring Defendants, and each of them, decided to further engage in the abnormally dangerous activities with deliberate disregard for the PLAINTIFF's health, safety, personal independence, privacy, freedom, and well-being.

1136. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

1137. Pursuant to California Civil Code § 3493 and California Code of Civil Procedure § 731, PLAINTIFF has the right to bring action to enjoin and abate the public nuisance and to further recover damages for the specially injurious harm that was imposed on her by Defendants' atrocious and offensive conduct being personally committed against PLAINTIFF and on a public platform, such as the open Internet.

1138. Defendants should not be permitted to retain the benefits they have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and based on the unprecedented conversion, distribution, and sex trafficking of PLAINTIFF and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an award for compensatory damages and restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINITIFF may seek

restitution, as all funds, revenues and benefits that Defendants have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme were done in bad faith and with the intention to defraud. Additionally, all funds, revenues and benefits that Defendants have unjustly received, as a result of their actions, rightfully belong to PLAINTIFF.

1139. In addition, PLAINTIFF seeks an order for: an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm and attorneys' fees and costs to the full extent allowed by law.

1140. The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

1141. PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

1142. PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

1143. The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

1144. PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

1145. PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, <u>shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation.</u>" Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the

1  unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT

2  WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF

3  would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's

4  cause of action has not yet started to commence, as she is still presently in the trafficking

5  situation, as alleged above in this action.

6

7  **FIFTY-FOURTH CAUSE OF ACTION**

8  **STRICT LIABILITY – ABNORMALLY DANGEROUS ACTIVITIES**

9  **(Against Defendants J.C. Reddersen; M.D. Reddersen; O'Brien; Gutierrez; Apple;**

10  **Google; Google International; Alphabet; Dropbox; DirecTV; DirecTV International;**

11  **AT&T; AT&T Services and Doe Defendants, inclusive)**

12  1146. PLAINTIFF repeats and re-alleges paragraphs 1 through 259, inclusive, and

13  incorporates same herein by this reference as though fully set forth at length.

14  1147. Defendants have and still are consciously, collectively, mutually, and

15  intentionally engaging in ultrahazardous activities in which are causing great and severe

16  medical harm to PLAINTIFF. Co-conspiring Defendants mentioned above are publicly

17  conducting an illegal and unconstitutional medical experiment in the form of a public

18  nuisance, as mentioned above, and with biological weapons and further, on state-

19  sponsored technology/assets that are merged onto a public domain, since and as of January

20  2012, in which the state-sponsored technology/assets were initially embezzled, stolen,

21  misappropriated and unprecedentedly surgically implanted in PLAINTIFF's body in

22  Orlando, Florida, in and around 1996 by DEFENDANT J.C. REDDERSEN and DOE

23  DEFENDANT NO. 1.

24  1148. Defendants' ultrahazardous and abnormally dangerous activities are being

25  implemented as an unlawful, illegal, immoral, unethical, and systemic fraudulent

26  profiteering scheme and said Defendants, and each of them, are fully aware of each other's

27  cooperation, mutual agreement, and participation in the fraudulent and dangerous activities

28

---

436

reoccurring continuously in public since 1996, and again, for the second time in January 2012.

1149. PLAINTIFF has been and is currently suffering from severe medical repercussions of the implemented and systemic biological warfare and global weaponization of the state-sponsored technology/assets and Internet domain that has been embezzled, stolen, misappropriated and currently being sold to the public, as well as being freely disseminated via the FRAUDULENT WEBSITE and its extended for-sale corporate sector fraudulent interactive services. Defendants' deliberate weaponization of such state-sponsored assets are not only a disruption to a civilized community, but also should not be permitted to be fully accessible to the general population and everyday United States citizens, as the state-sponsored assets are meant strictly for military personnel only and are classified government IP/assets. Furthermore, the unprecedented biohazardous medical experiment that has been and still is implanted in PLAINTIFF's body as of 1996, or for the past 27 years, is creating an unprecedented and an alarming biological weapon within PLAINTIFF's body and further implies the potential for unknown disease(s), bacteria, virus, fungi, toxins, and/or other biological and infectious agents that are being produced by solar rays and electricity beaming directly onto and inside of PLAINTIFF's body and in order to produce the unprecedented biological solar electricity via the implanted state-sponsored hardware, or the State-Sponsored Solar Powered Tracking Device. Thus, the activation of the state-sponsored software being stored on the publicly accessible cyber domain, or FRAUDULENT WEBSITE, remains active in a live broadcast feed by and through an unprecedented and unauthorized medical discovery that implemented the sex trafficking of PLAINTIFF via the FRAUDULENT WEBSITE and its for-sale corporate sector fraudulent interactive services since January 2012.

1150. As a legal, direct, and proximate result of the aforementioned conduct, Defendants' collective efforts to implement systemic harm to PLAINTIFF was a substantial factor in producing and prolonging the medical harm and detrimental health implications that PLAINTIFF will be susceptible to and vulnerable to in the future. As a

PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES

further proximate result, the consequences of Defendants' ultrahazardous and abnormally dangerous activities were and are completely foreseeable, and still, co-conspiring Defendants decided to further engage in the abnormally dangerous activities with deliberate disregard for the PLAINTIFF's health, safety, personal independence, privacy, freedom, and well-being.

1151. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF has been damaged in that she has been required to expend money and incur obligations for medical services, drugs, and sundries, reasonably required in the treatment and relief of the injuries alleged according to proof. Additionally, due to the unprecedented medical experiment and forced medical operation that occurred in December 1996, and the subsequent hacking, distribution, trafficking, and selling of the FRAUDULENT WEBSITE that occurred in 2012, PLAINTIFF cannot get the surgically inserted state-sponsored hardware device acknowledged and/or removed by medical professionals. As a further proximate result, PLAINTIFF will continue to incur medical and related expenses.

1152. As a legal, direct, and proximate result of the aforementioned conduct, PLAINTIFF will continue to suffer extreme mental, psychological, emotional, and physical harm, and severe post-traumatic stress disorder and pain and suffering in the future, as a result of the injuries alleged herein.

1153. PLAINTIFF seeks an award for actual damages as a result of Defendants' systemic implementation of their created illegal market and ill-gotten gains in PLAINTIFF's name, as well as compensatory damages.

1154. Defendants should not be permitted to retain the benefits they have acquired through the unlawful, illegal, fraudulent, and unconstitutional conduct described above and based on the unprecedented conversion, distribution, and sex trafficking of PLAINTIFF and simultaneously, the defrauding of the United States, therefore PLAINTIFF seeks an award for compensatory damages and restitutionary disgorgement of all profits of such amounts and the establishment of a constructive trust from which PLAINTIFF may seek restitution, as all funds, revenues and benefits that Defendants have acquired through the

unlawful, illegal, fraudulent, and unconstitutional conduct for the their profiteering scheme were done in bad faith and with the intention to defraud. Additionally, all funds, revenues and benefits that Defendants have unjustly received, as a result of their actions, rightfully belong to PLAINTIFF.

1155. In addition, PLAINTIFF seeks an order for: an injunction against said Defendants' wrongful, unlawful, illegal, fraudulent, and unconstitutional conduct as alleged herein to prevent future harm.

1156. The aforementioned conduct was accomplished intentionally and/or recklessly and negligently with conscious disregard for said PLAINTIFF's health, safety, privacy, freedom, liberty, independence and human dignity. Defendants' aforementioned conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and should be regarded as despicable, atrocious, and utterly intolerable in a civilized community. Furthermore, in failing to protect PLAINTIFF's private life, identity, personhood, relationships, housing, residence, freedom, liberty, independence, and safety and in misusing, distributing and/or disclosing PLAINTIFF's private affairs, intimate relationships, and sexual relations (consensual and non-consensual), said Defendants have acted with malice and oppression and in conscious disregard of PLAINTIFF's rights to have such information kept confidential and private. PLAINTIFF, therefore, seeks an award of punitive damages, and in an amount to be proven at trial.

1157. PLAINTIFF is further informed and believes that each business or employer, through its officers, directors, and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

1158. PLAINTIFF is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

1159. The conduct of Defendants, and each of them, and Does 1 through 10, inclusive, and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for PLAINTIFF's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined at trial.

1160. PLAINTIFF seeks the permitted tolling and/or exemption from the statute of limitations in this cause of action, as PLAINTIFF's allegation is directed at addressing the FRAUDULENT WEBSITE and its continuous violations of the laws and the United States Constitution, and a new and separate violation accrues daily. Therefore, this action is ever evolving, and discovery is always continuing.

1161. PLAINTIFF further seeks the permitted tolling and/or exemption from the statute of limitations in this action brought forth, as described in Cal. Civ. Code 52.5(c), "Any civil action brought forth for damages to victims of human trafficking, shall be commenced within seven years of the date on which the trafficking victim was freed from the trafficking situation." Therein indicating that each cause of action brought forth in this unprecedented civil action is on the basis of the systemic and institutionalized forced labor being implemented on PLAINTIFF by the repressive corporate network and the unprecedented virtual sex trafficking ring, available by and through the FRAUDULENT WEBSITE. But for the institutionalized repressive sex trafficking network, PLAINTIFF

would not have any claims in this civil action to bring forth. Therefore, PLAINTIFF's cause of action has not yet started to commence, as she is still presently in the trafficking situation, as alleged above in this action.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ATHENA REDDERSEN prays for judgment against Defendants, and each of them, as follows:

1. For general damages in an amount to be proven at the time of trial;
2. For special damages for current and future medicals, hospitalization, x-ray, surgery, medical and sundry expenses in an amount to be proven at the time of trial;
3. For special damages for loss of earnings and earning capacity in an amount to be proven at the time of trial;
4. For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of said Defendants' wrongful, unlawful, illegal, and unconstitutional conduct;
5. For tort damages in an amount to be proven at the time of trial;
6. For punitive damages in an amount to be proven at the time of trial;
7. For costs of suit incurred herein and for costs of suit and attorneys' fees, and including expert witness fees and costs, as allowable by law;
8. For emergency writ and/or injunctive relief from Defendants FBI, DOJ, United States, and California of seizing, halting all fraudulent operations, and shutting down the original domain and IP address of the FRAUDULENT WEBSITE created by Defendant J.C. Reddersen and hacked and sold by Defendant Gutierrez.
9. For emergency writ and/or injunctive relief from Defendants FBI, DOJ, United States, and California of seizing, halting, erasing, and deleting all fraudulent

imagery, and shutting down the Fraudulent Dropbox account created by Defendants Gutierrez and O'Brien;

10. For emergency writ and/or injunctive relief from Defendants FBI, DOJ, United States, and California of shutting down all four (4) cell phone applications, on both Apple and Google platforms, the Apple App Store and Google Play Store;

11. For emergency writ and/or injunctive relief from Defendants FBI, DOJ, United States, and California of shutting down all four (4) adult entertainment channels, on DirecTV, AT&T, and Telecom Doe Defendants' streaming platforms;

12. For injunction relief of the California Privacy Rights Act and the Right to be Forgotten by eliminating, deleting, and erasing all sexually explicit photographs, images, videos, and written publications of the Plaintiff, Jane Roe No. 1, and all of the PLAINTIFF's previous sexual relations and partners stored on the Internet, including but not limited to name searches on search engines, third-party websites, and/or other pornographic websites, who may be illegally storing and distributing the above referenced fraudulent publications;

13. For injunction relief of an emergency medical care/procedure and removal of the state-sponsored subcutaneous implanted identification and tracking device;

14. For writ and injunctive request and relief of a new social security number; and

15. For such other and further relief, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests that the present matter be set for jury trial.

Date: **November 12 , 2023**

Athena Reddersen, *In Pro Per*

Athena Reddersen
athenareddersen@proton.me
4301 Jamboree Road, Unit 249
Newport Beach, California, 92660
949-560-2765
*Plaintiff, In Pro Per*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ATHENA REDDERSEN, an individual, | Case No.: |
| Plaintiff, | Honorable: |
| vs. | **PROOF OF SERVICE** |
| THE UNITED STATES OF AMERICA; THE UNITED STATES DEPARTMENT OF JUSTICE; THE FEDERAL BUREAU OF INVESTIGATION; THE STATE OF CALIFORNIA; THE CALIFORNIA DEPARTMENT OF JUSTICE; APPLE INC., a California Corporation; GOOGLE, LLC, a Delaware Limited Liability Corporation; GOOGLE INTERNATIONAL, LLC, a Delaware Limited Liability Corporation; ALPHABET INC., A Delaware Corporation; DROPBOX, INC., a Delaware Corporation; THE DIRECTV GROUP, INC., a Delaware Corporation; DIRECTV INTERNATIONAL, INC., a Delaware Corporation; AT&T CORP., a | Complaint Filed: |

443

1  New York Corporation; AT&T
2  SERVICES, INC., a Delaware
   Corporation; JUAN CARLOS
3  REDDERSEN, an individual; MAYITH
4  DAYANA REDDERSEN, an individual;
5  ANTONIO MARCO GUTIERREZ, an
   individual; BRITTNEY O'BRIEN, an
6  individual; and DOES 1 TO 10, inclusive,
7
8       Defendants.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

Athena Reddersen v. United States of America, et al.        Case No. _____

## DECLARATION OF SERVICE

I declare that I am over the age of 18 years of age; I am employed in the County of Orange, California, and my address is 4301 Jamboree Rd., Unit 249, Newport Beach, CA 92660. On **November 22, 2023,** I served the foregoing document(s) described as follows:

**1. PLAINTIFF ATHENA REDDERSEN'S COMPLAINT FOR DAMAGES**

On all interested parties as stated on the attached **SERVICE LIST** as follows:

**[    ] BY MAIL:** By placing a true copy of the above-listed document(s) in a separate envelope addressed to each addressee, respectively, as indicated on the service list. I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.

**[    ] BY PERSONAL SERVICE:** I placed a true copy of the above-listed document(s) in a separate envelope addressed to each addressee, respectively, as indicated above and had such envelope personally delivered to the offices of the addressee.

**[    ] BY EMAIL:** By electronically sending a copy of the document(s) listed above from athenareddersen@proton.me to the parties' email addresses indicated on the service list. No electronic message or other indication that the electronic transmission was unsuccessful was received within a reasonable time after the transmission.

**[    ] BY OVERNIGHT DELIVERY:** By placing a true copy of the above-listed document(s) in a separate envelope addressed to each addressee. I placed the envelope for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

**[    ] BY CM/ECF:** I caused the above-listed document(s) to be served electronically, pursuant to the U.S. District Court's Electronic Case Filing Program to those parties who have registered to become an e-filer.

**[XX] (FEDERAL):** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **November 22, 2023** at Newport Beach, California.

_____
ATHENA REDDERSEN

445

**PROOF OF SERVICE**

Athena Reddersen v. United States of America, et al.
Case No. _____
Judge: Hon.

## SERVICE LIST

| | |
|---|---|
| The United States of America<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | **Attorney for Defendant,**<br>United States of America |
| United States Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | **Attorney for Defendant,**<br>U.S. Department of Justice |
| The Federal Bureau of Investigations<br>935 Pennsylvania Avenue, NW<br>Washington, D.C. 20535-0001 | **Attorney for Defendant,**<br>The Federal Bureau of Investigations |
| Office for the Attorney General<br>of California<br>1300 "I" Street<br>Sacramento, CA 95814 | **Attorney for Defendant,**<br>The State of California |
| Office for the Attorney General<br>of California<br>1300 "I" Street<br>Sacramento, CA 95814 | **Attorney for Defendant,**<br>C.A. Department of Justice |
| CT Corporation System,<br>330 North Brand Blvd., Ste. 700,<br>Glendale, California 91203<br>*Registered Agent for Service of Process* | **Attorney for Defendant,**<br>Apple Inc. |
| CSC LAWYERS<br>2710 Gateway Oaks Drive, Ste. 150N,<br>Sacramento, California 95833<br>*Registered Agent for Service of Process* | **Attorney for Defendant,**<br>Alphabet, Inc. |

446

| | |
|---|---|
| CSC LAWYERS<br>2710 Gateway Oaks Drive, Ste. 150N,<br>Sacramento, California 95833<br>*Registered Agent for Service of Process* | **Attorney for Defendant,**<br>Google LLC |
| CSC LAWYERS<br>2710 Gateway Oaks Drive, Ste. 150N,<br>Sacramento, California 95833<br>*Registered Agent for Service of Process* | **Attorney for Defendant,**<br>Google International LLC |
| CSC LAWYERS<br>2710 Gateway Oaks Drive, Ste. 150N,<br>Sacramento, California 95833<br>*Registered Agent for Service of Process* | **Attorney for Defendant,**<br>Dropbox Inc. |
| CT Corporation System,<br>330 North Brand Blvd., Ste. 700,<br>Glendale, California 91203<br>*Registered Agent for Service of Process* | **Attorney for Defendant,**<br>AT&T Corp. |
| CT Corporation System,<br>330 North Brand Blvd., Ste. 700,<br>Glendale, California 91203<br>*Registered Agent for Service of Process* | **Attorney for Defendant,**<br>AT&T Services, Inc. |
| CT Corporation System,<br>330 North Brand Blvd., Ste. 700,<br>Glendale, California 91203<br>*Registered Agent for Service of Process* | **Attorney for Defendant,**<br>The DIRECTV Group, Inc. |
| CT Corporation System,<br>330 North Brand Blvd., Ste. 700,<br>Glendale, California 91203<br>*Registered Agent for Service of Process* | **Attorney for Defendant,**<br>DIRECTV International, Inc. |
| Juan Carlos Reddersen<br>14534 Clydesdale Trl.,<br>San Antonio, Texas 78254 | **Attorney for Defendant,**<br>Juan Carlos Reddersen |

447

| Mayith "Dayana" Reddersen<br>14534 Clydesdale Trl.,<br>San Antonio, Texas 78254 | **Attorney for Defendant,**<br>Mayith Dayana Reddersen |
| Tony Gutierrez<br>1154 Sixth Street,<br>Redlands, California 92374 | **Attorney for Defendant,**<br>Antonio M. Gutierrez |
| Brittney O'Brien<br>1416 Kayann Pl.,<br>South El Monte, California 91733 | **Attorney for Defendant,**<br>Brittney O'Brien |

448



**FedEx Billing Online**

## Tracking ID Details Back

### Tracking ID Summary                                                    Help Hide

#### Billing Information                          #### Messages

| | | | | Distance Based Pricing, Zone 8 |
| Tracking ID no. | <Prev 772142439432 ∨ Next> | | | Fuel Surcharge - FedEx has applied a fuel surcharg Read More... |
| Invoice no. | 5-744-76881 |
| Account no. | 2018-1296-3 |
| Bill date | 05/15/2023 |
| Total Billed | $52.89 |
| **Tracking ID Balance due** | **$0.00** |
| Status | Paid CC |

View Invoice History
View signature proof of delivery

### Transaction Details                                                    Help Hide

#### Sender Information                          #### Recipient Information

Athena Reddersen                                United States of America
4301 JAMBOREE RD                                United States Department of Justice
249                                             950 Pennsylvania Avenue, NW
NEWPORT BEACH CA 92660                          WASHINGTON DC 20530
US                                              US

#### Shipment Details                           #### Charges

| Ship date | 05/15/2023 | | Transportation Charge | 55.79 |
| Tendered date | 05/15/2023 | | Discount | -16.74 |
| Payment type | Shipper | | Fuel Surcharge | 6.19 |
| Service type | FedEx Standard Overnight | | Adult Signature | 7.65 |
| Zone | 08 | | **Total charges** | **$52.89** |
| Package type | FedEx Envelope |
| Rated weight | 1.00lbs |
| Pieces | 1 |
| Rated method | 1 |
| Meter No. | 257979305 |
| Declared value | |

#### Original Reference

| Customer reference no. | USA - FTCA |
| Department no. | |
| Reference #2 | |
| Reference #3 | **DEFENDANT UNITED STATES OF AMERICA - FTCA - 05/15/2023** |

#### Proof of Delivery

| Delivery date | 2023-05-16T09:24:0009:24 |
| Service area code | A2 |
| Signed by | A.OWENS |

View signature proof of delivery

Back



**FedEx Billing Online**

## Tracking ID Details                                                            Back

### Tracking ID Summary                                                       Help Hide

**Billing Information**

| | | | **Messages** |
|---|---|---|---|
| Tracking ID no. | <Prev 772142604547 ∨ Next▷ | | 1st attempt May 16, 2023 at 08:33 AM. |
| Invoice no. | | 5-744-76881 | Fuel Surcharge - FedEx has applied a fuel surcharg Read More.. |
| Account no. | | 2018-1296-3 | Distance Based Pricing. Zone 8 |
| Bill date | | 05/15/2023 | |
| Total Billed | | $52.89 | |
| **Tracking ID Balance due** | | **$0.00** | |
| Status | | Paid CC | |

View Invoice History
View signature proof of delivery

---

### Transaction Details                                                       Help Hide

**Sender Information**                          **Recipient Information**

Athena Reddersen                                United States Department of Justice
4301 JAMBOREE RD                                950 Pennsylvania Avenue, NW
249                                             WASHINGTON DC 20530
NEWPORT BEACH CA 92660                          US
US

**Shipment Details**                            **Charges**

| Ship date | 05/15/2023 | | Transportation Charge | 55.79 |
|---|---|---|---|---|
| Tendered date | 05/15/2023 | | Discount | -16.74 |
| Payment type | Shipper | | Fuel Surcharge | 6.19 |
| Service type | FedEx Standard Overnight | | Adult Signature | 7.65 |
| Zone | 08 | | **Total charges** | **$52.89** |
| Package type | FedEx Envelope | | | |
| Rated weight | 1.00lbs | | | |
| Pieces | 1 | | | |
| Rated method | 1 | | | |
| Meter No. | 257979305 | | | |
| Declared value | | | | |

**Original Reference**

| Customer reference no. | US DOJ - FTCA |
|---|---|
| Department no. | |
| Reference #2 | |
| Reference #3 | **DEFENDANT UNITED STATES DEPARTMENT OF JUSTICE - FTCA - 05/15/2023** |

**Proof of Delivery**

| Delivery date | 2023-05-16T09:24:0009:24 |
|---|---|
| Service area code | A2 |
| Signed by | A OWENS |

View signature proof of delivery

Back



**FedEx Billing Online**

## Tracking ID Details                                                                     Back

### Tracking ID Summary                                                         Help Hide

**Billing Information**

| | | **Messages** |
|---|---|---|
| Tracking ID no. | <Prev 772142839889 ∨ Next> | Fuel Surcharge - FedEx has applied a fuel surcharg Read More. |
| Invoice no. | 5-744-76881 | Distance Based Pricing, Zone 2 |
| Account no. | 2018-1296-3 | |
| Bill date | 05/15/2023 | |
| Total Billed | $32.08 | |
| **Tracking ID Balance due** | **$0.00** | |
| Status | Paid CC | |

View Invoice History
View signature proof of delivery

## Transaction Details                                                                     Help Hide

**Sender Information**

Athena Reddersen
4301 JAMBOREE RD
249
NEWPORT BEACH CA 92660
US

**Recipient Information**

Southern District of California
Department of Justice
Federal Office Building
880 Front Street, Room 6293
SAN DIEGO CA 92101
US

**Shipment Details**

| | | **Charges** | |
|---|---|---|---|
| Ship date | 05/15/2023 | Transportation Charge | 29.54 |
| Tendered date | 05/15/2023 | Adult Signature | 7.65 |
| Payment type | Shipper | Fuel Surcharge | 3.75 |
| Service type | FedEx Standard Overnight | Discount | -8.86 |
| Zone | 02 | **Total charges** | **$32.08** |
| Package type | FedEx Envelope | | |
| Rated weight | 1.00lbs | | |
| Pieces | 1 | | |
| Rated method | 1 | | |
| Meter No. | 257979305 | | |
| Declared value | | | |

**Original Reference**

| Customer reference no. | NO REFERENCE INFORMATION |
|---|---|
| Department no. | |
| Reference #2 | |
| Reference #3 | **DEFENDANT UNITED STATES DEPARTMENT OF JUSTICE - CA DIVISION - FTCA - 05/15/2023** |

**Proof of Delivery**

| Delivery date | 2023-05-16T13:08:0013:08 |
|---|---|
| Service area code | A1 |
| Signed by | H.SMITH |

View signature proof of delivery

Back



**FedEx Billing Online**

## Tracking ID Details Back

### Tracking ID Summary                                                      Help Hide

**Billing Information**

| | | | | | **Messages** |
|---|---|---|---|---|---|
| Tracking ID no. | <Prev | 772142737140 | ∨ | Next> | Distance Based Pricing, Zone 8 |
| Invoice no. | | | 5-744-76881 | | Fuel Surcharge - FedEx has applied a fuel surcharg Read More |
| Account no. | | | 2018-1296-3 | | |
| Bill date | | | 05/15/2023 | | |
| Total Billed | | | $52.89 | | |
| **Tracking ID Balance due** | | | **$0.00** | | |
| Status | | | Paid CC | | |

View Invoice History
View signature proof of delivery

## Transaction Details                                                       Help Hide

**Sender Information**                          **Recipient Information**

Athena Reddersen                                The Federal Bureau of Investigation
4301 JAMBOREE RD                                935 Pennsylvania Avenue, NW
249                                             WASHINGTON DC 20535
NEWPORT BEACH CA 92660                          US
US

**Shipment Details**                            **Charges**

| | | | | |
|---|---|---|---|---|
| Ship date | 05/15/2023 | Transportation Charge | | 55.79 |
| Tendered date | 05/15/2023 | Fuel Surcharge | | 6.19 |
| Payment type | Shipper | Discount | | -16.74 |
| Service type | FedEx Standard Overnight | Adult Signature | | 7.65 |
| Zone | 08 | **Total charges** | | **$52.89** |
| Package type | FedEx Envelope | | | |
| Rated weight | 1.00lbs | | | |
| Pieces | 1 | | | |
| Rated method | 1 | | | |
| Meter No. | 257979305 | | | |
| Declared value | | | | |

**Original Reference**

| | |
|---|---|
| Customer reference no. | FBI - FTCA |
| Department no. | |
| Reference #2 | |
| Reference #3 | **DEFENDANT FEDERAL BUREAU OF INVESTIGATIONS - FTCA - 05/15/2023** |

**Proof of Delivery**

| | |
|---|---|
| Delivery date | 2023-05-16T09:35:0009:35 |
| Service area code | A2 |
| Signed by | M.ROSS |

View signature proof of delivery

Back



**FedEx Billing Online**

## Tracking ID Details                                                   Back

### Tracking ID Summary                                               Help Hide

| Billing Information | | | Messages |
|---|---|---|---|
| Tracking ID no. | <Prev 772143060032 ∨ Next> | | Fuel Surcharge - FedEx has applied a fuel surcharg Read More. |
| Invoice no. | 5-744-76881 | | Distance Based Pricing, Zone 4 |
| Account no. | 2018-1296-3 | | |
| Bill date | 05/15/2023 | | |
| Total Billed | $43.88 | | |
| **Tracking ID Balance due** | **$0.00** | | |
| Status | Paid CC | | |

View Invoice History
View signature proof of delivery

## Transaction Details                                               Help Hide

### Sender Information

Athena Reddersen

4301 JAMBOREE RD

249

NEWPORT BEACH CA 92660

US

### Recipient Information

Office of Risk and Insurance Manage
Government Claims Program
707 3rd Street, 1st Floor

WEST SACRAMENTO CA 95605

US

### Shipment Details

| | |
|---|---|
| Ship date | 05/15/2023 |
| Tendered date | 05/15/2023 |
| Payment type | Shipper |
| Service type | FedEx Standard Overnight |
| Zone | 04 |
| Package type | FedEx Envelope |
| Rated weight | 0.50lbs |
| Pieces | 1 |
| Rated method | 1 |
| Meter No. | 257979305 |
| Declared value | |

### Charges

| | |
|---|---|
| Transportation Charge | 44.43 |
| Discount | -13.33 |
| Fuel Surcharge | 5.13 |
| Adult Signature | 7.65 |
| **Total charges** | **$43.88** |

### Original Reference

| | |
|---|---|
| Customer reference no. | CTCA - State of California |
| Department no. | |
| Reference #2 | |
| Reference #3 | **DEFENDANT STATE OF CALIFORNIA - CTCA - 05/15/2023** |

### Proof of Delivery

| | |
|---|---|
| Delivery date | 2023-05-16T09:34:0009:34 |
| Service area code | A1 |
| Signed by | D.POWELL |

View signature proof of delivery

Back



**FedEx Billing Online**

## Tracking ID Details Back

### Tracking ID Summary Help Hide

**Billing Information**

| | |
|---|---|
| Tracking ID no. | <Prev 772142967789 ∨ Next> |
| Invoice no. | 5-744-76881 |
| Account no. | 2018-1296-3 |
| Bill date | 05/15/2023 |
| Total Billed | $43.88 |
| **Tracking ID Balance due** | **$0.00** |
| Status | Paid CC |

View Invoice History
View signature proof of delivery

**Messages**

Fuel Surcharge - FedEx has applied a fuel surcharg Read More..
Distance Based Pricing, Zone 4

### Transaction Details Help Hide

**Sender Information**

Athena Reddersen

4301 JAMBOREE RD
249
NEWPORT BEACH CA 92660
US

**Recipient Information**

Office of Risk and Insurance Manage
Government Claims Program
707 3rd Street, 1st Floor
WEST SACRAMENTO CA 95605
US

**Shipment Details**

| | |
|---|---|
| Ship date | 05/15/2023 |
| Tendered date | 05/15/2023 |
| Payment type | Shipper |
| Service type | FedEx Standard Overnight |
| Zone | 04 |
| Package type | FedEx Envelope |
| Rated weight | 1.00lbs |
| Pieces | 1 |
| Rated method | 1 |
| Meter No. | 257979305 |
| Declared value | |

**Charges**

| | |
|---|---|
| Transportation Charge | 44.43 |
| Discount | -13.33 |
| Adult Signature | 7.65 |
| Fuel Surcharge | 5.13 |
| **Total charges** | **$43.88** |

**Original Reference**

| | |
|---|---|
| Customer reference no. | NO REFERENCE INFORMATION |
| Department no. | |
| Reference #2 | |
| Reference #3 | **DEFENDANT CALIFORNIA DEPARTMENT OF JUSTICE - CTCA - 05/15/2023** |

**Proof of Delivery**

| | |
|---|---|
| Delivery date | 2023-05-16T09:34:0009:34 |
| Service area code | A1 |
| Signed by | D.POWELL |

View signature proof of delivery