MICHAEL M. BARANOV - Bar No. 145137
BARANOV & WITTENBERG, LLP
1901 Avenue of the Stars, Suite 1750
Los Angeles, California 90067
Tel: (310) 229-3500
E-mail: mbaranov@mbgwlaw.com

Attorneys for Defendants, JUAN CARLOS REDDERSEN and MAYITH DAYANA REDDERSEN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ATHENA REDDERSEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA; THE UNITED STATES DEPARTMENT OF JUSTICE; THE FEDERAL BUREAU OF INVESTIGATION; THE STATE OF CALIFORNIA; THE CALIFORNIA DEPARTMENT OF JUSTICE; APPLE INC., a California Corporation; GOOGLE, LLC, a Delaware Limited Liability Corporation; GOOGLE INTERNATIONAL, LLC, a Delaware Limited Liability Corporation; ALPHABET INC., A Delaware Corporation; DROPBOX, INC., a Delaware Corporation; THE DIRECTV GROUP, INC., a Delaware Corporation; DIRECTV INTERNATIONAL, INC., a Delaware Corporation; AT&T CORP., a New York Corporation; AT&T SERVICES, INC., a Delaware Corporation; JUAN CARLOS REDDERSEN, an individual; MAYITH DAYANA REDDERSEN, an individual; ANTONIO MARCO GUTIERREZ, an individual; BRITTNEY O'BRIEN, an individual; and DOES 1 TO 10, inclusive,<br><br>Defendants. | Case No. 8:23-cv-02198-DOC-ADS<br><br>The Hon. David O. Carter<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANTS JUAN CARLOS REDDERSEN AND MAYITH DAYANA REDDERSEN TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CAUSE OF ACTION PURSUANT TO FRCP RULES 12(b)2 AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF JUAN CARLOS REDDERSEN, MAYITH DAYANA REDDERSEN AND MICHAEL M. BARANOV IN SUPPORT THEREOF**<br><br>Date:       March 25, 2024<br>Time:       8:30 a.m.<br>Courtroom:  10A |

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 25, 2024, at 8:30 a.m. in Courtroom 10A of the above-entitled court, located at 411 West Fourth Street, Santa Ana, CA, 92701, Defendants JUAN CARLOS REDDERSEN and MAYITH DAYANA REDDERSEN (collectively, "Defendants") will and hereby do move the court, pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing this action for lack of personal jurisdiction and for failure to state a cause of action against them.

This motion is made on the grounds that Defendants, residents of the State of Texas, do not have any contacts with the State of California required to establish jurisdiction over them, and that the complaint and every cause of action alleged therein fails to state a cause of action against the Defendants because it is time barred on its face.

This motion is based upon the accompanying Memorandum of Points and Authorities, Declarations of Juan Carlos Reddersen, Mayith Dayana Reddersen and Michael M. Baranov attached hereto, on all papers and pleadings on file with the court, and on all other evidence, oral and documentary, that may be presented at the hearing of this motion.

This motion is made after conference of counsel and plaintiff in pro per pursuant to Local Rule 7-3 which took place on January 30, 2024.

DATED: February 26, 2024     BARANOV & WITTENBERG, LLP

By: /S/ Michael M. Baranov
    MICHAEL M. BARANOV
    Attorneys for Defendants, JUAN
    CARLOS REDDERSEN and MAYITH
    DAYANA REDDERSEN

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Plaintiff's complaint, while being an interesting piece of science fiction, falls short of constituting a legally sufficient pleading. In her rambling, voluminous complaint plaintiff alleges that in 1996, when she was 8-year-old, she was kidnapped by her father, defendant Juan Carlos Reddersen and taken to Disneyworld in Florida. There, she was subjected to non-consensual medical experimentation, including a procedure where an unidentified surgeon implanted a State-Sponsored Solar Powered Tracking Device in her brain, designed by her father. (Complaint, ¶¶39-43.). Thereafter, defendant Juan Carlos Reddersen and his wife, Mayith Dayana Reddersen, used the device to monitor plaintiff's every move and to broadcast it over a "fraudulent website", which they hacked in 2012. (Complaint, ¶61.) This "fraudulent website"

> "operates twenty-four hours a day and seven days a week (24/7) and is being stored on a state-sponsored network cloud/server, in correspondence with the State-Sponsored Solar Powered Tracking Device and state-sponsored software, the PLAINTIFF'S life was, and continues to be, put on public display via the Internet and the publicly accessible FRAUDULENT WEBSITE, further compromising PLAINTIFF and her Constitutional right to privacy and in an extreme, unprecedented, and authoritative fashion. More specifically, not only does the general public have access to PLAINTIFF'S past, and childhood, adolescence, and adult development via the cloud-based "calendar archive" of PLAINTIFF'S private daily life events, stored on a state-sponsored network/cloud server, but additionally, the public has access to monitor, surveil, spy and stalk PLAINTIFF in a real-time present-day broadcast on the Internet by and through the FRAUDULENT WEBSITE originally pirated, manipulated, and developed by DEFENDANT J.C. REDDERSEN." (Complaint, ¶61.)

All of the complaint's causes of action are predicated on these far-fetched allegations.

Even if assumed as true for the purposes of a Rule 12(b) motion, the complaint demonstrates two fatal flaws. First, none of the moving defendants are residents of California. As alleged in the complaint, they are residents of Texas. (Complaint, ¶¶16, 17.) Moving defendants are clear in their declarations that they have no contacts with the State of California whatsoever. Thus, this court has no jurisdiction over them. But even if it did, all of the causes of action are time-barred, since plaintiff admits that the supposedly wrongful acts took place in 1996 and 2012.

In any event, the supposed facts cannot reasonably be construed as true. The court can take judicial notice of the fact that the technology plaintiff alleges was surreptitiously implanted inside her brain 28 years ago in order to monitor her every thought and move via the internet, did not exist then and does not exist now. Thus, the complaint does not allege any identifiable justiciable controversy. Consequently, the moving defendants submit the instant motion to dismiss.

### 2. THIS COURT DOES NOT HAVE JURISDICTION OVER THE MOVING DEFENDANTS

Rule 12(b)(2) of the Federal Rules of Civil Procedure allows defendants, by motion, to ask the court to dismiss the case against them for lack of personal jurisdiction. Plaintiff bears the burden of establishing that personal jurisdiction exists. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002)(citation omitted). In determining whether Plaintiff has made a prima facie showing, the Court is bound by the following principles: (1) uncontroverted allegations in Plaintiff's Complaint are taken as true; (2) conflicts between the facts contained in the parties' affidavits must be resolved in Plaintiff's favor; and (3) all evidentiary materials are construed in the light most favorable to Plaintiff. *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2002).

The Court's exercise of personal jurisdiction over a nonresident must comport both with California's long-arm statute and with federal constitutional requirements of due process. *Chan v. Soc'y Expeditions*, 39 F.3d 1398, 1404-05 (9th Cir. 1994). California's "long-arm statute" is in Code of Civil Procedure Section 410.10 which states that "A Court of this state may exercise jurisdiction not inconsistent with the Constitution of this state or the United States." Thus, the jurisdictional inquiry collapses into a single analysis of due process. *Id.* Absent traditional bases for personal jurisdiction (physical presence, domicile or consent), due process requirements are satisfied when the defendant has "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d (1984)(quotations omitted) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95

(1945)).  Personal jurisdiction may be general or specific.  *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)(citations omitted).

General jurisdiction over a nonresident defendant exists when the defendant's activities in the state are "so substantial and continuous that justice allows the exercise of jurisdiction even for claims not arising from the defendant's contacts with the state." *Raymond v. Robinson*, 104 Wash. App. 627, 633, 15 P.3d 697, 699 (Div. 2, 2001); *Helicopteros Nacionales*, 466 U.S. at 414-16, 104 S.Ct. at 1872.  On the other hand, specific jurisdiction requires a showing that the Defendant purposely established significant contacts with California, and that the cause of action arises out of or is related to those contacts.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-73, 105 S.Ct. 2174, 2181-83, 85 L.Ed.2d 528 (1985).

Neither general nor specific jurisdiction exists over the moving defendants.  They have not engaged in any substantial and continuous activities in the California.  The opposite is true. Neither of them has any contacts with California. Both of them reside in San Antonio, Texas, where they are employed.  They do not own any assets in California.  They do not transact any business in California.  They never agreed to California jurisdiction.

In addition, defendant bears the burden of demonstrating unreasonableness and must put on a "compelling case." *Roth v. Garcia Marquez*, 942 F.2d 617, 625 (9th Cir. 1991); *Burger King*, 471 U.S. at 477, 105 S.Ct. at 2185.  Here, it would be utterly unreasonable to maintain this suit against moving defendants.  Neither of them is present in the state.  Neither has any contacts whatsoever with the state.  Both are employed in Texas and would be greatly burdened and threated with financial ruin if the suit against them in California is to proceed.

Thus, it is respectfully requested that defendants' motion pursuant to Rule 12(b)(2) be granted.

### 3. <u>PLAINTIFF'S COMPLAINT FAILS TO ALLEGE ANY CREDIBLE FACTS TO SUPPORT ANY JUSTICIABLE CLAIM FOR RELIEF</u>

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).  For a 12(b)(6) motion, "all well-pleaded

allegations of material fact [are accepted as true] and construe[d] in the light most favorable to the non-moving party." *Padilla v. Yoo,* 678 F.3d 748, 757 (9th Cir. 2012).  "[C]onclusory allegations of law and unwarranted inferences " are insufficient.  *Associated Gen'l Contractors v. Metro. Water Dist.,* 159 F.3d 1178, 1181 (9th Cir. 1998).  A complaint must state "evidentiary facts which, if true, will prove [the claim]," *Kendall v. Visa USA, Inc.,* 518 F.3d 1042, 1047 (9th Cir. 2008), otherwise it will be dismissed.  *See Watson v. Weeks,* 436 F.3d 1152, 1157 (9th Cir. 2006).  In *Conley v. Gibson*, 355 U.S. 41 (1957), the Supreme Court stated that the 12(b)(6) motion must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-6.

Plaintiff has failed to allege any such facts.  All of her claims are predicated on the allegation that defendants have engaged in non-consensual human medical experimentation on her when they used an unidentified surgeon to implant a State-Sponsored Solar Powered Tracking Device in her brain, designed by her father in 1996.  (Complaint, ¶¶39-43.).  Thereafter, defendant Juan Carlos Reddersen and his wife, Mayith Dayana Reddersen, used the device to monitor plaintiff's every move and to broadcast it over a "fraudulent website", which they hacked in 2012. (Complaint, ¶61.).  These allegations are too far-fetched to be considered as "evidentiary facts." The device that plaintiff states her father implanted in her brain to track her and monitor her every move is not known to exist.  It is not even capable of being created now, given the present state of neurological knowledge.  Yet, plaintiff claims that this futuristic machine was implanted in her in 1996, twenty-eight years ago, and eleven years before the first generation of iPhone was released. *See* Wikipedia, iPhone (1st generation).  These allegations are too far-fetched to state a viable claim.  Thus, plaintiff's claims fail.

Moreover, the concept of non-consensual human medical experimentation of which plaintiff accuses defendants was substantially addressed only once, in *Abdullahi v. Pfizer, Inc.,* 562 F.3rdf 163, 174 (2d  Cir. 2009).  That decision does not advance any parameters for determining what constitutes human medical experimentation – i.e., it does not articulate a "judicially manageable" standard to state a justiciable claim.  Similarly non-existent is a "widespread consensus regarding the elements of cruel, inhuman and degrading treatment" – such that a

REDDERSEN DEFENDANTS' MOTION TO DISMISS    6
PURSUANT TO FRCP RULES 12(b)(2) and 12(b)(6)

judicially manageable standard can be crafted and applied. *Bowoto v. Chevron Corp.,* 557 F. Supp. 2d 1080, 1093 (N.D. Cal. 2008); *Forti v. Suarez-Mason*, 564 F. Supp. 707, 711-12 (N.D. Cal. 1988)(holding cruel, inhuman, and degrading treatment cannot be sufficiently defined to support an ATS claim). The absence of judicially manageable standards further warrants dismissal.

### 4. THE COMPLAINT AND EVERY CAUSE OF ACTION THEREIN ARE TIME-BARRED

The complaint is missing pages 91 through 224, which likely contain the first through eleventh claims for relief. They are likely to be for various constitutional wrongs, based upon the summary on the caption. The claims which are present in the filing and which appear to be directed at the moving defendants are as follows:

12) Violation Of Fosta-Sesta Act;
13) Violation Of The Save Act Of 2015;
14) Violation Of The Lanham Act, 15 U.S.C. § 1114;
15) Violation Of The Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(D);
16) Violation Of Computer Fraud And Abuse Act, 18 U.S.C. § 1030;
17) 15 U.S.C. § 8131;
18) Violation Of Cal. Civ. Code §52.7;
19) Violation Of Cal. Health & Saf. Code § 24176;
20) Violation Of California Constitution —Inalienable Rights;
21) Violation Of Cal. Civ. Code §1708.8;
22) Violation Of Cal. Civ. Code §52.5;
23) Sexual Harrasment, Cal. Civ. Code § 51.9;
24) Violation Of Ralph Civil Rights Act Of 1976;
25) Violation Of Tom Bane Civil Rights Act;
26) Violation Of Cal. Penal Code § 502;
29) Common Law Trademark Infringement;
30) Common Law Conversion;
31) Disparagement-Trade Libel;
32) Fraud —Concealment (Count 1);
33) Fraud —Concealment (Count 2);
34) Fraud —Intentional Misrepresentation (Count 3);
36) Conspiracy And Intentional Misrepresentation (Count 5);
37) Aiding And Abetting (Count 1);
43) Breach Of Contract;
44) Aggravated Assault & Battery (Count 1);
45) Aggravated Assault (Count 2);
46) False Imprisonment - Human Trafficking;

      47) Trespass To Chattel;
      48) Stalking;
      49) Invasion Of Privacy - Intrusion; Misappropriation;
          Public Disclosure Of Private Facts; False Light; And California Constitutional Right To Privacy;
      50) Defamation -Libel And Slander (Count 1);
      52) Intentional Infliction Of Emotional Distress;
      53) Public Nuisance;
      54) Strict Liability -Abnormally Dangerous Activities

      All of the above claims are time-barred. It is clear from plaintiff's complaint that she returned home from Disneyland in 1996 with the supposed implanted device, so that defendants could monitor her and her mother. (Complaint, ¶46.) California Civil Code §52.5(c) requires a civil action for human trafficking to be commenced with seven years of the date that the trafficking victim was freed or, if the victim was a minor when the trafficking occurred, within ten years after the victim attains the age of majority. Based on plaintiff's complaint, she was born in 1988, Thus, she attained the age of majority in 2006 and had until 2016 to bring her sex trafficking claims. Thus, the 12th through 13th, 17th through 22nd, 25th and 26th causes of action are time barred. The tort claims are subject to the two-year statute and are long stale. CCP §338. Breach of contract is subject to a four-year statute, which expired in 2000. CCP §337. Damage to personal property and chattel claims are barred by the three-year deadline of CCP §338. Under California law, The statute provides that the suit must be filed "within four years after the cause of action accrued." (Cal. Bus. & Prof. Code 17208).

      Therefore, each and every claim against the moving defendants is clearly barred on the face of the complaint. No amount of amendment can cure this fatal flaw. It is respectfully requested that plaintiff's complaint and every cause of action contained therein be dismissed as to the moving defendants.

    / / /

    / / /

    / / /

**5. CONCLUSION**

Plaintiff is unable to establish this Court's jurisdiction over this case and has failed to advance any realistic claim upon which relief can be granted. Therefore, defendants' motion to dismiss should be granted and plaintiff's complaint dismissed.

DATED: February 26, 2024　　　　　　　　BARANOV & WITTENBERG, LLP

　　　　　　　　　　　　　　　　　　　　By:　/S/ Michael M. Baranov
　　　　　　　　　　　　　　　　　　　　　　MICHAEL M. BARANOV
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants, JUAN CARLOS
　　　　　　　　　　　　　　　　　　　　　　REDDERSEN and MAYITH DAYANA
　　　　　　　　　　　　　　　　　　　　　　REDDERSEN

# DECLARATION OF JUAN CARLOS REDDERSEN

I, JUAN CARLOS REDDERSEN, declare as follows:

1. I am an adult over 18 years of age and am the named defendant in this action. I have personal knowledge of all the matters set forth herein and, if called upon, could and would testify competently thereto.

2. I reside at 14534 Clydesdale Trail, in the city of San Antonio, county of Bexar, State of Texas. I am a resident of the State of Texas. I have not been a resident of California since 1989.

3. I do not maintain a residence in the State of California. I do not own any real estate or any business or any other asset or property in the State of California. I left the State of California in 1989 and have had no contacts with the state since then.

4. I am employed in the State of Texas. I am not employed in the State of California. I do not conduct any business of any kind in the State of California.

5. I have never agreed to avail myself of jurisdiction of any court in the State of California since I do not have any contacts with the State.

6. It would be unduly burdensome for me to litigate in Orange County, State of California since I am a resident San Antonio, Texas. I am employed in San Antonio and it would be costly and disruptive for me to take time off work to travel to and participate in any judicial proceeding in Orange County, State of California. I believe that my absence from work would jeopardize my employment and my livelihood.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 26th day of February 2024 at San Antonio, Texas.

/S/ Juan Carlos Reddersen

### **DECLARATION OF MAYITH DAYANA REDDERSEN**

I, MAYITH DAYANA REDDERSEN, declare as follows:

1. I am an adult over 18 years of age and am the named defendant in this action. I have personal knowledge of all the matters set forth herein and, if called upon, could and would testify competently thereto.

2. I reside at 14534 Clydesdale Trl., in the city of San Antonio, county of Bexar, State of Texas. I am a resident of the State of Texas. I have never been a resident of California.

3. I do not maintain a residence in the State of California. I do not own any real estate or any business or any other asset or property in the State of California. I do not and never had any contacts with the State of California.

4. I am employed in the State of Texas. I am not employed in the State of California. I do not conduct any business of any kind in the State of California.

5. I have never agreed to avail myself of jurisdiction of any court in the State of California since I do not have any contacts with the State.

6. It would be unduly burdensome for me to litigate in Orange County, State of California since I am a resident San Antonio, Texas. I am employed in San Antonio and it would be costly and disruptive for me to take time off work to travel to and participate in any judicial proceeding in Orange County, State of California. I believe that my absence from work would jeopardize my employment and my livelihood.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 26th day of February 2024 at San Antonio, Texas.

/S/ Mayith Dayana Reddersen

# DECLARATION OF MICHAEL M. BARANOV

**[Local Rule 7-3]**

I, MICHAEL M. BARANOV, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court. I am a principal of the firm of Baranov & Wittenberg, LLP, attorneys for the defendants herein Juan Carlos Reddersen and Mayith Dayana Reddersen. I have personal knowledge of all the facts set forth herein and, if called upon, could and would testify competently thereto.

2. On January 30, 2024, I met and conferred telephonically with plaintiff Athena Reddersen, pursuant to Local Rule 7-3, to discuss the basis of the instant motion. After discussing the grounds for the motion, plaintiff advised that she intended to oppose the motion. Attached hereto as Exhibit "A" is a true and correct copy of an e-mail from me to plaintiff, dated January 30, 2024, confirming our meeting.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 26th day of February 2024, at Los Angeles, California.

                                                                                                        /S/ Michael M. Baranov.

# EXHIBIT "A"

**From:** Michael Baranov mbaranov@mbgwlaw.com  
**Subject:** Reddersen v. USA  
**Date:** January 30, 2024 at 6:31 PM  
**To:** Athena Reddersen athenareddersen@proton.me



Dear Ms. Reddersen,
This is to confirm that we met and confirmed today at 1 p.m. regarding the Reddersen defendants' proposed motion to dismiss your complaint pursuant to Rules 12(b)(2) and 12(b)(6).
As I advised, the basis of the motion is that the court lacks jurisdiction over the defendants because they do not have minimum contacts with the State of California and that the causes of action in your complaint are time barred.
You informed me that you intended to oppose the motions.
I will file and serve them prior to February 29, 2024 cut-off for the Reddersen defendants to respond to your complaint.
Best regards,
Michael

MICHAEL M. BARANOV, ESQ
Baranov & Wittenberg, LLP
1901 Avenue of the Stars, Suite 1750
Los Angeles, California 90067

Tel:  310.229.3500
Fax:  310.229.3501

www.mbgwlaw.com

*************************************************************************************************

NOTICE TO RECIPIENT:  This e-mail is meant for only the intended recipient of this transmission, and may be a communication privileged by law.  If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited.  Please notify us immediately of the error by return e-mail and please delete this message from your system.  Thank you in advance for your cooperation.

<div style="text-align:center">**PROOF OF SERVICE**</div>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 1901 Avenue of the Stars, Suite 1750, Los Angeles, California 90067.

     On February 26, 2024, I served the foregoing **NOTICE OF MOTION AND MOTION BY DEFENDANTS JUAN CARLOS REDDERSEN AND MAYITH DAYANA REDDERSEN TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CAUSE OF ACTION PURSUANT TO FRCP RULES 12(b)(2) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF JUAN CARLOS REDDERSEN, MAYITH DAYANA REDDERSEN AND MICHAEL M. BARANOV IN SUPPORT THEREOF** on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, addressed as follows:

    Athena Reddersen
    4301 Jamboree Road, Unit 249
    Newport Beach, California, 92660

    E-service: athenareddersen@proton.me

____ BY MAIL: As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Serviced on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

__X__ BY E-MAIL: Based on a court order or agreement of the parties to accept service by e-mail or electronic transmission, I caused a true and correct copy of said document to be transmitted via electronic mail from the e-mail address of mbaranov@mbgwlaw.com to the e-mail addresses of the persons on the attached service list and then placed it for deposit in the U.S. Mail with postage thereon fully prepaid. The transmission was reported as complete and without error. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

__X__ FEDERAL: I declare that I am employed in the office off a member of the bar of this court at whose direction the service was made

    Executed this 26th day of February 2024, at Los Angeles, California.

                                 _____
                                 Michael M. Baranov